UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

05-10350

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
    **Plaintiffs** )
v. )
     )
CHARLES A. PERKINS, JR., GARY M. DADDARIO, and )
PERKINS & ANCTIL, PC )
    **Defendants** )
     )

## INTRODUCTION

**Plaintiffs allege:**

1. This Complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. to recover statutory damages, fees and costs by reason of the Defendants' violation of the Act. This Complaint also alleges breach of good faith and fair dealing.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. 1692k(d).

## PARTIES

3. The Plaintiffs, Diane Scott-Jones and John E. Jones, Jr., own and reside at 392 Boylston St., Newton, MA, which is one unit of a two-unit residential condominium, 392-394 Boylston Commons Condominium. They are natural persons allegedly

obligated to pay a debt and thus are consumers within the meaning of 15 U.S.C. section 1692a(3).

4. The Defendants, Charles A. Perkins, Jr., Gary M. Daddario, and Perkins & Anctil PC are lawyers and a law firm doing business at 73 Princeton Street, Suite 306, North Chelmsford, MA 01863-1558. The Defendants act as debt collectors and use the mails in their business. Thus, they are debt collectors as defined in 15 U.S.C. section 1692a(6).

## COUNT

5. The Defendants included the Fair Debt Collection Practices Act notice in their initial letter, dated December 15, 2004, concerning an alleged debt assigned to the Defendants by Sheryl A. Sarkis, who was acting as Receiver for 392-394 Boylston Commons Condominium. In a subsequent letter, dated January 4, 2005, the Plaintiffs claimed that "As payment of condominium assessments is not 'consumer debt,' the FDCPA is not applicable to this case". All letters, however, continued to include the FDCPA notice. Thus, the Defendants made false and misleading statements regarding the Plaintiffs' rights.

6. After the Defendants' initial December 15, 2004, letter, they continued to send letters dated December 28, 2004, January 4, 2005, and January 11, 2005.

7. The Defendants' initial December 15, 2004, letter claimed the Plaintiffs' had 14 days from the date of the letter to pay whereas 15 U.S.C. section 1692g(a)(3) allows thirty days after receipt of the letter for the consumer to dispute the validity of the debt.

8. The Defendants failed to provide verification of the debt, as required in 15 U.S.C.g. The Plaintiffs disputed the debt in their initial reply, dated December 22, 2004. The

Defendants' ensuing December 28, 2004, letter did not provide any verification and stated that "your letter shall not impact the collection process or the timing thereof".

9. The Plaintiffs again requested verification in their December 31, 2004, letter. The Defendants again refused to provide verification and replied in their January 4, 2005, letter, "an explanation has been provided to the extent possible at this time". The Defendants' January 4, 2005, letter further claimed that "You are free to review details regarding the same with your association and /or Sheryl Sarkis when your balance is paid and your file with this office is closed."

10. The Plaintiffs asked again in their January 7, 2005, for verification of the debt. In a letter dated January 11, 2005, which the Plaintiffs received on January 21, 2005, the Defendants provided a copy of an invoice, dated August 30, 2004, which was not a copy of any invoice the Plaintiffs had ever received.

11. The Defendants' letter dated January 11, 2005, stated that the Plaintiffs had 10 days to pay or object to the alleged debt. By that time, the Plaintiffs had disputed the debt and requested verification in three letters in response to the Defendants' first three letters.

12. The Defendants violated 15 U.S.C. 1692e by falsely implying in their initial letter, dated December 15, 2004, that legal proceedings had already begun. The Defendants' second letter, dated December 28, 2004, claimed that Sheryl A. Sarkis "will be statutorily entitled to the court's authorization of a foreclosure on your property".

13. The Defendants claimed in their letter, dated January 4, 2005, that "the legality of an assessment must be questioned only after payment". The requirement for condominiums, however, is for all "lawful" assessments to be paid. The Plaintiffs have paid all lawful

assessments, despite Sheryl A. Sarkis' refusal to provide routine maintenance at the two-unit condominium.

14. The Defendants sent a notice to the Plaintiffs' mortgage company, attaching a lien to the Plaintiffs' mortgage, in violation of Rule 4.1, procedures for attachment of real estate.

15. The Defendants, on or around January 27, 2005, filed in Superior Court a motion to compel payment and to permanently enjoin the Plaintiffs from speaking with the head of the property management firm for which Sheryl A. Sarkis works.

## CLAIM FOR RELIEF

16. The Defendants failed to comply with the Fair Debt Collection Practices Act with respect to the Plaintiffs in the following particulars:

a. misled the Plaintiffs regarding the applicability of the Fair Debt Collection Practices Act to condominium payments.

b. misled the Plaintiffs regarding the thirty-day time period allowed for disputing a debt.

c. failed to provide verification of the alleged debt when asked and made misleading statements regarding the obligation to verify the debt.

d. misled the Plaintiffs by implying that legal proceedings had already begun on December 15, 2004.

e. made misleading statements regarding the legal status of the alleged debt.

f. included in their letters a notice of the Fair Debt Collection Practices Act but made statements in the text of the letter that overshadowed and contradicted the Fair Debt Collection Practices Act.

17. The Defendants failed to act in good faith and fair dealing with respect to the Plaintiffs in the following particulars:

a. attached a lien to the Plaintiffs' mortgage, in violation of Rule 4.1, which requires the filing of a complaint, a motion for attachment, and an affidavit setting out the facts justifying the attachment.

b. combined a motion in Superior Court to compel payment of the alleged debt with a motion for permanent injunction that had as its basis the false claim that the Plaintiffs' harassed the head of the property management company for which Sheryl A. Sarkis works.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against the Defendants for:

1. Statutory damages of $1,000 against each of the Defendants.

2. Actual damages according to the proof at trial.

3. Court costs ($250) and reasonable payment to the pro se Plaintiffs.

4. Removal of the lien against the Plaintiffs' mortgage.

5. Certification of a class comprised of all individuals who have received debt collection letters similar to those from the Defendants to the Plaintiffs, appointment of Plaintiffs as class representatives, and appointment of competent attorneys as class counsel.

6. Such other and further relief as the Court may deem just.

Plaintiffs, not certain of all fees the Defendants have demanded, estimate as follows:

1. $3,000 in statutory damages ($1,000 each against Charles A. Perkins, Jr., Gary M. Daddario, and the law firm Perkins & Anctil).

2. $5,123.42 in fees demanded by the Defendants (plus any other fees demanded).

3. $10,000 for pro se Plaintiffs' time and loss of standing in employment and career.

4. $250 Court filing fee, any other Court costs, and costs of service.

Respectfully submitted,

_Diane Scott-Jones_, Pro Se          _John E. Jones, Jr._, Pro Se

February 18, 2005 DATE


Diane Scott-Jones and John E. Jones, Jr.

392 Boylston St.

Newton, MA 02459

617-558-3522


WE THE PLAINTIFFS, DIANE SCOTT-JONES AND JOHN E. JONES, JR. HEREBY VERIFY AND AFFIRM THAT WE HAVE READ THE FOREGOING COMPLAINT AND THAT THE ALLEGATIONS STATED THEREIN, OTHER THAN THOSE STATED UPON INFORMATION AND BELIEF, ARE TRUE AND ACCURATE TO THE BEST OF OUR KNOWLEDGE.

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY UNDER THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS AND THE UNITED STATES.


_____          _____
DIANE SCOTT-JONES                    JOHN E. JONES, JR.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Scott-Jones, Diane and John E. Jones, Jr.

**DEFENDANTS** Perkins, Charles A.; Daddario, Gary M., and Perkins & Anctil, PC

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
2005 FEB 18 P
U.S. DISTRICT COURT
DISTRICT OF MASS

(c) Attorney's (Firm Name, Address, and Telephone Number): **Pro Se**

Attorneys (If Known): **05-10350 JLT**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | ☐ 360 Other Personal Injury | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | [X] 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Debt Collection Practices Act, 15 U.S.C. 1692. Failure to comply with Act.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: February 18, 2005
SIGNATURE OF ATTORNEY OF RECORD: Diane Scott Jones  John E. Jones, Jr. Pro Se

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

1. Title of case (name of first party on each side only) **Scott-Jones v. Perkins**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

   FILED
   CLERK'S OFFICE
   2005 FEB 18  P 4:10
   U.S. DISTRICT COURT
   DISTRICT OF MASS

   05  10350 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Diane Scott-Jones and John E. Jones, Jr. Pro Se**
ADDRESS **392 Boylston Street, Newton, MA 02459**
TELEPHONE NO. **617 558-3522**

(Coversheetlocal.wpd - 10/17/02)