UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                    CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

## DEFENDANTS' MOTION FOR LEAVE TO FILE ADDITIONAL PAPERS

NOW COME the above-captioned Defendants and respectfully submit to this Honorable Court, pursuant to Local Rule 7.1(B)(3), this Motion to File Additional Papers. As grounds for this Motion, Defendants state that:

1. Defendants filed a Motion to Dismiss in this case.

2. Plaintiffs filed an Opposition to the Motion to Dismiss.

3. Defendants opine that certain statements set forth in Plaintiffs' Opposition warrant response.

4. The filing of a Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss will assist this Honorable Court by providing additional information relevant to this matter and by preparing this Honorable Court, to the greatest extent possible by Defendants, for oral arguments on the Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Honorable Court GRANT this Motion without hearing and file the Response to Plaintiffs' Opposition to

Defendants' Motion to Dismiss submitted herewith.

                                                Respectfully submitted,
                                                For all Defendants

Date:  April 6, 2005

                                                Charles A. Perkins, Jr.
                                                BBO# 394430
                                                Perkins & Anctil, P.C.
                                                73 Princeton Street, Suite 306
                                                North Chelmsford, MA 01863
                                                (978)251-8509

                                                Gary M. Daddario
                                                BBO# 639615
                                                Perkins & Anctil, P.C.
                                                73 Princeton Street, Suite 306
                                                North Chelmsford, MA 01863
                                                (978)251-8509

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                    CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW COME the above-captioned Defendants and respectfully submit to this Honorable Court, pursuant to Local Rule 7.1(B)(3), this Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss. As this is a Response, Defendants will, where applicable, follow the format set forth in Plaintiffs' Opposition.

    I.    PRELIMINARY STATEMENT

Plaintiffs correctly note that the first portion of Defendants' Memorandum in Support of Motion to Dismiss in entitled "Introduction and Facts". Accordingly, despite Plaintiffs' allegations that inaccurate, extraneous or inflammatory language contained therein is misleading to this Honorable Court, Defendants respond that portions of the introduction frame their view of this case and their argument and opine that there is no impropriety with respect to the same.

To rebut Plaintiffs' allegation regarding the "depth of Defendants' involvement beyond their debt collection", and for the sake of clarification, Defendants hereby state that they were retained by the Court Appointed Receiver on or about December 13, 2004 for the purpose of collecting an assessment that Plaintiffs refused to pay. Defendants' knowledge with respect to the background of the underlying issues at the condominium is based on information provided by the Court-Appointed Receiver and counsel for 392-294 Boylston Commons Condominium Trust, Attorney Doug Troyer. Defendants' involvement in this matter has been limited to the following:

1. Issuance of the collection letters attached to the Motion to Dismiss as Exhibits "2", "4", "6" and "8";

2. Issuance of the statutory notices to Plaintiffs' first mortgage holder attached to the Motion to Dismiss, collectively, as Exhibit "9";

3. The filing of the Court-Appointed Receiver's Motion for a Permanent Injunction and Order Requiring Payment attached to the Motion to Dismiss as Exhibit "10"; and

4. Attendance and argument at the Superior Court's hearings (February 3, 2005 and February 8, 2005) on the aforementioned Motion of the Court-Appointed Receiver.

Defendants note that the Superior Court hearings resulted in an Order requiring the Plaintiffs to remit payment of the assessment sought as well as the legal fees costs associated with collection. A copy of said Order is attached hereto as Exhibit "A".

A.   **BACKGROUND**

In this portion of the Opposition, Plaintiffs set forth many assertions that Defendants can neither confirm nor deny. It is important to note, however, that virtually none of this information is relevant to Plaintiffs' Complaint nor does it serve to prove any of the allegations set forth therein. The Plaintiffs' Complaint alleges violations of the Federal Fair Debt Collection Practices Act ("FDCPA") supposedly committed by Defendants in the course of their attempt to collect an assessment on behalf of the Court-Appointed Receiver. As set forth in the Motion to Dismiss, Defendants have engaged in no discussions with the Plaintiffs. Rather, Defendants' conduct has been limited to the actions described above. Accordingly, absent a violation of the FDCPA existing on the "face" of the above-referenced Exhibits to the Motion to Dismiss, Plaintiffs' suit can not succeed and should not be allowed to proceed.

B.   **SUPERIOR COURT PROCEEDINGS**

In this portion of their Opposition, Plaintiffs again set forth many assertions that Defendants can neither confirm nor deny. Again, however, the assertions are not relevant to plaintiffs' Complaint and are unrelated to the Defendants' conduct in seeking to collect the assessment. With respect to the Plaintiffs' assertion that Defendants' collection is part of a "larger, ongoing series of unjust actions," the same is flatly denied to the extent it pertains to the Defendants.

C.   **ALLEGED MISLEADING STATEMENTS**

Plaintiffs allege that Defendants' statement that "Plaintiffs hired and fired approximately four attorneys" is misleading because they did not fire each of their previous attorneys. The portion of the subject sentence that Plaintiffs failed to quote

contains the words "upon information and belief". Accordingly, Defendants did not attempt to state this information with certainty and were aware that the specifics of Plaintiffs' prior legal representation may not be within the scope of Defendants' knowledge. However, the Defendants' intent was to make this Honorable Court aware that the Plaintiffs' underlying issues with their condominium have been reviewed by multiple attorneys. In this respect, the subject statement is accurate and Defendants acknowledge that this information does not bear on the allegations of Plaintiffs' Complaint.

Plaintiffs allege that Defendants misled this Honorable Court by stating that "Plaintiffs had previously walked out on a mediation session scheduled through the Superior Court and aimed at resolving the dispute" because "[t]here has been no mediation scheduled through the Superior Court and Plaintiffs have never walked out of any session." (Plaintiffs' Opposition at Page 7). The portion of the subject sentence that Plaintiffs failed to quote in this instance contained the words "according to Attorney Troyer." Upon review of Plaintiffs' Opposition, Defendants contacted Attorney Troyer for additional information on this point. According to Attorney Troyer, two arbitration sessions were scheduled and the Plaintiffs left the first session (March 29, 2004) and refused to attend the second session claiming that the arbitrator, Jeffrey S. Stern, was biased against them. In any event, beyond the Defendants' intent to inform this Honorable Court as to the procedure that Plaintiffs' underlying issues with their condominium have been through, Defendants acknowledge that this information does not bear on the allegations of the Plaintiffs' Complaint.

## II. ARGUMENT

A1. FDCPA APPLICABILITY TO THE PRESENT CASE

For all of the reasons set forth in the Motion to Dismiss, the FDCPA does not apply to this case. As has been the case with other points of law, not all of the Federal Circuits are in complete agreement regarding the application of the FDCPA to condominium debt. However, unlike the precedent offered by Plaintiffs, the cases cited by defendants are Massachusetts' law. As set forth in the Motion to Dismiss, condominium debt has been determined by Massachusetts' courts to not meet the definition of "consumer debt" in both the FDCPA and the Massachusetts Fair Debt Collection Statute.

That Plaintiffs seek to distinguish their condominium from larger condominium or those that have recreational facilities does not change the fact that the reasoning behind the Massachusetts decisions still applies. Specifically, condominium assessments are not consumer debts because the assessments are not applied directly for the benefit of any given unit owner and are not applied solely to the property of any given unit owner.

A2. THE EFFECT OF MASSACHUSETTS CONDOMINIUM LAW

In this portion of their Opposition, Plaintiffs simply misinterpret Massachusetts law. Plaintiffs would draw a distinction between the assessment at issue and "common expense assessments" or "lawful assessments". The subject assessment is, however, both a common expense assessment and a lawful one. Since the assessment at issue relates to survey work associated with corrective landscaping required at the condominium

property, it falls squarely within the definition of a common expense as defined by M.G.L. c 183A, §1.

Further, pursuant to M.G.L. c. 183A, §6(a)(i), common expense assessments must be made "<u>at least</u> annually" (emphasis supplied). Thus, a common expense assessment may be made other than as part of the annual budget of the condominium.

In addition, the Superior Court's Order appointing the Court-Appointed Receiver (attached hereto as Exhibit "B"), clearly sets forth the Court-Appointed Receiver's authority and, as such, a lawful assessment may result from the Court-Appointed Receiver's actions.

Plaintiffs' arguments regarding the *Prosser* and *Blood* cases cited in the Motion to Dismiss are, in essence, a plea for a change in Massachusetts condominium law. However, such arguments are not appropriately made in the context of a Complaint alleging FDCPA violations against the Defendants. The fact that Plaintiffs do not agree with Massachusetts law doe not, in and of itself, allow for a change to the same. Further, Defendants' explanation of Massachusetts condominium law and its effect on this matter was adjudicated before the Superior Court. Prior to issuing an Order requiring Plaintiffs to pay the assessment sought by Defendants (attached hereto as Exhibit "A"), the Honorable Judge MacLeod affirmed the Defendants' characterization of the state of Massachusetts law in open court. To the extent that the Plaintiffs disagree, their appropriate response is an appeal of the Superior Court Order, not a Complaint against the Defendants for violations of the FDCPA. For the information of this Honorable Court, Plaintiffs have, in fact, filed such an appeal of the Superior Court Order.

B1.   PLAINTIFFS' CLAIMS

As set forth in the Motion to Dismiss and herein, the Plaintiffs' Complaint lacks any meritorious claims against Defendants.

B2.   PLAINTIFFS AS CLASS REPRESENTATIVES

Defendants again state that Plaintiffs do not represent a class. No information to satisfy the requirements of the applicable rule has been provided by Plaintiffs. Further, as appears on Defendants' collection letters, the FDCPA "disclaimer" indicates that it is provided for "consumer" debtors. In addition, readers are instructed to seek legal counsel regarding any questions. Therefore, even if a class existed relative to this issue, no harm can be demonstrated.

Moreover, if Plaintiffs' theory were to succeed and a debt collector could be liable for an FDCPA violation for including FDCPA information in a collection letter that involves debt other than consumer debt (especially despite the specific language and reference to legal counsel that appears in the subject letters), the result would be debt collectors "second-guessing" their decisions about including such information in collection letters. Defendants opine that the same would be adverse to the purpose of the FDCPA.

C.   PLAINTIFFS' COMPLAINT IS RETALIATORY, FRIVOLOUS AND IN BAD FAITH

Contrary to Plaintiffs' assertions otherwise, the Complaint in this matter is retaliatory, frivolous and in bad faith. The Motion to Dismiss and the Exhibits thereto demonstrate that Plaintiffs were repeatedly provided with an explanation of the assessment and related documentation, as well as explanation of the applicable law and advice to seek legal counsel with questions. Their conduct in refusing to pay the

assessment has no legal justification. Further, as set forth above, the proper response for disagreement with the Superior Court Order is an appeal of the same, which Plaintiffs have filed. Under these circumstances, this Complaint and the misguided arguments meant to support it are retaliatory, frivolous and in bad faith.

### III. STATUS UPDATE OF SUPERIOR COURT PROCEEDINGS

In an effort to inform this Honorable Court with respect to all related proceedings, the Motion to Dismiss referenced Plaintiffs' second Motion to Dismiss the Court-Appointed Receiver and indicated that Defendants were unaware of the status thereof at the time of the writing of the Motion to Dismiss. For this Honorable Court's information, said Motion to Dismiss the Court-Appointed Receiver was denied by the Superior Court on March 17, 2005. A copy of said Order is attached hereto as Exhibit "C". The Court-Appointed Receiver was awarded $500.00 for costs.

In addition, on March 17, 2005, the Superior Court denied Plaintiffs' Motion to Vacate the Preliminary Injunction in the underlying condominium dispute. A copy of said Order is attached hereto as Exhibit "D". The Plaintiffs (the Lu's on behalf of the condominium) were awarded $500.00 for costs of responding to said Motion.

WHEREFORE, Defendants respectfully request that this Honorable Court GRANT their Motion to Dismiss.

Respectfully submitted,
For all Defendants

Date:  April 6, 2005

_____
Charles A. Perkins, Jr.
BBO# 394430
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978)251-8509

_____
Gary M. Daddario
BBO# 639615
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978)251-8509

EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO. 03-5103

QUING LU and YU CHEUNG, Individually and        )
Derivatively on behalf of 392-394 BOYLSTON      )
COMMONS CONDOMINIUM TRUST,                      )
    Plaintiffs                                  )
                                                )
v.                                              )
                                                )
DIANE SCOTT-JONES and JOHN JONES, JR.,          )
Individually and as Trustees of the 392-394     )
BOYLSTON COMMONS CONDOMINIUM                    )
TRUST                                           )
    Defendants                                  )

## ORDER

The above-captioned matter having come before the Court on February 3, 2005 and February 8, 2005 relative to the Court-Appointed Receiver's Motion for Injunction and Order of Payment, the Court has heard from all parties and examined documentation provided. After a full hearing on the merits and examination of relevant evidence, this Court Orders as follows:

1. Defendants Diane Scott-Jones and John Jones, Jr. shall refrain from any and all contact with Meredith Management Corporation and John Rosenthal, President thereof, relative to this matter as said parties have no involvement with the above-captioned case.

2. Documentation reviewed by the Court revealed that the Defendants had been provided with appropriate contact information for Sheryl Sarkis, the Court-Appointed Receiver, prior to their contacts with Meredith Management Corporation and John Rosenthal. Further, documentation reviewed by this Court revealed that the Defendants made comments to Mr. Rosenthal which appeared to be designed to undermine Ms. Sarkis' relationship and credibility with her employer. As such, the Motion for Injunction was made in response to the Defendants' misconduct.

3. Pursuant to M.G.L. c. 183A, §6(a)(ii), "[i]f any expense is incurred by the organization of unit owners as a result of the unit owner's...misconduct...the organization of unit owners may assess that expense exclusively against the unit owner and such assessment shall constitute a lien against that unit from the time the assessment is due, and such assessment shall be enforceable as a common expense assessment under this chapter." Accordingly, the Defendants are hereby Ordered to remit payment of $1,645.75, representing the legal fees and costs associated with the Motion for Injunction as per the Supplemental Affidavit of Counsel, to the Plaintiff, 392-394 Boylston Commons Condominium, by means of payment submitted to the Court-Appointed Receiver.

4. The Defendants are further Ordered to remit payment of $1,250.00, representing the first assessment levied by the Court-Appointed Receiver, to 392-394 Boylston Commons Condominium by means of payment submitted to the Court-Appointed Receiver.

5. Pursuant to M.G.L. c. 183A, §6(a)(ii), "[t]he organization of unit owners may also assess any fees, attorney's fees, charges, late charges, fines, costs of collection and enforcement, court costs, and interest charged pursuant to this chapter against the unit owner and such assessment shall constitute a lien against the unit from the time the assessment is due and shall be enforceable as a common expense assessment under this chapter." Accordingly, the Defendants are hereby Ordered to remit payment of $2,227.67, representing the legal fees and costs associated with the collection of the above-referenced assessment as per the Supplemental Affidavit of Counsel, to the Plaintiff, 392-394 Boylston Commons Condominium, by means of payment submitted to the Court-Appointed Receiver.

*[signature]*
Bonnie H. MacLeod, J.

Date: February 15, 2005

---

MIDDLESEX, ss.

# Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this sixteenth day of February, 2005.

*[signature]*

Deputy          Assistant Clerk

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

CIVIL DOCKET# MICV2003-05103-F

RE: Lu, indiv & Derivatively on behalf 392-394 Boylston Commons Cond et al v Scott-Jones, Indiv and tr 392-394 Boylston Commons Condo Tr et al

TO: Thomas O Moriarty, Esquire
Marcus Errico Emmer & Brooks
45 Braintree Hill Park
Suite 107
Braintree, MA 02184

EXHIBIT "B"

## NOTICE OF DOCKET ENTRY

You are hereby notified that on 06/24/2004 the following entry was made on the above referenced docket:

ORDER APPOINTING RECEIVER: 1. That until further order of the Court, the Parties, their agents, servants and all those acting in concert with them are restrained from performing any duties as trustees of the 392-394 Boylston Commons Condominium Trust, ("Condominium"); 2. That until further order of the Court, Sheryl A. Sarkis of Meredith Management Corporation, One Bridge Street, Suite 300, Newton, MA 02458-1101 be and is hereby appointed Receiver of the estate, property, monies, debts and effects of every kind and nature of or belonging to the 392-394 Boylston Commons Condominium Trust; and she is hereby authorized and directed to take charge of and the porperty held in trust, the organization of Unit Owners of the Condominium pursuant to the Declaration of Trust in order to do the things necessary to operate, maintain, repair, replace, and alter the common areas of the Condominium and otherwise administer and care for the common areas and facilities of the Condominium, within the limitations set forth herein, as the Receiver deems proper; and, within the limitations set forth herein, she is hereby authorized and directed to effectuate all the powers and duties provided in and subject to MGLc. 156,s51 and MGLc. 155ss 52-53, Mass R Civ P 66, MGLc 183A, and Article V of the Declaration of Trust which incorporates the By-Laws of theCondominium. ( A copy of the By-Laws at Article V of the Declarartion of Trust are appended to this Order as Exhibit "1"); The Receiver shall promptly establish a budget for The Condominium operation for the remander of 2004, and ensure that sufficient funding is colleted from the Unit Owners to carry out the Receiver's duties as required by the terms of the Condominium documents at GL c 183A. 3. That until further order of the Court, the Receiver shall take all necessary and reasonable actions to assure the

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

Condominium's compliance with all city, state and federal law in connection with any and all city, state and federal enforcement orders regarding the common areas of the Condominium. Any and all costs associated with complying with same shall be the responsibilty of both the Plaintiff and the Defendants who shall pay one-half of the cost of correcting the problems in the common areas of the condominium which is not clevered by insurance; 4. That until further order of the Court, the Parties shall turn over to said Receiver, all the property, monies, debts and effects of every kind and nature belonging to the Condominium in the hands, possession or control, together with all books, deeds, documents, and papers relating thereto. It is further ordered that the escrow agents for the Parties, identified in compliance with this Court's January 26, 2004 Order, shall turn over said Receiver all monies held in escrow on behalf of the Parties. The Receiver shall, upon receipt of the escrow funds, open a checking account on behalf of the Condominium and deposit the escrow funds in said account for further condominium business as authorized under the constituent documents of the Condominium and as set forth herein. 5. The Receiver shall have no authority to assign financial liability for or otherwise prosecute, resolve or dismiss any action concerning the Parties existing dispute regarding whether any Trustee has breahed a fiduciary duty or whether any Trustee or Unit Owner committed wrongful actions in violation of the Condominium Documents and General Laws Chapter 183A including, without limitation, the dispute regarding the rights, duties and financial obligations of the Parties as a result of the landscaping projects conducted in the common areas of the Condominium in 2003. Nothing in this Paragraph is intended to limit the Receiver's ability to act with respect to the completion of the landscape project or compliance with state claims or municipal orders with regard to the common areas of the Condominium. This Paragraph is intended to allow the Parties to prosecute and/or resolve any and all financial claims, which stem from actions taken by either Party prior to the date of this Order; 6. The Receiver shall not be authorized to effect any improvements to the common areas and facilities of the Cndominium without compliance with MGL c 183A, s 18. The restoration of the backyard is presently a necessary repair and not an improvement and, therefore, the restoration of the existing elemtns does not require compliance with zmglc 183A, s18. 7. In the event both Unit Owners agree on a course of action the Receiver shall undertake such action so long as it complies with MGL c 183A and the constituent documents of the Condominium. The Parties shall have the right to jointly petition the Court to authorize the Receiver to take action which might not otherwise comply with MGLc 183A or the constituent documents of the Condominium; 8. That any party, or said Receiver, may apply to the Court, from time to time, for such further directions or orders, as may be necessary; and 9. Grant such other and further relief as this Court deems just and equitable. (Gants, J.) copies sent 7/21/04 certified to Receiver 7/21/04

Dated at Cambridge, Massachusetts this 21st day of July, 2004.

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

Edward J. Sullivan,
Clerk of the Courts

BY: Phil Massa
Assistant Clerk

Telephone: 617-494-4010 EXT 4281

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2003-05103**

RE: Lu, indiv & Derivatively on behalf 392-394 Boylston Commons Cond et al v Scott - Jones, indiv and tr 392-394 Boylston Commons Co

TO: Gary M Daddario, Esquire
Perkins & Associates (Charles A)
73 Princeton Street
Suite 306
North Chelmsford, MA 01863

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/16/2005**:

*RE: Defts' Motion to Dismiss Receiver with Plff's Opposition.*

**is as follows:**

**MOTION (P#45) The within Motion is DENIED without a hearing as the allegations set forth in the motion have been addressed in prior hearings. Costs are awarded to the receiver in the amount of $500.00. (Bonnie H. MacLeod, Justice). Notices mailed March 17, 2005**

Dated at Cambridge, Massachusetts this 17th day of March, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY:

Martha Fulham Brennan
Assistant Clerk

Telephone: 617-494-4010 EXT 4281

Copies mailed 03/17/2005

***ATTENTION: SUFFOLK COUNTY SUPERIOR COURT ONLY***
On or after **April 4, 2005** all lawyers, litigants, witnesses etc. who have a notice to appear before **Suffolk County Superior Court for Criminal** business are to report to the Superior County Courthouse. On or after **April 11, 2004** all lawyers, litigants, witnesses etc. who have a notice to appear before for the **Suffolk County Superior Court for Civil** business are to report to The Suffolk County Courthouse. The Suffolk County Courthouse is located at Three Pemberton Square, Boston 02108.

cvdresult_2.wpd 2710262 mottext cherubin

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

Civil Docket **MICV2003-05103**

RE:  Lu, indiv & Derivatively on behalf 392-394 Boylston Commons Cond et al v Scott - Jones, indiv and tr 392-394 Boylston Commons Co

TO:  Gary M Daddario, Esquire
Perkins & Associates (Charles A)
73 Princeton Street
Suite 306
North Chelmsford, MA 01863

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/16/2004**:

```
RE: Defts' Motion to Vacate lffs' January 26, 2004, Preliminary
Injunction in Aid of Arbitration, with Affidavit of deft John E.
Jones, Jr., pursuant to Rule 9A.
```

**is as follows:**

**MOTION (P#44) The within Motion is DENIED without hearing as being devoid of any supporting material for the grounds, advanced in the motion. Costs in the amount of $500.00 are awarded to the Plaintiff for having to respons to the Motion. (Bonnie H. MacLeod, Justice) Notices mailed November 17, 2005**

Dated at Cambridge, Massachusetts this 17th day of March, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY:

Martha Fulham Brennan
Assistant Clerk

Telephone: 617-494-4010 EXT 4281

Copies mailed 03/17/2005

****ATTENTION: SUFFOLK COUNTY SUPERIOR COURT ONLY****
On or after **April 4, 2005** all lawyers, litigants, witnesses etc. who have a notice to appear before **Suffolk County Superior Court for Criminal** business are to report to the Superior County Courthouse. On or after **April 11, 2004** all lawyers, litigants, witnesses etc. who have a notice to appear before for the **Suffolk County Superior Court for Civil** business are to report to The Suffolk County Courthouse. The Suffolk County Courthouse is located at Three Pemberton Square, Boston 02108.

cvdresult_2.wpd 2700132 motden cherubin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                  CIVIL ACTION NO. 05-10350JLT

```
                                    )
DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM        )
TRUST,                              )
      Plaintiffs,                   )
                                    )
v.                                  )
                                    )
CHARLES A. PERKINS, JR., GARY M.    )
DADDARIO and PERKINS & ANCTIL, P.C., )
      Defendants.                   )
```

### CERTIFICATE OF SERVICE

I, Gary M. Daddario, hereby certify that I served the Motion for Leave to File Additional Papers and the Defendants' Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss upon the Plaintiffs by mailing a copy first-class mail, postage prepaid, to Diane Scott-Jones and John E. Jones Jr., 392 Boylston Street, Newton, MA 02459, this 6th day of April 2005.

Gary M. Daddario
BBO# 639615
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978)251-8509