UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

| | |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, **Plaintiffs** | ) ) ) ) ) |
| v. | ) ) |
| CHARLES A. PERKINS, JR. ,GARY M. DADDARIO,  and PERKINS & ANCTIL, PC **Defendants** | ) ) ) ) ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE ADDITIONAL PAPERS

**NOW COME** the Plaintiffs in the above-captioned matter and hereby oppose the Defendants' Motion for Leave to File Additional Papers. The Defendants requested leave of the Court to file Defendants' Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss. The Defendants asserted the Response they wish to file "will assist this Honorable Court by providing additional information relevant to this matter and by preparing this Honorable Court, to the greatest extent possible by Defendants, for oral arguments on the Motion to Dismiss."

The Defendants have made claims in their response that are not true. The Defendants asserted they are relying on information provided them by the "Court-Appointed Receiver and counsel for 392-394 Boylston Commons Condominium Trust, Doug Troyer." The Defendants, however, are responsible for verifying information others provide. The Plaintiffs offer information to correct false and misleading

statements made by the Defendants in four areas: (1) the relationship of the Defendants to Attorney Douglas Troyer, his colleagues, and his clients; (2) the Defendants' raising issues tangential to the Plaintiff's Complaint; (3) Attorney Troyer's clients' refusal to go to arbitration; and (4) the repetitive quality of Defendants' Arguments in their Response.

1. The Defendants, on p. 2 of their Response, name Doug Troyer as "counsel for 392-394 Boylston Commons Condominium Trust". Attorney Troyer's clients, however, own and live in one of the units in the two-unit condominium, 392-394 Boylston Commons Condominium. The Plaintiffs in the instant action also own and live in one of the two units. Attorney Troyer's clients filed a Preliminary Injunction in Aid of Arbitration in Superior Court on December 18, 2003 (Civil Action No. 03-5103) but have refused to allow arbitration to occur. Attorney Troyer's clients have a 50% share in the Condominium and the Plaintiffs also have a 50% share; therefore, neither party can legitimately claim to be the "condominium trust" or the "condominium association". Attorney Troyer has never been retained as counsel for the 392-394 Boylston Commons Condominium Trust.

Further, the Defendants have claimed, in other documents, that Defendants' office is counsel for the Condominium. The Defendants state their office represents "the 392-394 Boylston Commons Condominium Trust" in one February 7, 2005, letter sent to Plaintiffs' mortgage company. In their second letter, also dated February 7, 2005, to Plaintiffs' mortgage company, the Defendants state their office represents "the 392-394 Boylston Commons Condominium Association". Copies of these two February 7, 2005, letters, which Plaintiffs received by mail from their mortgage company, are appended hereto as Exhibit 1. In a January 11, 2005, letter addressed to the Plaintiffs and included

in the mailing from Plaintiffs' mortgage company, the Defendant Daddario states "I represent the Board of Trustees of the 392-394 Boylston Commons Condominium." A copy of the letter is appended hereto as Exhibit 2. "Doug Troyer" is not included on the copy line of any of these letters the Defendants wrote. Thus, the Defendants did not acknowledge "Doug Troyer" as counsel for the condominium at the time these letters were written.

The Defendants further confused the role of attorneys and parties in the Superior Court hearing in their statement of attorneys' fees, which the Plaintiffs retrieved from the Superior Court file along with a cover letter that suggests the Defendants wrote the Order the Superior Court Justice issued on February 15, 2005. These documents are appended hereto as Exhibit 3. In the cover letter, the Defendants state "This office represents the Court-Appointed Receiver..." In paragraph 2 of the cover letter, Defendant Daddario identifies himself as "counsel for Sheryl Sarkis, court appointed receiver for the Plaintiff 392-394 Boylston Commons Condominium Trust". In the June 24, 2004, Order Appointing Receiver (Exhibit B in Defendants' Response), Sheryl A. Sarkis is named Receiver for 392-394 Boylston Commons Condominium Trust. She is not named Receiver for either party in that action. The Receiver was expected to be neutral with regard to the parties. The Order Appointing Receiver, paragraph 1, expressly states "That until further order of the Court, the Parties, their agents, servants and all those acting in concert with them are restrained from performing any duties of the 392-394 Boylston Commons Condominium Trust".

In his Affidavit of Counsel, Attorney Daddario lists fees that are for "services rendered to the Plaintiff" (item 17) and "expenses on behalf of the Plaintiff" (item 18).

Fees listed in four of the items (5, 7, 10, 12) are for conferences with Attorney Troyer. The work with Attorney Troyer and his clients was inappropriate, given that the Receiver should have been neutral with regard to the parties. Items 7 and 12 refer to "our client", leaving the identity of Defendant Daddario's client ambiguous.

2. The Defendants, on p. 3, paragraph A, of their Response, state that the information in Plaintiffs' Opposition is not relevant to Plaintiffs' Complaint but failed to note that Plaintiffs were responding only to correct the misleading record the Defendants had created in their Motion to Dismiss. In their Opposition, the Plaintiffs noted that Defendants' Motion to Dismiss included statements that have no bearing on the issues. Plaintiffs responded because the Defendants' statements, however irrelevant, were false or misleading.

3. The Defendants, in their Motion to Dismiss, falsely stated that the Plaintiffs "walked out" on mediation aimed at resolving the dispute. On p. 4 of their Response, the Defendants present a second false statement about arbitration: "According to Attorney Troyer, two arbitration sessions were scheduled and the Plaintiffs left the first session (March 29, 2004) and refused to attend the second session claiming that the arbitrator, Jeffrey S. Stern, was biased against them." The Defendants then acknowledge that the information has no bearing on the Plaintiffs' Complaint. These patently false claims should not stand unchallenged in the record of this case, however. The Plaintiffs took all available steps to accomplish arbitration and a resolution of the dispute caused by Attorney Troyer's clients. Attorney Troyer's clients, however, refused arbitration and took steps to appoint a receiver instead. Following is a brief summary of events, with

supporting documents related to Attorney Troyer's clients' refusal of arbitration after the clients had filed their Preliminary Injunction in Aid of Arbitration.

A. Attorney Troyer's clients refused to sign the arbitration agreement, a copy of which is appended hereto as Exhibit 4. (Plaintiffs in the instant action were defendants in the Superior Court action and were represented by Frederick Connelly of Peabody & Arnold.)

B. After repeated delays caused by Attorney Troyer and his colleague Thomas Moriarty, the March 29, 2004, meeting scheduled as arbitration became mediation at the demand of Attorney Troyer's clients. The arbitrator Jeffrey S. Stern's March 30, 2004, letter, which is appended hereto as Exhibit 5, notes that the parties agreed on a property manager at the mediation session.

C. On April 6, 2004, after no cooperation from Attorney Troyer's clients and colleagues on the agreements reached in mediation, the Plaintiffs' attorney Connelly wrote to Attorney Troyer's firm to request follow-through on the agreements. Attorney Connelly's April 6, 2004, letter is appended hereto as Exhibit 6.

D. On April 26, 2004, Attorney Troyer's firm wrote to Plaintiffs' attorney, stating Attorney Troyer's clients "do not intend to proceed on the date presently reserved for the next arbitration hearing, Wednesday, April 28, 2004." A copy of the letter is appended hereto as Exhibit 7.

E. On April 27, 2004, Plaintiffs' attorney wrote to Attorney Troyer's firm noting that their client was "in violation of the arbitration provision by pulling out of the arbitration proceedings at this time." A copy of the letter is appended hereto as Exhibit 8.

F. On April 27, 2004, Attorney Troyer's firm wrote Plaintiffs' attorney stating Attorney Troyer's clients would consent to the tentative scheduling of further arbitration only if Plaintiffs' attorney signed the letter intended to render arbitration nonbinding on Attorney Troyer's clients. A copy of the letter is appended hereto as Exhibit 9. The deadlines for the steps in arbitration had been violated and still no arbitration agreement had been signed. The Plaintiffs' attorney quit in frustration without observing proper procedures.

G. The Plaintiffs found an April 30, 2004, letter from arbitrator Jeffrey Stern in their attorney's file after he quit. That letter, appended hereto as Exhibit 10, stated clearly that Attorney Troyer's clients were the party with reservations about attending arbitration (paragraph 2). Inexplicably, the letter stated "...there is at least a tentative agreement concerning a property manager..." (paragraph 4); one month earlier, in his March 30, 2004, letter the arbitrator had stated that "agreeing on a property manager was a major step forward." Finally, paragraph 6 of the arbitrator's April 30, 2004, letter notes and encourages a proposal for a receiver. This document suggests Attorney Troyer's clients' plan to install a receiver occurred in lieu of arbitration.

H. Left without an attorney, Plaintiffs contacted the Director of the organization through which the arbitrator was hired and asked for assistance. The Director offered to mediate the dispute for no charge but Attorney Troyer's clients refused. The Director's letter is appended hereto as Exhibit 11.

4. In their section labeled "Argument", the Defendants repeat points made in their Motion to Dismiss. The only new argument Defendants present is that the Plaintiffs should appeal the Superior Court orders in which the Defendants have become

involved. The Plaintiffs are seeking to appeal the Superior Court Orders but the process for appeal of interlocutory orders is difficult and there is no end in sight for the Preliminary Injunction in Aid of Arbitration, which Attorney Troyer's clients filed December 18, 2003. Those appeals have not addressed the issues covered in the Fair Debt Collections Practices Act. Pursuing those appeals does not preclude the Plaintiffs' filing against the Defendants under the Fair Debt Collection Practices Act.

The Defendants, in repeating the points they made earlier, have not established a factual or legal basis for their Motion to Dismiss Plaintiff's Complaint.

**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court:

A. Deny Defendants' Motion for Leave to File Additional Papers;

B. Deny Defendants' Motion to Dismiss Plaintiff's Complaint.

C. Allow Plaintiffs' Complaint to be scheduled for a hearing;

D. Take any and all other actions judged to be in the interest of justice.

**Respectfully submitted,**

**Diane Scott-Jones, Pro Se**          **John E. Jones, Jr., Pro Se**

**April 21, 2005**

**Diane Scott-Jones and John E. Jones, Jr.**
**392 Boylston Street**
**Newton, MA 02459**
**617-558-3522**

## CERTIFICATE OF SERVICE

We hereby certify this 21st day of April, 2005, that a true copy of the foregoing was served certified mail, return receipt requested, upon the Defendants, Charles A. Perkins, Jr., Gary M. Daddario, and Perkins & Anctil PC at 73 Princeton Street, Suite 306, North Chelmsford, MA  01863-1558.

_____
Diane Scott-Jones, Pro Se

_____
John E. Jones, Jr., Pro Se

PERKINS & ANCTIL, P.C.

ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

GARY M. DADDARIO

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL

ROSEMARY A. MACERO*

February 7, 2005

HSBC Mortgage Corp.
2929 Walden Ave.
Depew, NY 14043

RE:     **Thirty (30) Day Notice to Mortgagee of Intent to Institute Action to Enforce Lien
        pursuant to M.G.L. c. 183A, §6 (c)**
        **Unit Owner(s):        Diane Scott Jones & John E. Jones, Jr.**
        **Address:              392-394 Boyston St., Unit 392, Newton, MA 02459**
        **Delinquency through 01/11/05:        $2,701.42**

Dear First Mortgage Holder:

        Please be advised that this office represents the 392-394 Boylston Commons Condominium
Trust relative to the above matter. It is our understanding that your organization holds a first
mortgage on Unit #392 located at said Condominium. In accordance with M.G.L. c. 183A, §6(c),
notice is hereby given of the Condominium Association's intent to institute a collection and lien
enforcement action thirty (30) days from the date of this letter. You may avoid the Association's
institution of its collection and lien enforcement action by securing your mortgagor's payment of these
sums. Please note, that if institution of this action is necessary, the Association's Lien will have
priority over your mortgage to the extent of regular monthly fees due for up to six (6) months, plus all
collection costs.

        We therefore request your assistance in securing payment by your mortgagor. If you have any
questions regarding this letter, you should seek advice of counsel.

        Respectfully,

        Gary M. Daddario

GMD/lfd

c:      Trustees, 392-394 Boylston Commons Condominium
        Sheryl Sarkis as Receiver
        Diane Scott Jones & John E. Jones, Jr.

PERKINS & ANCTIL, P.C.

ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

GARY M. DADDARIO

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL

ROSEMARY A. MACERO*

February 7, 2005

HSBC Mortgage Corp.
2929 Walden Ave.
Depew, NY 14043

RE:    **Sixty (60) Day Notice to Mortgagee of Intent to Institute Action to Enforce Lien
pursuant to M.G.L. c. 183A, §6 (c)**
**Unit Owner(s):    Diane Scott Jones & John E. Jones, Jr.**
**Address:    392-394 Boyston St., Unit 392, Newton, MA**
**Delinquency through 01/11/05:    $2,701.42**

Dear First Mortgage Holder:

Please be advised that this office represents the 392-394 Boylston Commons Condominium Association regarding the above matter. It is our understanding that your organization holds a first mortgage on Unit #392 at said Condominium. A copy of the mortgage and unit deed are included. Please consider this formal notice to your organization that the above unit owner at the aforementioned Association is sixty (60) days delinquent in payments due pursuant to the attached Notice of Default and current ledger sheet.

Pursuant to M.G.L. c. 183A, §6(c), certain of these assessments, charges and costs can be a priority over your mortgage if the Association is required to enforce its Lien. Your assistance in securing the payment of the listed amount from your mortgagor is therefore requested. If you have any questions regarding this letter, you should seek the advice of counsel. Your cooperation would be greatly appreciated.

Respectfully,

Gary M. Daddario

GMD/lfd
enclosures
c:    Trustees, 392-394 Boylston Commons Condominium
Sheryl Sarkis as Receiver
Diane Scott Jones & John E. Jones, Jr.

PERKINS & ANCTIL, P.C.

ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

GARY M. DADDARIO

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL

ROSEMARY A. MACERO*

January 11, 2005

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA  02459

## NOTICE OF DEFAULT AND INTENT TO COLLECT RENTS
## AND SIXTY (60) DAY NOTIFICATION PURSUANT TO M.G.L. c. 183A., §6(c)

| | |
|---|---|
| **CONDOMINIUM ASSOCIATION:** | **392-394 Boylston Commons Condominium** |
| **UNIT OWNER:** | **Diane Scott-Jones & John E. Jones, Jr.** |
| **UNIT NUMBER:** | **392** |
| **PREVIOUS BALANCE THROUGH 01/11/05:** | **$2,090.00\*** |

**LEGAL FEES AND COSTS:**

| | |
|---|---|
| **Notice of Default** | **$ 475.00** |
| **Title Exam Fee** | **$ 75.00** |
| **Title Exam Review Fee** | **$ 25.00** |
| **Constable Fee** | **$ 32.00** |
| **Certified Mail Fee** | **$ 4.42** |

| | |
|---|---|
| **TOTAL AMOUNT DUE:** | **$2,701.42** |

**\*Plus common area charges which become due, interest, late charges, court costs and reasonable attorney's fees until payment is received in full.**

Dear Mr. & Mrs. Jones:

I represent the Board of Trustees of the 392-394 Boylston Commons Condominium. The Trustees have informed me that your account for payment of common area charges is more than sixty (60) days in arrears. Failure to promptly pay common area charges seriously impairs the ability of the Condominium Association to operate efficiently.

We are in receipt of your letter dated January 7, 2005. As stated in our previous correspondence, you have been provided with sufficient evidence of the outstanding assessment

Mr. & Mrs. John E. Jones, Jr.
January 11, 2005
Page -2-

to warrant your payment of the same.  In any event, enclosed is another copy of the October 12, 2004 letter issued to you with an attached invoice representing charges to your Association and to which the assessment will be applied.

Your legal obligation as a Unit Owner to pay common area charges and assessments is required by the following documents:

1.    Massachusetts General Laws, Chapter 183A.
2.    The Master Deed and By-Laws of the Condominium.
3.    The Unit Deed(s) conveying the Unit(s) to you.
4.    Your mortgage recorded with the Registry of Deeds.

The aforesaid Condominium Documents, and M.G.L. Chapter 183A, Section 6, as amended, provide the Condominium Association with certain rights and powers to enforce payment.  Enforcement may be by judicial action to collect unpaid amounts or by enforcement of the lien created by Chapter 183A, Section 6, by foreclosure.  In the event that the Condominium Association exercises its right to enforce the lien by foreclosure, it is possible that your Unit(s) could be sold as part of the foreclosure proceedings to pay the outstanding amounts.

The Condominium Association shall take all appropriate actions to enforce payments and collections which may include, but not be limited to the following:

1.    Attachment of rents paid by your tenant(s);

2.    Acceleration of your annual assessment;

3.    Notification to your mortgagee of the default and of the Association's intention to commence judicial proceedings to enforce payment, as provided for in the Condominium Documents;

4.    Perfecting a lien by filing a Complaint with the Middlesex County Superior Court and recording an attested copy with the Middlesex County Registry of Deeds;

5.    Foreclosing on said liens; and/or collecting from you said amounts as a personal financial obligation to the Association; and

6.    Levying additional late charges and interest until payment in full is received.

You have ten (10) days from your receipt of this Notice, for purposes of the attachment of rents, to deliver to us a written response under the pains and penalties of perjury which response must include:  (1) as to the monthly common area fees, proof of payment (cancelled checks,

Mr. & Mrs. John E. Jones, Jr.
January 11, 2005
Page -3-

receipts, etc.); (2) as to all other charges, a plain and simple statement setting forth the grounds upon which you assert the amounts are not correctly calculated or not properly charged and what amount you admit is due. Please note, if in your response to this Notice you knowingly misrepresent any material fact, you may be liable for treble damages in any action brought to recover the amounts due. Please further note that nothing contained in this Notice shall be construed as preventing the 392-394 Boylston Commons Condominium from pursuing any other remedies available at law.

Alternatively, you must remit payment of the full balance by check payable to your condominium association and forwarded to this office within fourteen (14) days of the date of this letter. Absent full payment, or arrangements acceptable to your Board of Trustees, collection action will continue at further expense to your account.

NOTICE OF IMPORTANT RIGHTS TO CONSUMERS

Pursuant to the Federal Debt Collection Practices Act ("FDCP ACT"), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector; (2) if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. You should be aware that the FDCP Act only applies to consumer debtors.

Perkins & Anctil, PC, is acting as a debt collector, pursuant to the FDCP Act. Any information obtained will be used for that purpose. The Federal Trade Commission has ruled that the FDCP Act does not preclude the institution of legal action prior to the expiration of the thirty-day period referenced in the statute.

NOTICE PURSUANT TO M.G.L. C. 183A SECTION 6 (c)

Mr. & Mrs. John E. Jones, Jr.
January 11, 2005
Page -4-


      Please be advised that this correspondence shall institute notification that in addition to all items contained hereunder, that pursuant to Massachusetts General Law Chapter 183A, Section 6 (c) that you are at least sixty (60) days delinquent in the payment of the above amounts to the Condominium Association.

      If you have any questions regarding this letter you should seek the advice of counsel.

                         Respectfully,

                         Gary M. Daddario

GMD/lfd
enclosure
c:     Sheryl Sarkis, as Receiver of the 392-394 Boylston Commons Condominium

# PERKINS & ANCTIL, P.C.

ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

GARY M. DADDARIO

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL

ROSEMARY A. MACERO*

February 9, 2005

Via Facsimile (617-494-4094) and First-Class Mail
Middlesex Superior Court
Attn: Martha Fulham Brennan, Asst. Clerk
40 Thorndike Street
Cambridge, MA 02141

Re:    Lu, et al v. Scott-Jones, et al
       Civil Docket # MICV2003-05103

Dear Clerk Fulham Brennan:

This office represents the Court-Appointed Receiver in the above-referenced action. Pursuant to Judge MacLeod's request for the same, I am providing a proposed Order for her review and signature. Of course, I will edit and re-submit the Order if Judge MacLeod determines that changes are necessary.

I have also enclosed a Supplemental Affidavit of Counsel as the applicable law allows for the award of my client's legal fees in this matter.

Thank you for your cooperation. Feel free to contact me with any questions or concerns.

Respectfully,

Gary M. Daddario

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO. 03-5103

| | |
|---|---|
| QUING LU and YU CHEUNG, Individually and Derivatively on behalf of 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, <br>      Plaintiffs <br><br> v. <br><br> DIANE SCOTT-JONES and JOHN JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST <br>      Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

2005 _Feb 14_ Filed in Court
_____
Assistant Clerk

## SUPPLEMENTAL AFFIDAVIT OF COUNSEL

I, Gary M. Daddario, being duly sworn, depose and say as follows:

1.    I am an attorney-at-law who practices at the office of Perkins & Anctil, P.C., 73 Princeton Street, Suite 306, North Chelmsford, Massachusetts.

2.    I am counsel for Sheryl Sarkis, court appointed receiver for the Plaintiff 392-394 Boylston Commons Condominium Trust.

3.    I have reviewed the books and accounts relative to this action.

4.    My hourly rate was One Hundred Twenty-Five Dollars ($125.00) per hour through December 31, 2004 and has been One Hundred Thirty-Five Dollars ($135.00) per hour since.  Such rate is reasonable for attorneys in the community possessing a professional level of expertise.

## RECEIVERSHIP OF CONDOMINIUM

5.    Our legal fee for research relative to statutory provisions cited in the Court ordered receivership, as well as a telephone conference with Attorney Douglas Troyer is Fifty Dollars ($50.00).

1

6.    Our legal fee for research regarding statutory provisions cited in court order to determine extent of authority and priority of receiver's claims in collection of debt of unit owners is Sixty-Two and 50/100 ($62.50).

7.    Our legal fee for telephone discussions with both our client and Attorney Douglas Troyer regarding harassment of Meredith Management Corp. by the Defendants is Sixty-Seven and 50/100 Dollars ($67.50).

8.    Our legal fee to review documents supplied by our client regarding the Jones harassment of Meredith Management Corporation is Forty and 50/100 Dollars ($40.50).

9.    Our legal fee to prepare the Motion for Injunction and Order for Payment is Two Hundred Two and 50/100 Dollars ($202.50).

10.    Our legal fee for a discussion with Attorney Troyer and to prepare for the Motion for Injunction Hearing is Sixty-Seven and 50/100 Dollars ($67.50).

11.    Our legal fee to appear at the Court for the Motion for Short Order of Notice and Motion for Special Process Server which were granted is One Hundred Sixty-Eight and 75/100 Dollars ($168.75).

12.    Our legal fee for telephone conferences with our client and Attorney Troyer, preparation of the Affidavits of Sheryl Sarkis and John Rosenthal, and review of the document and preparation of the Affidavit exhibits is Two Hundred Ninety-Seven Dollars ($297.00).

13.    Our legal fee for telephone conferences with our client and our preparation for the hearing on the Motion for Injunction is Thirty-Three and 75/100 Dollars ($33.75).

14.    Our legal fee for our conference with Attorney Douglas Troyer, telephone conference with our client, and attendance at the Court for the hearing on the Motion for Injunction is Two Hundred Seventy Dollars ($270.00).

15.    Our legal fee for correspondence to our client regarding the Evidentiary Hearing scheduled by the Court is Twenty-Seven Dollars ($27.00).

16.    Our legal fee for our preparation for the Evidentiary Hearing is Thirty-Three and 75/100 Dollars ($33.75).

17.    Our legal fee for our travel and attendance at the Evidentiary Hearing at the Court is Two Hundred Seventy Dollars ($270.00).

18.    We have incurred the following out-of-pocket expenses on behalf f the Plaintiff:

A.    Constable Service Fee          $ 55.00

2

19.    Our total bill for services and expenses to date, relating to the receivership, is One Thousand Five Hundred Ninety and 75/100 Dollars ($1,590.75) in attorney's fees and Fifty-Five Dollars ($55.00) in out-of-pocket expenses.

## COLLECTION FEES AND COSTS

20.    Our legal fee for review of the receiver information, telephone conference with the receiver Sheryl Sarkis, and drafting correspondence to the Defendants is Three Hundred Ninety Dollars ($390.00).

21.    Our legal fee for our review of Mr. Jone's correspondence, as well as our draft response addressing the correct name of the Association, correct addressee on payments, and requirement to satisfy assessment is One Hundred Twelve and 50/100 ($112.50).

22.    Our legal fee for review further correspondence from the Defendants, review implicated statutory provisions, and draft and issue a response to correspondence is Three Hundred Ten and 50/100 Dollars ($310.50).

23.    Our legal fee for services rendered to the Plaintiff in connection with the preparation of the Notice of Default and Notices to the Party-in-Interest is Four Hundred Seventy-Five Dollars ($475.00). Services rendered included review of the relevant portions of the Condominium Trust, review of the Defendant's account and related telephone conferences and correspondence, as well as the preparation of the Notice of Default, the 30 Day Notice to the mortgage holder (required by M.G.L. c. 183A), and the 60 Day Notice to the mortgage holder (required by M.G.L. c. 183A).

24.    Our legal fee to appear at the Court for the Motion for Short Order of Notice and Motion for Special Process Server which were granted is One Hundred Sixty-Eight and 75/100 Dollars ($168.75).

25.    Our legal fee for telephone conferences with our client and our preparation for the hearing regarding the Order for Payment is Thirty-Three and 75/100 Dollars ($33.75).

26.    Our legal fee for our conference with Attorney Douglas Troyer, telephone conference with our client, and attendance at the Court for the hearing on the Motion for Order to pay is Two Hundred Seventy Dollars ($270.00).

27.    Our legal fee for correspondence to our client regarding the Evidentiary Hearing scheduled by the Court is Twenty-Seven Dollars ($27.00).

28.    Our legal fee for our preparation for the Evidentiary Hearing is Thirty-Three and 75/100 Dollars ($33.75).

3

29.     Our legal fee for our travel and attendance at the Evidentiary Hearing at the Court is Two Hundred Seventy Dollars ($270.00).

30.     We have incurred the following out-of-pocket expenses on behalf of the Plaintiff:

| | | |
|---|---|---|
| A. | Title Exam | $100.00 |
| B. | Constable Service Fee | $ 32.00 |
| C. | Certified Mail Fee | $  4.42 |

31.     Our total bill for services and expenses to date, in the collection of this condominium lien, is Two Thousand Ninety-One and 25/00 Dollars ($2,091.25) in attorney's fees and One Hundred Thirty-Six and 42/100 Dollars ($136.42) in out-of-pocket expenses.

32.     The total amount due in attorney's fees and costs relative to both the receivership and collection action is Three Thousand Eight Hundred Seventy-Three and 42/100 Dollars ($3,873.42).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF FEBRUARY 2005.

Gary M. Daddario

4



# MMDC
## Middlesex Multi-Door Courthouse
40 Thorndike Street 11th Floor
Cambridge, Massachusetts 02141

Web: www.multidoor.org  Email: MMDC@multidoor.org
(617) 494-0592 (617) 494-1093 Fax

# Arbitration & Submission Agreement

Caption:
Docket#

The parties, <u>pro se</u>, or through their respective trial counsel, agree that:

1.  <u>Binding Arbitration</u>: The undersigned parties hereby submit to binding arbitration, subject to Mass. General Laws, Chapter 251 and this Agreement for Arbitration ("Agreement"), the following controversy:

    SEE ATTACHED SYNOPSIS

    The parties further agree that they will abide by and perform any ruling, judgment, or award issued by the arbitrator(s), and that a court having jurisdiction may enter judgment upon the award.

2.  <u>Selection of Arbitrator from MMDC Panels</u>:  The following options are available:

    a.  The parties agree on the arbitrator;
    b.  If the parties cannot agree, the MMDC will provide the parties with ten names.  Each party may rank the ten on a preferential scale running from 1 to 10.  Ranked names will be tallied and the MMDC will appoint the name with the lowest combined score; or
    c.  Each party shall select one arbitrator; the parties may either have the two selected arbitrators or the MMDC appoint the third arbitrator.

3.  <u>Contact with arbitrator</u>:  There shall be no <u>ex parte</u> communication with the arbitrator(s) before, during, or after the hearing (prior to the award).  All communications shall be directed to the MMDC, including questions about scheduling, submission of materials, and process.

    Counsel may request that the MMDC schedule a pre-hearing conference with the arbitrator to discuss issues relating to discovery, evidence, the scope of the hearing, and hearing procedure.

4.  <u>Arbitration memoranda</u>:  Each party may submit an arbitration memorandum summarizing the facts and legal issues and attach relevant documents.  Each party shall provide copies to all other parties.  Such memoranda are due to the MMDC at least ten

business days prior to the start of the arbitration. The MMDC will forward the memoranda to the arbitrator(s).

5.    Exhibits/witnesses: Any party intending to offer any document as evidence at the hearing or call any witness other than a party must provide to the other parties a copy of the document and a list of witnesses at least ten business days, or such time as the parties agree, prior to the hearing. Any document or witness not produced in accordance with this rule may be excluded by the arbitrator. The MMDC may modify this rule for a hearing on short notice. Counsel should confer in advance of the hearing to review and mark proposed exhibits, and they may discuss any disputed issues with the arbitrator in advance, per Rule # 3.

6.    Evidence: The Rules of Evidence do not apply unless counsel agree otherwise. The arbitrator shall determine the admissibility of evidence.

7.    Award: The arbitrator(s) shall issue a written award no later than ten business days from the date of the final session, unless otherwise agreed.

8.    Confidentiality: Neither the MMDC, nor the arbitrator(s), nor the work product or confidential notes of the arbitrator(s) is subject to appearance at, or disclosure in, any judicial proceeding relating to the arbitration.

9.    Liability Disclaimer: Neither the MMDC, its staff, nor the arbitrator(s) shall be liable to any party for any act or omission in connection with any arbitration conducted in this case.

10.   Fees: Counsel, or pro se parties, are responsible for payment of neutral and administrative fees pursuant to the MMDC fee schedule. The arbitrator shall be compensated for the time scheduled for the hearing as well as any additional time spent at the hearing and pre-hearing conferences and for document review and written memorandum, of any, accompanying the award.

11.   Supplementation: These provisions may be supplemented by written agreement of the parties.

_____            _____            *
Plaintiff/Plaintiff's Attorney        ~~Defendant/~~Defendant's Attorney

_____            _____
Plaintiff/Plaintiff's Attorney        Defendant/Defendant's Attorney

_____            _____
Plaintiff/Plaintiff's Attorney        Defendant/Defendant's Attorney

Date:_____            Date:_____

Accepted:
Date:_____            _____
                                       Arbitrator

* Both parties have requested arbitration. The Joneses were the defendants in the Superior Court action filed by James Lu and Yu Cheung.



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

JEFFREY S. STERN
stern@srbc.com

March 30, 2004

Frederick E. Connelly, Jr., Esquire
Peabody & Arnold, LLP
50 Rowes Wharf
Boston, MA 02110

Thomas O. Moriarty, Esquire
Marcus, Errico, Emmer & Brooks, P.C.
45 Braintree Hill Office Park
Suite 107
Braintree, MA 02184

        Re:    *392-394 Boylston Common Condominium Dispute*

Dear Counsel:

        Enclosed herewith is my bill for time expended to date in this matter. I have good availability both next Monday and next Tuesday for a conference call, which I will place. Please advise by e-mail as to whether there are particular times on either of those dates that would not work. I am pleased we were able to make some progress yesterday, and I think agreeing on a property manager was a major step forward.

                                        Sincerely,

                                        Jeffrey S. Stern

JSS/rml

cc:    Ms. Nelly Gonzalez
        Middlesex Multi-Door Courthouse
        40 Thorndike Street
        Cambridge, MA 02141

347038

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA    PROVIDENCE, RI

FREDERICK E. CONNELLY, JR.
[617] 951.4710
fconnelly@peabodyarnold.com

April 6, 2004

**Via Facsimile (w/o enclosures)**
**and Regular Mail (w/enclosures)**

Thomas Moriarty, Esq.
Marcus, Errico, Emmer & Brooks PC
45 Braintree Hill Office Park
Braintree, MA 02184

Re:    392-394 Boylston Commons Condominium Arbitration

Dear Attorney Moriarty:

It has now been eight days since the first day of arbitration. My clients are becoming anxious that there has been little progress. With the City of Newton hearing scheduled for April 15th, time is of the essence.

At the arbitration, Attorney Jeff Stern asked Vincenzo Bonaccorsi to provide us with copies of all invoices for materials purchased for the project including what he paid for fill and topsoil. He was also to supply information concerning what he paid his employees. Despite two messages left on his voice message, nothing has been received.

It was also agreed at the arbitration that you would draft propose changes to the arbitration provision in the condo documents. I would appreciate receiving the proposal as soon as possible.

As has so often been the case when it comes to the management of the condominium, my clients have done the lion's share of the work trying to resolve this. They have met with three excavators, all of whom have inspected the rear and side yards. The news is not good. All three are of the opinion that the fill used by Vincenzo Bonaccorsi for the side yard is illegal and must be removed. It is clear from their inspection that Mr. Bonaccorsi did not obtain the illegal fill from Boston Bark and Mulch. I expect that Boston Bark and Mulch will confirm that they did not deliver any illegal fill to the property. It would appear from closer inspection that the side yard fill is construction debris. The fill used contains a large amount of asphalt. Time is again of the essence. The fill has continued its migration further off the property and in short time will overwhelm the bio fence on Mr. Lu's side of the property.

**PEABODY & ARNOLD** LLP
Thomas Moriarty, Esq.
April 6, 2004
Page 2

We need an agreement at this time so that the condominium association can take the necessary legal actions against Mr. Bonaccorsi. Demand must be made upon Mr. Bonaccorsi to remove the fill and dispose of it properly at his own expense. The condominium association is entitled to reimbursement for all materials paid for but not used by Mr. Bonaccorsi and for any changes that must be made to the project because of the unprofessional work that was done. This would include rebuilding the wall. In a nutshell I would expect that Mr. Bonaccorsi would have to pay back everything that he has been paid to date and then also pay for the cost of removing and disposing of the illegal fill. My clients are unaware whether Mr. Bonaccorsi has insurance, perhaps Mr. Lu has information concerning this.

My clients propose retaining either a landscaper architect or a landscaper with some design capabilities. Decisions must be made at this time as to how to finish the back yard and remove the fill. Before any work is done, however, the City of Newton must be approached in order that the Stop Work Order be lifted. We believe that the city will be more receptive if a professional has been retained to do the work.

My clients have elicited two proposals from property managers. Yesterday they emailed Mr. Lu concerning the proposals of David Altman and Randy Barkman. My clients are willing to set up conference calls with these individuals. They also propose writing out a series of questions for these two individuals. They would like to get a property manager in place by the end of this week.

Jeff Stern lives not too far from the Boylston Condominium. My clients think it a good idea to take Mr. Stern up on his offer to stop by the property. We expect that this would be acceptable to Mr. Lu as well. I have sent a copy of this letter to Jeff Stern.

Enclosed please find copies of the arbitration exhibits.

I look forward to hearing from you.

Very truly yours,

Frederick E. Connelly, Jr.

FEC:jh
cc:    Jeffrey Stern (via facsimile w/o enclosures) (via first-class mail w/enclosures)
PABOS2:FCONNEL:586065_1
14780-90379

**MARCUS,
ERRICO,
EMMER &
BROOKS,
P.C.**

Attorneys At Law

Suite 107
45 Braintree Hill Office Park
Braintree, Massachusetts 02184
Telephone (781) 843-5000
Facsimile (781) 843-1529
e-mail tmoriarty@meeb.com
website www.meeb.com

Janet Oulousian Aronson *◊
Richard E. Brooks
William DeBear
Seth Emmer *
V. Douglas Errico †
Stephen M. Marcus
Thomas O. Moriarty *‡
Jeffrey C. Turk

Edmund A. Allcock
Paul J. Barresi
Patrick J. Brady ‡
Laura White Brandow
Alison L. Forbes
Jill Sullivan Joyce †
John D. Kalish ‡
Kathryn E. Loebs
MaryLou Muirhead
Therese Quijano
Joseph D. Saurino
John E. Shaffer, P.E.°
Douglas A. Troyer◊

* Also admitted in CT
† Also admitted in NY
* Also admitted in NH
‡ Also admitted in FL
◊ Also admitted in RI
♦ Also admitted in ME

Boston    (617) 367-0006
Springfield - (413) 736-7500
Worcester - (508) 791-2120
New Hampshire - (603) 891-2006
Rhode Island - (401) 351-2221

April 26, 2004

**VIA FACSIMILE and
FIRST CLASS MAIL**

Frederick E. Connelly, Jr., Esq.
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Re:    392-394 Boylston Commons Arbitration

Dear Rick:

As you may be aware, your clients decided to proceed with a prosecution of their Small Claims matter on Wednesday, April 21, 2004 in clear violation of the arbitration provisions set forth in the governing documents of the Condominium.

As both the Small Claims Decision and the transcript of the Small Claims proceeding may have direct and determinative impact on issues subject to arbitration, please be advised that the Lus do not intend to resume arbitration until such time as both the transcript of the Small Claims proceeding and the judgment in the Small Claims proceeding have been received by this office.

Please be further advised that my clients have not waived any claims or rights they have against the Jones' in connection with the Jones' clear and intentional violation and repudiation of the arbitration provisions and the governing documents of the Condominium and reserve the right to withdraw from arbitration and pursue a claim in a Court of competent jurisdiction premised upon that violation and repudiation.

By copy of this correspondence to Jeffrey Sterns, Esq. I am advising him that the Lus do not intend to proceed on the date presently reserved for the next arbitration hearing, Wednesday, April 28, 2004.

Please feel free to contact me should you have any questions in this regard.

Sincerely,

MARCUS, ERRICO, EMMER
& BROOKS, P.C.

Thomas O. Moriarty

TOM/jmm
cc:    Jim Lu
       Jeffrey Stern, Esq. (via fax and mail)

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA    PROVIDENCE, RI

FREDERICK E. CONNELLY, JR.
[617] 951.4710
fconnelly@peabodyarnold.com

April 27, 2004

**Via Facsimile**
Thomas Moriarty, Esq.
Marcus, Errico, Emmer & Brooks PC
45 Braintree Hill Office Park
Braintree, MA 02184

Re:    392-394 Boylston Commons Condominium Arbitration

Dear Attorney Moriarty:

I am in receipt of your fax dated April 26, 2004. I disagree with your position that my clients going forward with the small claims matter on Wednesday, April 21, 2004 in any way violates the arbitration provisions in the governing documents of the condominium. My clients first requested of Mr. Lu in September 2003 that the disputes between the parties be arbitrated. Over seven months later and the arbitration is still not completed. Your client's refusal to attend arbitration on Wednesday, April 28, 2004 is a further attempt to delay a decision and a resolution of the ongoing disputes. The small claims matter dealt with only one part of the issues to be decided by the arbitrator. There is no reason not to go forward at this time. The arbitration will not conclude on Wednesday, April 28, 2004 and therefore, in all likelihood the decision of the Small Claims Court will have been received prior to Jeff Stern making an award.

Jim Lu is in violation of the arbitration provision by pulling out of the arbitration proceedings at this time. My clients reserve the right to file a motion in the Middlesex Superior Court action to compel arbitration. It is my understanding that Jeff Stern wishes to hold a conference call this morning to discuss whether or not to proceed on Wednesday.

Very truly yours,

Frederick E. Connelly, Jr.

FEC:tmb
cc:    Jeff Stern, Esq. (via facsimile)
       Diane Scott-Jones (via facsimile)

587354_1
14780-90379

**MARCUS, ERRICO, EMMER & BROOKS, P.C.**

Attorneys At Law

Suite 107
45 Braintree Hill Office Park
Braintree, Massachusetts 02184
Telephone (781) 843-5000
Facsimile (781) 843-1529
e-mail tmoriarty@mceb.com
website www.meeb.com

Janet Oulousian Aronson *◊
Richard E. Brooks
William DeBear
Seth Emmer *
V. Douglas Errico †
Stephen M. Marcus
Thomas O. Moriarty *‡
Jeffrey C. Turk

Edmund A. Allcock
Paul J. Barresi
Patrick J. Brady ‡
Laura White Brandow
Alison L. Forbes
Jill Sullivan Joyce †
John D. Kalish ‡
Kathryn E. Loebs
MaryLou Muirhead
Therese Quijano
Joseph D. Saurino
John E. Shaffer, P.E.°
Douglas A. Troyer◊

° Also admitted in CT
† Also admitted in NY
* Also admitted in NH
‡ Also admitted in FL
◊ Also admitted in RI
◊ Also admitted in ME

Boston – (617) 367-0006
Springfield – (413) 736-7500
Worcester – (508) 791-2120
New Hampshire - (603) 891-2006
Rhode Island – (401) 351-2221

April 27, 2004

**VIA FACSIMILE and
FIRST CLASS MAIL**

Frederick E. Connelly, Jr., Esq.
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Re:    392-394 Boylston Commons Arbitration

Dear Rick:

This letter is written to follow-up on our conference call earlier today.

Please be advised that my clients will consent to the tentative scheduling of a further arbitration hearing but only on the condition that your clients agree that such consent and the scheduling of a further hearing does not constitute a waiver of any right or claim possessed by the Lus, if any, to withdraw from arbitration and proceed with a complaint in Court premised upon a claim that the Jones' have violated and/or repudiated the arbitration provisions of the Condominium governing documents. Your clients must also acknowledge and recognized that the Lus have specifically reserved any such right.

Your clients must also agree that such consent by the Lus and the scheduling of a further hearing shall not be used, relied upon, advanced or otherwise made subject of any pleadings, motion, affidavit or other paper filed in, or in connection with, any court proceedings.

Please indicate your clients' consent to the terms of this letter and your authorization to sign on their behalf by executing the enclosed copy of this correspondence where indicated below and returning the original to my attention at the above-address.

Sincerely,

MARCUS, ERRICO, EMMER
& BROOKS, P.C.

Thomas O. Moriarty

TOM/jmm
cc:    Jim Lu
       Jeffrey Stern, Esq. (via fax and mail)

Diane Scott-Jones and John Jones, Jr.
By their attorney,

_____

Frederick E. Connelly, Jr., Esq.
duly authorized



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

JEFFREY S. STERN
stern@srbc.com

April 30, 2004

Frederick E. Connelly, Jr., Esquire
Peabody & Arnold, LLP
50 Rowes Wharf
Boston, MA 02110

Thomas O. Moriarty, Esquire
Marcus, Errico, Emmer & Brooks, P.C.
45 Braintree Hill Office Park
Suite 107
Braintree, MA 02184

  Re: *392-394 Boylston Common Condominium Dispute*

Dear Counsel:

  The following will summarize my understanding of today's conference call:

1. I have reserved May 19 and May 27 as dates for arbitration. We would start at 9:30 on each date.

2. While I understand that Tom and/or his clients have concerns and reservations, my expectation is that all parties will appear on those dates ready to proceed, in the absence of some agreement or order to the contrary.

3. As we discussed, I would have no trouble proceeding on a "Med/Arb" basis— that is, starting with an attempt to reach agreement, and converting into arbitration mode in the absence of agreement. That may be particularly useful if there are settlement proposals that have been discussed in the interim period, and the procedure insures resolution one way or the other. However, the "Med/Arb" would have to be by agreement, in the absence of agreement, it will be an arbitration.

4. I understand that there is at least a tentative agreement concerning a property manager, and that is clearly a good step forward.

5. I would encourage written agreement as to the scope of the arbitration which, in

_____

## SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.

Letter to Counsel
April 30, 2004
Page 2

      my view, should cover all past issues, and at least the future issues regarding what should be done with the two side yards and the back yard, and how it should be paid for.

6.     I understand that there is a proposal concerning a receiver to handle other disputes going forward. I would encourage discussion about that proposal.

      I acknowledge that no one has waived any rights, but I have attempted to restate my understanding of where we are.

      Finally, I would appreciate it if my billing to date is paid prior to our next meeting. Thank you for your cooperation.

      Sincerely,

      Jeffrey S. Stern

JSS/rml

348789



# MMDC
## Middlesex Multi-Door Courthouse
40 Thorndike Street 11th Floor
Cambridge, Massachusetts 02141

(617) 494-0592
www.multidoor.org

*Fax: (617)494-1093*

May 17, 2004

By email transmission

Thomas O. Moriary
Marcus, Errico, Emmer & Brooks, PC
Suite 107
45 Braintree Hill Office Park
Braintree, MA 02184

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA 02459

Re: 392-394 Boylston Commons Arbitration

Dear Parties:

I am sorry to confirm that it has come to my attention that the arbitration-mediation process endeavored by the parties with neutral Jeffrey Stern has failed. Accordingly, there will be no additional sessions scheduled between the parties and Attorney Stern through the Middlesex Multi-Door Courthouse.

While I encourage the parties to attempt to continue any dispute resolution process with any other neutral, this letter will also confirm my offer to the parties: if they would like to continue to work at settlement through a facilitated negotiation, I would offer to mediate for the parties at no charge.

All of our panelist's qualification information, including mine, can be found at our web site www.multidoor.org.

Please feel free to contact me with any questions or concerns you might have.

Best Regards,

/s/

Bette Roth
Director