UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION               CIVIL ACTION NO. 05-10350JLT

)
DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )
)

## DEFENDANTS' ANSWER

    NOW COME the above-captioned Defendants and respectfully submit, pursuant to Massachusetts Federal Rules of Civil Procedure Rule 12(a)(4)(A), this Answer to Plaintiffs' Complaint. Pursuant to said Rule, this answer is filed within ten (10) days of the date of this Honorable Court's decision on Defendants' Motion to Dismiss.

### INTRODUCTION

1.   This paragraph states legal conclusions that require no answer of Defendants. Defendants further answer that Plaintiffs' legal conclusions are inapplicable and inaccurate and that any allegation of wrongdoing on behalf of Defendants presented herein is denied.

### JURISDICTION

2.   Denied.

### PARTIES

3.   Denied with respect to Plaintiffs being consumers pursuant to 15 U.S.C. 1692(a)(3). The remainder of this paragraph is admitted upon information and belief.

4.  Denied with respect to defendants being debt collectors within the meaning of 15 U.S.C. 1692(a)(6) in this case. The remainder of this paragraph is admitted.

## COUNT

5.  Denied with respect to Defendants making false and misleading statements. The remainder of this paragraph concerns documents which speak for themselves.

6.  Admitted that Defendants issued a letter dated December 28, 2004 in response to Plaintiffs' letter of December 22, 2004. Admitted that Defendants issued a letter dated January 4, 2005 in response to Plaintiffs' letter dated December 31, 2004. Admitted that Defendants issued a letter dated January 11, 2005 in response to Plaintiffs' letter dated January 7, 2005. Defendants further answer that all such documents speak for themselves.

7.  Defendants answer that their December 15, 2004 letter is a documents which speaks for itself. The remainder of this paragraph states a conclusion of law to which Defendants need not respond. Defendants further answer that said legal conclusion is not applicable to this case.

8.  Defendants' and Plaintiffs' letters are documents which speak for themselves. Plaintiffs' legal conclusions require no response from Defendants. Defendants further answer that Plaintiffs' legal conclusions are not applicable and that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

9.  Defendants' and Plaintiffs' letters are documents which speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

10. Defendants' and Plaintiffs' letters are documents which speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied. Defendants further answer Plaintiffs' allegation that they had not received an invoice contradicts information provided to Defendants by the Court-Appointed Receiver of Middlesex Superior Court Action No. 2003-05103.

11. Defendants' and Plaintiffs' letters are documents which speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

12. Denied with respect to applicability or accuracy of Plaintiffs' legal conclusions. Defendants further answer that Defendants' and Plaintiffs' letters are documents which speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

13. Denied with respect to applicability or accuracy of Plaintiffs' legal conclusions. Defendants further answer that Defendants' and Plaintiffs' letters are documents which speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

14. Denied with respect to applicability or accuracy of Plaintiffs' legal conclusions. Defendants further answer that Defendants' and Plaintiffs' letters are documents which speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

15. The Defendants' Superior Court pleadings are documents which speak for themselves.

## **CLAIM FOR RELIEF**

16. Denied.

17. Denied.

## **AFFRIMATIVE DEFENSES**

1. Lack of Subject Matter Jurisdiction.

2. Unclean Hands.

3. Failure to State a Claim Upon Which Relief May Be Granted.

4. Lack of Standing.

5. Debt collection initiated through Court-Appointed Receivership (Middlesex Superior Court Action 2003-05103).

6. Massachusetts law requires payment of even disputed condominium debt prior to legal challenge of the same.

7. Debt has been validated by Superior Court and Order requiring payment of the same issued on February 15, 2005 (Middlesex Superior Court Action 2003-05103).

8. Frivolous, retaliatory, bad faith action.

The Defendants hereby reserve all rights to Motion this Honorable Court for attorneys' fees and costs, as per Massachusetts Federal Rules of Civil Procedure Rule 54(d), upon issuance of judgment in this matter.

Respectfully submitted,
For all Defendants

Date: May 20, 2005

_____
Charles A. Perkins, Jr.
BBO# 394430
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978)251-8509

_____
Gary M. Daddario
BBO# 639615
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978)251-8509