UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

| | |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, Plaintiffs<br>v.<br>CHARLES A. PERKINS, JR., GARY M. DADDARIO, and PERKINS & ANCTIL, PC Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**NOW COME** the Plaintiffs in the above-captioned matter and hereby submit to this Honorable Court this Memorandum of Law in Support of Plaintiffs' Motion for Judgment on the Pleadings. The Plaintiffs anticipate that their claims, with the exception of paragraphs 14, 15, and 17 of their Complaint, can be decided on the pleadings.

### I. PRELIMINARY STATEMENT

The Plaintiffs, Diane Scott-Jones and John E. Jones, Jr., own and live in one unit of a small two-unit residential condominium (4,200 sq. ft. living area for the two units combined, on 1/3 acre, ) purchased as new construction in Newton, MA, on September 1, 2000. Qing Lu and Yu Cheung own and live in the second of the two units, which they purchased approximately one month after the Plaintiffs. Owners of the two units are Trustees of 392-394 Boylston Commons Condominium. There is no external

condominium association to provide maintenance and upkeep, which must be decided and paid jointly by the owners of the two units.

Plaintiff Diane Scott-Jones is Professor of Psychology at Boston College. Plaintiff John E. Jones, Jr, is the Deputy Director of the National Weather Service, U.S. Department of Commerce; his office is in Washington, DC. The Plaintiffs own a second single-family home in the Maryland suburbs and, since September, 2000, have divided their time between their homes in Maryland and Newton.

The Plaintiffs incorporate by reference additional background information provided in Plaintiffs' pleadings listed below.

On February 18, 2005, the Plaintiffs filed the instant action, a Complaint under the Fair Debt Collection Practices Act (FDPCA), 15 U.S.C. 1692, against the Defendants, Charles A. Perkins, Jr., Gary M. Daddario, and Perkins & Anctil. Subsequent pleadings include:

Defendants' Motion to Dismiss, on or around March 16, 2005
Plaintiffs' Opposition to Defendants' Motion to Dismiss, March 30, 2005
Defendants' Motion for Leave of Court to File Additional Papers, on or around April 6, 2005
Plaintiffs' Opposition to Defendants' Motion to File Additional Papers, April 21, 2005

On May 16, 2005, the Court DENIED Defendants' Motion to Dismiss. On or around May 20, 2005, Defendants filed their Answer.

On August 29, 2005, in preparation for the September 6, 2005, Scheduling Conference, the Plaintiffs submitted a Joint Statement; because the Defendants did not reply to the Plaintiffs' request to add information, the Plaintiffs submitted their Joint Statement without input from the Defendants. On August 29, 2005, Attorney James S. Franchek filed an appearance for the Defendants; he added information to the Plaintiffs'

draft of the Joint Statement and submitted it separately from the Plaintiffs' submission, without the Plaintiffs' review of the Defendants' additions.

## I.  ARGUMENT

According to Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. The Plaintiffs submit that the Defendants' Motions and Answer fail to aver a legally sufficient affirmative defense to violations of the FDCPA. The Defendants' pleadings to date assert defenses that are not central to the Plaintiffs' claims of violations of the FDCPA. Further, the Defendants' affirmative defenses in their Answer reassert issues on which the Court has previously ruled in the Plaintiffs' favor in this case.

### A. THE ISSUE OF JURISDICTION WAS DECIDED IN PLAINTIFFS' FAVOR IN THE COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS

In their Answer, the Defendants offer the defense that the Court lacks subject matter jurisdiction. The Defendants, in their Motion to Dismiss, claimed that the FDCPA does not apply to condominium assessments. The Court did not agree and, citing *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F. 3d 477 (7th Cir. 1997), denied the Defendants' Motion to Dismiss. The Court stated:

Because condominium assessments qualify as "debts" under the Fair Debt Collection Practices Act (FDCPA), this court has subject matter jurisdiction to adjudicate Plaintiffs' claims.

The issue of jurisdiction has been decided in Plaintiffs' favor. The Defendants cannot raise lack of jurisdiction as a defense to their violations of the FDCPA.

3

**B. THE CLAIMS OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, LACK OF STANDING, AND FRIVOLOUS, RETALIATORY, BAD FAITH ACTION WERE DECIDED IN PLAINTIFFS' FAVOR IN THE COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS**

In their Answer, the Defendants claim that Plaintiffs have not brought a legitimate complaint against them. The Defendants claim that Plaintiffs have failed to state a claim upon which relief may be granted, that Plaintiffs lack standing to bring a complaint, and that Plaintiffs' complaint is frivolous, retaliatory, and in bad faith. The Defendants made these claims in their Motion to Dismiss and again in their Motion for Leave of Court to File Additional Papers. The Court did not agree and denied the Defendants' Motion to Dismiss. The Court ordered that:

<u>Defendants Motion to Dismiss</u> [#5] is DENIED as Plaintiffs' complaint states claims for violations of the FDCPA.

The Court has already decided these issues in the Plaintiffs' favor. The Defendants cannot raise these issues as a defense to their violations of the FDCPA.

**C. DEFENSES THAT INVOLVE THE LEGITIMACY OF THE DEBT ARE NOT ADEQUATE DEFENSES TO VIOLATIONS OF THE FDCPA.**

The FDCPA is applicable to manner in which alleged debts are collected. Section 802(e) states: "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors..." The Defendants' defenses that involve the legitimacy of the alleged debt thus are not adequate defenses to their violations of the FDCPA.

The Defendants' claim the following defenses, among others, in their Answer:

2. Unclean Hands.
5. Debt collection initiated through Court-Appointed Receivership (Middlesex Superior Court Action 2003-05103).
6. Massachusetts law requires payment of even disputed condominium debt prior to legal challenge of the same.
7. Debt has been validated by Superior Court and Order requiring payment of the same issued on February 15, 2005 (Middlesex Superior Court Action 2003-05103).

The Plaintiffs take issue with all these defenses; however, these defenses do not address Defendants' debt collection practices or the manner in which the Defendants attempted to collect the debt they claimed the Plaintiffs owed. Further, the Defendants' affirmative defense #7 involves a February 15, 2005, Superior Court Order that occurred after the Defendants' violations of the FDCPA in Defendants' letters to the Plaintiffs dated December 15, 2004; December 28, 2004; January 4, 2005; and January 11, 2005. The February 15, 2005, Court Order cannot be used to justify Defendants' letters written in December, 2004, and January, 2005, prior to the Court Order.

Independent of whether the Defendants believed the alleged debt to be legitimate, they were required to comply with the FDCPA. Section 802(c) requires the Defendants and all debt collectors to use "Means other than misrepresentation or other abusive debt collection practices…" Again, the Defendants have failed to assert a legally sufficient defense.

## D. CORRESPONDENCE DEFENDANTS SUBMITTED IN THE PLEADINGS SHOWS CLEAR VIOLATIONS OF THE FDCPA.

In their Answer, the Defendants address paragraphs 5 through 13 in the Plaintiffs' Complaint by stating "Defendants' and Plaintiffs' letters are documents which speak for themselves." The Defendants have submitted these letters to the Court as Exhibits 2 through 8 in their Motion to Dismiss. The letters exchanged between the Defendants and the Plaintiffs clearly demonstrate the Defendants' violations of the FDCPA. In particular, the Defendants:

1. claimed the Fair Debt Collection Practices Act does not apply to condominium payments (Exhibit 6).

2. included in their letters a notice of the Fair Debt Collection Practices Act (Exhibits 2, 4, 6 and 8) but made statements in the text of the letter that overshadowed and contradicted the Fair Debt Collection Practices Act.

3. did not state in the text of their letters that a thirty-day time period is allowed for disputing a debt (Exhibits 4 and 6).

4. failed to provide verification of the alleged debt (Exhibits 6 and 8) when Plaintiffs asked (Exhibits 3, 5 and 7) and made false statements regarding the obligation to verify the debt (Exhibits 6 and 8).

5. implied that legal proceedings had already begun on December 15, 2004 (Exhibit 2).

6. made misleading statements regarding the legal status of the alleged debt (Exhibit 7).

### E. THE DEFENDANTS HAVE NOT CLAIMED THEIR VIOLATIONS WERE UNINTENTIONAL OR BONA FIDE ERRORS.

The FDCPA, section 813(c) lists two acceptable defenses to violations:

A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The Defendants, in their Motion to Dismiss and in their Answer, have not claimed any lack of intent or any bona fide error. On the contrary, the Defendants included in each of their letters to the Plaintiffs a statement regarding the FDCPA but, when Plaintiffs requested the procedures required by the FDCPA, the Defendants claimed the FDCPA was not relevant to their debt collection actions involving the Plaintiffs.

## II.     CONCLUSION

**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court rule in the Plaintiffs' favor, and against the Defendants, based on the pleadings filed to date, for all claims with the exception of paragraphs 14, 15, and 17. The Plaintiffs respectfully request that this Honorable Court consider their Motion to Amend and Supplement their Complaint for claims of violations of the FDCPA not resolved in this Motion for Judgment on the Pleadings. The Plaintiffs respectfully request that this Honorable Court:

A. Award Plaintiffs the following amounts, including:

$3,000 in statutory damages;

$5,123.42 in fees demanded by the Defendants, plus any other fees demanded, or a waiver of any fees Defendants, their client Sheryl A. Sarkis, and/or any other interested party claim the Plaintiffs owe for debt collection actions;

$250 Court filing fee;

$201.90 U.S. Marshals fee for serving summons;

an amount to be determined for pro se Plaintiffs' time and loss of standing in employment and career, including but not limited to one-half of academic year salary to pay for one semester leave taken by Plaintiff Diane Scott-Jones and days taken from work and air fare from Washington to Boston for Plaintiff John E. Jones, Jr.;

and all other costs of Plaintiffs' efforts to defend themselves against the Defendants' unjust debt collection actions.

B. Appoint a competent attorney as class counsel to identify and represent the class of persons who are or have been the targets of Defendants' violations of the Fair Debt Collection Practices Act.

C. Take any and all other actions judged to be in the interest of justice.

**Respectfully submitted,**

_[signature]_                    _[signature]_
Diane Scott-Jones, Pro Se        John E. Jones, Jr., Pro Se

392 Boylston Street, Newton, MA  02459
617-558-3522

September 6, 2005