UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, <br>    Plaintiffs, <br><br> v. <br><br> CHARLES A. PERKINS, JR., GARY M. DADDARIO and PERKINS & ANCTIL, P.C., <br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS OF RECORD IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME the above-captioned Defendants (collectively "Perkins & Anctil"), by and through counsel, and respectfully submit, pursuant to Local Rules for the District of Massachusetts Rule 56.1, this Statement of Material Facts of Record in Support of Defendants' Motion for Summary Judgment to this Honorable Court.

The Defendants' state that the following are the material facts relative to the claims asserted in the Complaint and that there is no genuine dispute as to the same:

1. The Defendants (collectively "Perkins & Anctil") were retained by Sheryl Sarkis, the Court-Appointed Receiver (pursuant to Middlesex Superior Court Civil Action No. 03-5103 which was filed by the other owners of the condominium with Marcus, Errico, Emmer and Brooks, P.C. as counsel) of the 392-394 Boylston Commons Condominium ("Boylston Commons"), to collect a delinquent assessment from the Plaintiffs. See Affidavit of Charles A. Perkins, Jr. at ¶ 5, Affidavit of Gary M. Daddario at ¶5 and Affidavit of Sheryl Sarkis at ¶10 filed herewith.

2. Perkins & Anctil are not and have never been counsel to Boylston Commons. See Affidavit of Charles A. Perkins, Jr. at ¶ 8and Affidavit of Gary M. Daddario at ¶ 8 filed herewith.

3. Perkins & Anctil are not and have never been responsible for or associated with the operation of Boylston Commons. See Affidavit of Charles A. Perkins, Jr. at ¶ 9 and Affidavit of Gary M. Daddario at ¶ 9 filed herewith.

4. The only actions taken by Perkins & Anctil in pursuit of the delinquent assessment were the drafting of the letters attached as Exhibits to the Memorandum of Law in Support of Defendants' Motion for Summary Judgment. See Affidavit of Charles A. Perkins, Jr. at ¶ 6 and Affidavit of Gary M. Daddario at ¶ 6 filed herewith.

5. As set forth in the Affidavit of the Court-Appointed Receiver, Sheryl Sarkis (filed herewith) the Plaintiffs were apprized of the reason for the assessment that Perkins & Anctil were retained to collect. See Affidavit of Sheryl Sarkis at ¶ 8-9.

6. Specifically, in order to correct improper landscaping on the condominium's common areas, the Decelle Group was retained to perform a topography survey. See Affidavit of Sheryl Sarkis at ¶ 5.

7. The final cost of the survey was $2,500.00 and, accordingly, each of the two units of Boylston Commons was assessed $1,250.00. See Affidavit of Sheryl Sarkis at ¶ 6-7.

8. This was explained to Plaintiffs by Sheryl Sarkis. See Affidavit of Sheryl Sarkis at ¶ 6-9. Further, Ms. Sarkis issued written correspondence to all unit owners. See Affidavit of Sheryl Sarkis at ¶9.

9. Plaintiffs were provided with documentation prior to the issue of collection correspondence by Perkins & Anctil. See Affidavit of Sheryl Sarkis at ¶ 9, Affidavit of Charles A. Perkins, Jr. at ¶ 7 and Affidavit of Gary M. Daddario at ¶ 7.

10. Perkins & Anctil were retained because Ms. Sarkis' prior attempts to collect the assessment had failed. See Affidavit of Sheryl Sarkis at ¶ 10.

11. The letters written by Perkins & Anctil constitute their only actions in the attempt to collect the assessment and, perhaps as important, their only contact with Plaintiffs. See Affidavit of Charles A. Perkins, Jr. at ¶ 6 and Affidavit of Gary M. Daddario at ¶ 6 filed herewith.

12. After Middlesex Superior Court hearings on February 3rd and February 8, 2005, the Superior Court issued an Order requiring the Plaintiffs to remit payment of the assessment sought, as well as all legal fees and costs. Copy of the Order of Bonnie H. MacLeod, Justice, attached as Exhibit "8" to the Memorandum of Law in Support of the Defendants' Motion for Summary Judgment.

13. The Plaintiffs' subsequent Motion to Stay the Order Pending Appeal was denied after "an extensive hearing and review of the documents." Copy of the Order of Leila R. Kearn, Justice, attached as Exhibit "9" to the Memorandum of Law in Support of the Defendants' Motion for Summary Judgment.

14. The Plaintiffs have filed this action against Perkins & Anctil alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). See Complaint. Accordingly, while the actions undertaken by Perkins & Anctil in conjunction with their attempt to collect the delinquent assessment are relevant, the issues surrounding the Superior Court litigation and Plaintiffs' grievances with various other parties thereto are not relevant to deciding the issue presented by this Complaint- whether Perkins & Anctil violated the FDCPA.

Respectfully submitted,
For all Defendants

James S. Franchek (BBO #177030)
Franchek & Porter, LLC
85 Devonshire St, 6th FL
Boston MA  02109
(617) 573-0020

Dated: September 14, 2005