UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION  CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

### AFFIDAVIT OF SHERYL SARKIS, COURT-APPOINTED RECEIVER

I, Sheryl Sarkis, having personal knowledge of the facts stated below, under oath depose and say as follows:

1. I am over the age of eighteen and have been/am competent to make observations and to testify thereto regarding these matters.

2. I am a professional property manager with approximately eighteen years of experience in this field.

3. I was appointed by the Superior Court to be the Receiver for the 392-394 Boylston Commons Condominium ("Boylston Commons"). I have attached a true and accurate copy of the Superior Court's Order regarding my appointment hereto as Exhibit "A".

4. Upon my appointment, Boylston Commons had several issues relative to improper landscaping work that had previously been completed on common areas of the Boylston Commons site.

5. In preparation for securing a vendor to complete the necessary corrective/remedial landscaping work, I retained the Decelle Group to perform a land topography survey.

6. The costs associated with the Decelle Group's services was $2,500.00.

Decelle Group's invoice attributable to each unit is $1,250.00.

8. In verbal discussions, I explained to all unit owners the nature of the work performed and to be performed, as well as the cost associated therewith and the resulting $1,250.00 assessment to each unit.

9. In addition, on or about October 12, 2004, I issued a written explanation to all unit owners and attached a copy of the Decelle Group invoice. True and accurate copies of my October 12, 2004 letter as well as the Decelle Group invoice that was issued with it are attached hereto, collectively, as Exhibit "B".

10. As my efforts to collect the $1,250.00 assessment from the above-captioned Plaintiffs failed, I retained Perkins & Anctil, P.C. for the purpose of collecting the delinquent assessment.

11. In the process of retaining Perkins & Anctil, P.C., I informed Perkins & Anctil, P.C. that I was the Court-Appointed Receiver of Boylston Commons, that the above-captioned Plaintiffs were previously known and positively identified by me and that the above-captioned Plaintiffs previously received all verification of the debt constituting the delinquent assessment.

12. During my tenure as Receiver, the above-captioned Plaintiffs made attempts to contact John Rosenthal. John Rosenthal is the President of Meredith Management and was my boss in the course of my primary employment, property manager for Meredith Management.

13. As the Receivership was an assignment I personally accepted, separate from my primary employment with Meredith Management, Mr. Rosenthal was not an appropriate contact for discussion of the issues at Boylston Commons. Although I informed the above-referenced Plaintiffs of the same, their attempts to contact Mr. Rosenthal continued.

14. At some point, the above-captioned Plaintiffs' behavior began to have a negative impact on my primary employment and my relationship with my employer.

15. Rather than resign as a result of the issues relative to the above-captioned Plaintiffs' behavior, I instructed Perkins & Anctil, P.C. to file a Motion seeking an injunction preventing the above-captioned Plaintiffs from contacting John Rosenthal.

16. The Superior Court granted the Motion.

17. To date, the above-captioned Plaintiffs have failed to remit payment of the $1,250.00 assessment that Perkins & Anctil, P.C. sought to collect.

Signed under the pains and penalties of perjury this 8th day of September 2005.

_____
Sheryl Sarkis

County of Middlesex
The Superior Court

CIVIL DOCKET#: MICV20...




RE:    Lu, indiv & Derivatively on behalf 392-394 Boylston Commons Cond et al v. Sr
       Jones, indiv and tr 392-394 Boylston Commons Condo Tr et al
TO:    Thomas O Moriarty, Esquire
       Marcus Errico Emmer & Brooks
       45 Braintree Hill Park
       Suite 107
       Braintree, MA 02184

## NOTICE OF DOCKET ENTRY

You are hereby notified that on 06/24/2004 the following entry was made on the above referenced docket:

ORDER APPOINTING RECEIVER: 1. That until further order of the Court, Parties, their agents, servants and all those acting in concert with them restrained from performing any duties as trustees of the 392-394 Boylston Commc Condominium Trust, ("Condominium"); 2. That until further order of the Court, She A. Sarkis of Meredith Management Corporation, One Bridge Street, Suite 3( Newton, MA 02458-1101 be and is hereby appointed Receiver of the estate, proper monies, debts and effects of every kind and nature of or belonging to the 392-3 Boylston Commons Condominium Trust; and she is hereby authorized and direct to take charge of and the porperty held in trust, the organization of Unit Owners the Condominium pursuant to the Declaration of Trust in order to do the th n necessary to operate, maintain, repair, replace, and alter the common areas of t Condominium and otherwise administer and care for the common areas ai facilities of the Condominium, within the limitations set forth herein, as the Receiv deems proper; and, within the limitations set forth herein, she is hereby author z( and directed to effectuate all the powers and duties provided in and subject MGLc. 156,s51 and MGLc. 155ss 52-53, Mass R Civ P 66, MGLc 183A, and Article of the Declaration of Trust which incorporates the By-Laws of the Condominium. ( copy of the By-Laws at Article V of the Declarartion of Trust are appended to :h Order as Exhibit "1"); The Receiver shall promptly establish a budget for Tt Condominium operation for the remander of 2004, and ensure that sufficient fundir is colleted from the Unit Owners to carry out the Receiver's duties as required by tt terms of the Condominium documents at GL c 183A. 3. That until further order of th Court, the Receiver shall take all necessary and reasonable actions to assure tt

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

Condominium's compliance with all city, state and federal law in connection with and all city, state and federal enforcement orders regarding the common areas of Condominium. Any and all costs associated with complying with same shall be responsibility of both the Plaintiff and the Defendants who shall pay one-half of cost of correcting the problems in the common areas of the condominium which not clevered by insurance; 4. That until further order of the Court, the Parties s turn over to said Receiver, all the property, monies, debts and effects of every and nature, belonging to the Condominium in the hands, possession or con together with all books, deeds, documents, and papers relating thereto. It is fur ordered that the escrow agents for the Parties, identified in compliance with Court's January 26, 2004 Order, shall turn over said Receiver all monies hel escrow on behalf of the Parties. The Receiver shall, upon receipt of the esc funds, open a checking account on behalf of the Condominium and deposit escrow funds in said account for further condominium business as authorized ur the constituent documents of the Condominium and as set forth herein. 5. Receiver shall have no authority to assign financial liability for or otherw prosecute, resolve or dismiss any action concerning the Parties existing disp regarding whether any Trustee has breahed a fiduciary duty or whether any Trus or Unit Owner committed wrongful actions in violation of the Condomini Documents and General Laws Chapter 183A including, without limitation, dispute regarding the rights, duties and financial obligations of the Parties a result of the landscaping projects conducted in the common areas of Condominium in 2003. Nothing in this Paragraph is intended to limit the Receive ability to act with respect to the completion of the landscape project or compliar with state claims or municipal orders with regard to the common areas of t Condominium. This Paragraph is intended to allow the Parties to prosecute and resolve any and all financial claims, which stem from actions taken by either Pa prior to the date of this Order; 6. The Receiver shall not be authorized to effect a improvements to the common areas and facilities of the Cndominium witho compliance with MGL c 183A, s 18. The restoration of the backyard is presently necessary repair and not an improvement and, therefore, the restoration of t existing elemtns does not require compliance with zmglc 183A, s18. 7. In the eve both Unit Owners agree on a course of action the Receiver shall undertake suc action so long as it complies with MGL c 183A and the constituent documents of t Condominium. The Parties shall have the right to jointly petition the Court authorize the Receiver to take action which might not otherwise comply with MGL 183A or the constituent documents of the Condominium; 8. That any party, or sa Receiver, may apply to the Court, from time to time, for such further directions o orders, as may be necessary ; and 9. Grant such other and further relief as this Cou deems just and equitable. (Gants, J.) copies sent 7/21/04 certified to Receiver 7/21/0

Dated at Cambridge, Massachusetts this 21st day of July, 2004

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

Edward J. Sullivan,
Clerk of the Courts

BY: Phil McKenna
Assistant Clerk

Telephone: 617-494-4010 EXT 4281

Boylston Commons Condominium
Sheryl A. Sarkis, As Receiver
P. O. Box 389
Revere, MA 02151
617-241-7779

October 12, 2004

Mr. and Mrs. John Jones, Jr.
392 Boylston Street
Newton, MA 02459

Mr. Lu Qing/Ms. Yu Cheung
396 Boylston Street
Newton, MA 02459

Dear Unit Owners:

For the past few months we have been working to resolve the situation that currently exists in the rear yard of your property. We have met with City of Newton personnel, engineers and contractors. In this regard, we had to hire an engineer to survey the property so that we could appropriately bid out the necessary specifications to contractors who could remove the fill, regrade and hydroseed the yard, in addition to aerating the area down below that was damaged as a result of the bobcat used in the original scope of the project. The cost of the engineer was $2,500 (copy of bill enclosed for your records).

At this time we find it necessary to assess the Association for the cost of the engineer since there are not adequate funds to cover this unanticipated expense in your operating account/budget.

Each unit owner should submit a check payable to 392-394 Boylston Common Condominium Trust and mail to: P. O. Box 389, Revere, MA 02151 no later than November 15, 2004 in the amount of $1,250. If payment is not received by this date, your account will be forwarded to an attorney for collection action. All legal fees associated with this matter will be the responsibility of the unit owner. Per order of the receivership and in accordance with your Master Deed/By-Laws, Section 5.1.2 etc. unit owners are obliged to pay all common area and special assessments levied.

On a similar note, we have sent out the bid package and are waiting for the price to perform the above-mentioned work. We anticipate that we will have obtained three bids by the end of this month. We will then notify you of your cost associated with the completion of this project. Assuming we receive the appropriate approval(s), as well as the cooperation of the unit owners, we hope to complete the project by the end of the year, weather permitting and the assumption that the funds necessary will be set aside in advance.

We thank you for your continued patience and look forward to a speedy resolution.

Sincerely,


Sheryl A. Sarkis,
As Receiver

CC: Alison Levins, Property Manager

# THE DeCelle Group

400 WASHINGTON STREET
SUITE LL-9
BRAINTREE, MA 02184
1-781-794-6800 (o)   1-781-794-6801 (f)

Invoice

| Date | Invoice # |
|---|---|
| 8/30/2004 | 24 |

**Bill To**

Sarkis Sarkis
P.O. Box 389
Revere, MA 02151

| Due Date | Account # | Project |
|---|---|---|
| 8/30/2004 | | 12S 043-Newton |

| Description | Qty | Rate | Amt |
|---|---|---|---|
| Prepare site plan of 555 Boylston Street showing design and current grades | 1 | 2,500.00 | 500.00 |
| Less applied retainer | 1 | -850.00 | -850.00 |
| Delivery | | 35.00 | 35.00 |

*Handwritten note:* Please Call to Discuss — Approaching 90 DAYS

*Handwritten:* THANKS  Jim Burke

| Total | $ | ?.00 |
|---|---|---|
| Payments/Credits | | ?.00 |
| Balance Due | $ | .00 |