UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., | ) |
| INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 | ) |
| BOYLSTON COMMONS CONDOMINIUM TRUST, | ) |
| **Plaintiffs** | ) |
| v. | ) |
|  | ) |
| CHARLES A. PERKINS, JR., GARY M. DADDARIO, and | ) |
| PERKINS & ANCTIL, PC | ) |
| **Defendants** | ) |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS (1) DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE OF COURT TO AMEND AND SUPPLEMENT THEIR
COMPLAINT, (2) DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR JUDGMENT ON THE PLEADINGS, AND (3) DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND SUPPORTING DOCUMENTS

NOW COME the Plaintiffs in the above-captioned matter and hereby submit to this

Honorable Court this Memorandum of Law in Support of Plaintiffs' Motion to Dismiss

(1) Defendants' Opposition to Plaintiffs' Motion for Leave of Court to Amend And

Supplement Their Complaint, (2) Defendants' Opposition to Plaintiffs' Motion for

Judgment on The Pleadings, and (3) Defendants' Motion for Summary Judgment and

Supporting Documents.

## I.    PRELIMINARY STATEMENT

The Plaintiffs, Diane Scott-Jones and John E. Jones, Jr., own and live in one

unit of a small two-unit residential condominium (4,200 sq. ft. living area for the two

1

units combined, on 1/3 acre, ) purchased as new construction in Newton, MA, on

September 1, 2000.  Qing Lu and Yu Cheung own and live in the second of the two units,

which they purchased approximately one month after the Plaintiffs.  Owners of the two

units are Trustees of 392-394 Boylston Commons Condominium.  There is no external

condominium association to provide maintenance and upkeep, which must be decided

and paid jointly by the owners of the two units.

Plaintiff Diane Scott-Jones is Professor of Psychology at Boston College.

Plaintiff John E. Jones, Jr, is the Deputy Director of the National Weather Service, U.S.

Department of Commerce; his office is in Washington, DC.  The Plaintiffs own a second

single-family home in the Maryland suburbs and, since September, 2000, have divided

their time between their homes in Maryland and Newton.

The Plaintiffs incorporate by reference additional background information

provided in Plaintiffs' pleadings listed below.

On February 18, 2005, the Plaintiffs filed the instant action, a Complaint under

the Fair Debt Collection Practices Act (FDPCA), 15 U.S.C. 1692, against the Defendants,

Charles A. Perkins, Jr., Gary M. Daddario, and Perkins & Anctil.  Subsequent pleadings

and events include:

Defendants' Motion to Dismiss, on or around March 16, 2005
Plaintiffs' Opposition to Defendants' Motion to Dismiss, March 30, 2005
Defendants' Motion for Leave of Court to File Additional Papers, on or around April 6, 2005
Plaintiffs' Opposition to Defendants' Motion to File Additional Papers, April 21, 2005
Defendants' Motion to Dismiss DENIED, May 16, 2005.

Defendants Answer filed on or around May 20, 2005

Joint Scheduling Conference scheduled for August 7, 2005.
Defendants requested a delay.

2

Joint Scheduling Conference, held September 6, 2005

Plaintiffs' Motion for Judgment on Pleadings, filed September 6, 2005
Plaintiffs' Motion to Amend and Supplement their Complaint, filed September 6, 2005

## II.    ARGUMENT

### A. FAILURE TO SERVE COPIES OF DOCUMENTS

Upon information and belief, the Defendants filed seven documents listed above

in Court, September 14, 2005. In response to telephone calls on October 6 and 7, 2005,

the Docket Clerk informed the Plaintiffs that Defendants had filed documents. The

Defendants failed to serve these documents on the Plaintiffs. (See Affidavit of Plaintiff

John E. Jones, Jr.) Federal Rules of Civil Procedure 5(a) states:

> "…every written motion other than one which may be heard ex parte, and every
> written notice, appearance, demand, offer of judgment, designation of record on
> appeal, and similar paper shall be served upon each of the parties."

Federal Rules of Civil Procedure 6(d) further states:

> "…When a motion is supported by affidavit, the affidavit shall be served with the
> motion…"

The requirement to serve documents is well-known and is not unique to this case

or to the Fair Debt Collection Practices Act. The Defendants' failure to serve copies is an

inexcusable error.

### B. FAILURE TO FILE CERTIFICATE OF SERVICE

Upon information and belief, the Defendants did not file a Certificate of Service with

the documents noted above. On October 7, 2005, the Docket Clerk informed the

Plaintiffs that the Defendants had not filed a Certificate of Service with any of the above·

3

noted documents filed on September 14, 2005. (See Affidavit of Plaintiff John E. Jones,

Jr.) Federal Rules of Civil Procedure 5(d) states:

"All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court…"

The requirement to file a Certificate of Service with the documents is well-known

and is not unique to this case or to the Fair Debt Collection Practices Act. The

Defendants' failure to file a Certificate of Service is an inexcusable error.

## C. RISK OF DEFAULT JUDGMENT AGAINST PLAINTIFFS

Defendants' failure to serve the Plaintiffs' a copy of Defendants' Motion for

Summary Judgment is an error that carries great potential for undue harm to the

Plaintiffs, and undue benefit to the Defendants, because Plaintiffs have not been

permitted the opportunity to oppose the Defendants' Motion. Federal Rules of Civil

Procedure 56 provides the standards for seeking a summary judgment. Under Rule 56,

Plaintiffs are permitted and expected to prepare an opposition.

In the absence of any opposition from the Plaintiffs, the Defendants' Motion for

Summary Judgment could be decided by default. Federal Rule 56(e) states:

"…If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

## D. REPEATED VIOLATION OF FEDERAL RULES

The Defendants have violated Federal Rules of Civil Procedure in addition to their

failure to serve copies of documents and failure to file Certificates of Service. The

Defendants are establishing a pattern of violation of rules. To date, Defendants have

submitted to Plaintiffs two documents they claim to be Rule 68 Offers of Judgment.

4

Neither document, however, meets the requirements of Rule 68. Nevertheless, the
Plaintiffs were required to prepare a response to the documents submitted under the guise
of Rule 68. The Defendants' submitting documents that are not bona fide Rule 68 offers
has caused the Plaintiffs an unnecessary loss of time and resources. Further, the
Defendants' correspondences regarding the so-called Rule 68 Offers of Judgment contain
errors and inconsistencies in dates and method of service.

On September 8, 2005, the Defendants sent to the Plaintiffs, by facsimile
transmission, a copy of a document entitled Defendants' Rule 68 Offer of Judgment,
which was undated. (See Exhibit 1 for a copy of Defendants' document and Plaintiffs'
response.) A Certificate of Service, dated September 7, 2005, was attached to the offer
which stated, "...caused a copy of the above document to be served on the Plaintiffs by
transmitting a copy of same by first class mail, postage prepaid and certified mail/return
receipt requested..." The Plaintiffs, however, never received a copy of the offer as
described in the certificate of service. (See Affidavit of Plaintiff John E. Jones, Jr.) A
cover letter, dated September 8, 2005, affixed to the so-called Rule 68 offer, indicated the
correspondence was also sent by email but the Plaintiffs did not receive any such
electronic mail correspondence. The Defendants' inconsistencies and errors create an
unreliable record and allow for confusion in the calculation of time responses are due.

The so-called Rule 68 Offer of Judgment itself was flawed. The Defendants'
document explicitly excluded costs, offering "...no interest or costs", and thereby failed
to meet the requirements of Rule 68. The Defendants' flawed document is inexcusable;
Rule 68 clearly states:

At any time more than 10 days before the trial begins, a party defending against a claim
may serve upon the adverse party an offer to allow judgment to be taken against the

defending party for the money or property or to the effect specified in the offer, **with costs then accrued**. (emphasis added)

On September 21, 2005, the Defendants submitted a second undated document labeled a Rule 68 Offer of Judgment. The second so-called Rule 68 Offer included an ambiguous use of the phrase "with costs then accrued" and thus did not meet the requirements of Rule 68. (See Exhibit 2 for a copy of Defendants' document and Plaintiffs' response.) The requirements of Rule 68 are that the Defendants offer to pay cost accrued up to the time of extending the offer. The Defendants' offer could be interpreted as an offer to pay costs accrued at some time prior to their extending the offer

## E. ABSENCE OF GOOD FAITH AND FAIR DEALING

The Defendants' actions noted above and other actions suggest an absence of good faith and fair dealing with respect to the Plaintiffs. Another example is the Defendants' refusal to cooperate with the Plaintiffs' efforts to meet the requirements for the Joint Scheduling Conference. On August 29, 2005, in preparation for the September 6, 2005, Scheduling Conference, the Plaintiffs submitted a Joint Statement; because the Defendants did not reply to the Plaintiffs' request to add information, the Plaintiffs submitted their Joint Statement without input from the Defendants. On August 29, 2005, Attorney James S. Franchek filed an appearance for the Defendants; he added information to the Plaintiffs' draft of the Joint Statement and submitted it separately from the Plaintiffs' submission, without the Plaintiffs' review of the Defendants' additions.

The Defendants actions must be guided by a good faith effort to comply fully with the Federal Rules of Civil Procedure and, more generally, with the ethical standards of the legal profession.

6

## III. CONCLUSION

The Defendants have not met the requirements of serving the Plaintiffs copies of documents filed in the Court and of filing a Certificate of Service with those documents. Substantial harm to the Plaintiffs can arise from Defendants' failure to serve copies of documents to which the Plaintiffs must reply. The Defendants' failure to comply with the Federal Rules of Civil Procedure is causing the Plaintiffs a substantial loss of time and resources.

**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court:

A. Dismiss all documents submitted by the Defendant on September 14, 2005, as referenced in the Plaintiffs Motion.

B. Consider sanctions against the Defendants, if deemed appropriate, and award the Plaintiffs their costs associated with their motion.

C. Take any and all other actions as the Court deems appropriate.

**Respectfully submitted,**

Diane Scott-Jones, Pro Se

John E. Jones, Jr., Pro Se

**October 10, 2005**

**Diane Scott-Jones and John E. Jones, Jr.**
**392 Boylston St.**
**Newton, MA 02459**

7

# EXHIBIT 1

# FRANCHEK & PORTER, LLC

Counselors At Law
85 Devonshire Street
Boston, Massachusetts 02109
Telephone: (617) 573-0020
Telecopier: (617) 723-0977

## FACSIMILE COVER SHEET

**NAME:** __ **Dr. Diane Scott-Jones** _____ __ ___

**COMPANY:** ___ **Dept. of Pyschology, Boston College** _____ __ _

**FAX NUMBER:** __(617) 552-6137__ _____ __ _

**DATE:** ____ 9/8/05 _____ __ _

**FROM:** _____ **James S. Franchek, Esq.** _____ __ _

**NUMBER OF PAGES: (Including Cover Page)**    **4**

**Please see attached Defendant's Rule 68 Offer Of Judgment together with Certificate of Service**

The document accompanying this transmission contains information from Franchek & Porter, LLC which is confidential or privileged. The information is intended to be for the uses of the individual recipient. Be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately, so that we can arrange for the retrieval of the original document(s) at no cost to you.

Please contact the SENDER at (617) 573-0020 immediately if less than the required number of pages arrived or a transformation error occurred.

05/08/2005  16:07    6177238977                                                                     PAGE  02/04

## FRANCHEK & PORTER, LLC
COUNSELORS AT LAW
### 85 DEVONSHIRE STREET
### BOSTON, MASSACHUSETTS 02109
### TEL. 617.573.0020
### FAX 617.723.0977
WWW.FRANCHEKPORTER.COM
September 8, 2005

## PERSONAL AND CONFIDENTIAL
## VIA FACSIMILE, EMAIL
## AND CERTIFIED MAIL

CERTIFIED MAIL No. 7004 1160 0007 4158 8433

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA 02459

> RE:   Diane Scott-Jones et al. v. Perkins & Ancil et al.
> United Stated District
> Court Civil Action No. 05-10350-JLT

Dear Mr. and Mrs. Jones:

Enclosed please find "Defendant's Rule 68 Offer of Judgment."

Very Truly Yours,

James S. Franchek

JSF/mes
enclosure

05/08/2005  16:07    6177236577

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**EASTERN DIVISION**                    CIVIL ACTION NO. 05-10350JLT

```
                                          )
DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM              )
TRUST,                                    )
      Plaintiffs,                         )
                                          )
v.                                        )
                                          )
PERKINS & ANCTIL, P.C., et.al.            )
      Defendants.                         )
                                          )
```

## DEFENDANTS' RULE 68 OFFER OF JUDGMENT

The Defendants, Charles A. Perkins, Jr., Gary M. Daddario and Perkins & Anctil,

P.C. (hereinafter collectively referred to as "Perkins & Anctil"), hereby extend an offer to

settle the aforereferenced lawsuit pursuant to Rule 68 of the Federal Rules of Civil

Procedure, in the amount of Four Thousand ($4,0000.00), with no interest or costs.


Perkins & Anctil, P.C.,
Charles A. Perkins, Jr. and
Gary M. Daddario,
By Their Attorneys,


James S. Franchek (BBO # 177030)
FRANCHEK & PORTER, LLC
85 Devonshire Street
Boston, Massachusetts 02109
Tel.: 617.573.0020
Fax: 617.723.0020
Email: jsfranchek@franchekporter.com

## CERTIFICATE OF SERVICE

I, James S. Franchek, attorney for the defendants in the above-captioned matter, do hereby certify that on this 7th day of September, 2005, I caused a copy of the above document to be served on the Plaintiffs by transmitting a copy of same by first class mail, postage prepaid and certified mail/return receipt requested to:

Diane Scott-Jones, Pro Se, and John E. Jones, Jr., Pro Se,
392 Boylston St, Newton MA 02459.

James S. Franchek

392 Boylston St.
Newton, MA 02459
617-558-3522

September 16, 2005

VIA FACSIMILE AND FIRST CLASS MAIL

James S. Franchek
Franchek & Porter, LLC
85 Devonshire Street
Boston MA 02109

Dear Attorney Franchek:

Enclosed is Plaintiffs' response to the document entitled Defendants' Rule 68 Offer of Judgment.

Please note that we received this document via facsimile on September 8, 2005. Your cover letter also indicates that you sent the letter via "email" but we did not receive it in either of our electronic mail accounts. Your Certificate of Service states that you transmitted a copy of the letter via "first class mail" but we did not receive that copy. Your Certificate of Service is dated September 7, 2005, but your cover letter and facsimile cover sheet are dated September 8, 2005, which is the date we received the document. We ask you to exercise greater care in noting dates and modes of transmittal of documents, as receipt of documents in a timely manner is important in the matters at hand.

Thank you for your cooperation.

Sincerely,

Diane Scott-Jones, Pro Se

John E. Jones, Jr., Pro Se

Cc: Ms. Zita Lovett (first class mail)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 05-10350JLT

| | |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, <br>    **Plaintiffs** <br><br> v. <br><br> CHARLES A. PERKINS, JR. ,GARY M. DADDARIO,  and PERKINS & ANCTIL, PC <br>    **Defendants** | ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 68 OFFER OF JUDGMENT

**NOW COME** the Plaintiffs in the above-captioned matter and hereby respond to a document entitled Defendants' Rule 68 Offer of Judgment, which the Plaintiffs received via facsimile on September 8, 2005.

In their document, the Defendants' claim they wish to "extend an offer to settle the aforereferenced lawsuit pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the amount of Four Thousand ($4,000.00), with no interest or costs."

The Defendants' offer explicitly excludes costs and therefore does not meet the requirements of Rule 68.   Fed. R. Civ. P. 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, **with costs then accrued.**  (emphasis added)

Because the Defendants' offer is not a bona fide Rule 68 offer, no further response from the Plaintiffs is necessary.

1

**Respectfully submitted,**

Diane Scott-Jones, Pro Se                 John E. Jones, Jr., Pro Se

392 Boylston Street, Newton, MA 02459

617-558-3522

September 16, 2005

## CERTIFICATE OF SERVICE

We hereby certify this 16th day of September, 2005, that a true copy of the foregoing was served, via facsimile and first-class mail, upon Attorney James S. Franchek for the Defendants,

Diane Scott-Jones, Pro Se                 John E. Jones, Jr., Pro Se

2

392 Boylston St.
Newton, MA 02459
617 558-3522

September 16, 2005

Ms. Zita Lovett, Deputy Clerk
United States District Court
1 Courthouse Way
Boston, Massachusetts 02210

**RE:**  **Civil Action No. 05-10350JLT**
     **Diane Scott-Jones et al. v. Charles A. Perkins et al.**

Dear Ms. Lovett:

Enclosed are documents related to the Defendants' extending the Plaintiffs an offer presented as a Rule 68 Offer of Judgment.   Our position is that the Defendants' offer is not a bona fide Rule 68 Offer of Judgment.

We are sending you a copy of these documents for the Court's records, in the event the Defendants attempt in a future proceeding to use these documents to determine costs. (Rule 68 provides:  "An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.")

Thank you for your consideration.

Sincerely,

Diane Scott-Jones, Pro Se                John E. Jones, Jr., Pro Se

cc:  James S. Franchek (for Defendants)

# EXHIBIT 2

## FRANCHEK & PORTER, LLC

COUNSELORS AT LAW

**85 DEVONSHIRE STREET**
**BOSTON, MASSACHUSETTS 02109**
TEL. 617.573.0020
FAX 617.723.0977
WWW.FRANCHEKPORTER.COM

September 21, 2005

**PERSONAL AND CONFIDENTIAL**
**CERTIFIED MAIL, RRR**

CERTIFIED MAIL No. 7004 1160 0007 4158 7795

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA 02459

      RE:    Diane Scott-Jones et al. v. Perkins & Ancil et al.
            United Stated District
            Court Civil Action No. 05-10350-JLT

Dear Mr. and Mrs. Jones:

      Enclosed please find "Defendant's Rule 68 Offer of Judgment."

                    Very Truly Yours,

                    James S. Franchek

JSF/mes
enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                          CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>PERKINS & ANCTIL, P.C., et.al.<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

## **DEFENDANTS' RULE 68 OFFER OF JUDGMENT**

The Defendants, Charles A. Perkins, Jr., Gary M. Daddario and Perkins & Anctil,

P.C. (hereinafter collectively referred to as "Perkins & Anctil"), hereby extend an offer to

settle the aforereferenced lawsuit pursuant to Rule 68 of the Federal Rules of Civil

Procedure, in the amount of Four Thousand ($4,0000.00), with costs then accrued.


Perkins & Anctil, P.C.,
Charles A. Perkins, Jr. and
Gary M. Daddario,
By Their Attorneys,


James S. Franchek (BBO # 177030)
FRANCHEK & PORTER, LLC
85 Devonshire Street
Boston, Massachusetts 02109
Tel.: 617.573.0020
Fax: 617.723.0020
Email: jsfranchek@franchekporter.com

## CERTIFICATE OF SERVICE

I, James S. Franchek, attorney for the defendants in the above-captioned matter, do hereby certify that on this 21[th] day of September, 2005, I caused a copy of the above document to be served on the Plaintiffs by transmitting a copy of same by first class mail, postage prepaid and certified mail/return receipt requested to:

Diane Scott-Jones, Pro Se, and John E. Jones, Jr., Pro Se,
392 Boylston St, Newton MA  02459.

James S. Franchek

392 Boylston St.
Newton, MA 02459
617-558-3522

September 30, 2005

VIA FIRST CLASS MAIL

James S. Franchek
Franchek & Porter, LLC
85 Devonshire Street
Boston MA 02109

Dear Attorney Franchek:

Enclosed is Plaintiffs' response to the second document you have submitted entitled Defendants' Rule 68 Offer of Judgment.

Sincerely,

Diane Scott-Jones, Pro Se            John E. Jones, Jr., Pro Se

Cc: Ms. Zita Lovett

Enclosure

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

_____ )
                                        )
DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
            Plaintiffs                  )
                                        )
v.                                      )
                                        )
CHARLES A. PERKINS, JR. ,GARY M. DADDARIO,  and )
PERKINS & ANCTIL, PC                    )
            Defendants                  )
_____ )

## PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 68 OFFER OF JUDGMENT

NOW COME the Plaintiffs in the above-captioned matter and hereby respond to

a document entitled Defendants' Rule 68 Offer of Judgment, which the Plaintiffs

received on September 22, 2005.

The Defendants previously submitted, on September 8, 2005, a similar document

that explicitly excluded costs and thereby failed to meet the requirements of Rule 68.

In their second document entitled Defendants' Rule 68 Offer of Judgment, the

Defendants' claim they wish to "extend an offer to settle the aforereferenced lawsuit

pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the amount of Four

Thousand ($4,000.00), with costs then accrued."

The Defendants' undated offer includes an ambiguous usage of the phrase "with

costs then accrued" and therefore does not meet the requirements of Rule 68.   Fed. R.

Civ. P. 68 provides:

1

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, **with costs then accrued**.  (emphasis added)

Rule 68 requires that the Defendants offer to pay costs accrued up to the time of their extending the offer.  The Defendants' offer could be interpreted as an offer to pay costs accrued at some time prior to their extending the offer.

Because the Defendants' offer is not a bona fide Rule 68 offer, no further response from the Plaintiffs is necessary.

**Respectfully submitted,**

Diane Scott-Jones, Pro Se          John E. Jones, Jr., Pro Se

**Diane Scott-Jones, Pro Se**          **John E. Jones, Jr., Pro Se**

**392 Boylston Street, Newton, MA 02459**

**617-558-3522**

**September 30, 2005**

CERTIFICATE OF SERVICE

We hereby certify this 30th day of September, 2005, that a true copy of the foregoing was served upon Attorney James S. Franchek for the Defendants.

Diane Scott-Jones, Pro Se          John E. Jones, Jr., Pro Se

Diane Scott-Jones, Pro Se          John E. Jones, Jr., Pro Se

2

392 Boylston St.
Newton, MA 02459
617 558-3522

September 30, 2005

Ms. Zita Lovett, Deputy Clerk
United States District Court
1 Courthouse Way
Boston, Massachusetts 02210

RE:    **Civil Action No. 05-10350JLT**
       **Diane Scott-Jones et al. v. Charles A. Perkins et al.**

Dear Ms. Lovett:

Enclosed are documents related to the Defendants' extending the Plaintiffs a second offer presented as a Rule 68 Offer of Judgment.  Our position is that the Defendants' second offer is not a bona fide Rule 68 Offer of Judgment.

We are sending you a copy of these documents for the Court's records, in the event the Defendants attempt in a future proceeding to use these documents to determine costs. (Rule 68 provides: "An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.")

Thank you for your consideration.

Sincerely,

Diane Scott-Jones, Pro Se

John E. Jones, Jr., Pro Se

cc:  James S. Franchek (for Defendants)