UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
    Plaintiffs )
v. )
 )
CHARLES A. PERKINS, JR., GARY M. DADDARIO, and )
PERKINS & ANCTIL, PC )
    Defendants )

**PLAINTIFFS' PROPOSED AMENDED AND SUPPLEMENTED COMPLAINT**

**INTRODUCTION**

1. The Plaintiffs hereby submit the following as an amendment and supplement to their Complaint, filed on February 18, 2005, under the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. to recover statutory damages, fees and costs by reason of the Defendants' violation of the Act. The Plaintiffs' Complaint also alleged breach of good faith and fair dealing. The Plaintiffs seek to amend their Complaint to state with greater specificity a subset of their claims (especially paragraphs 14, 15, and 17) against the Defendants and to supplement their Complaint with events that occurred or that Plaintiffs discovered after they filed their initial Complaint.

2. The Jurisdiction and Parties remain the same as in the initial Complaint.

3. The Plaintiffs repeat and reallege their initial Complaint as if stated in full herein, with the exception of paragraphs 14, 15, and 17, which are amended and supplemented as follows.

1

## COUNT I, VIOLATION OF FDCPA:
### SECTION 805(B), COMMUNICATION WITH THIRD PARTIES
### SECTION 807(4), 807(8), FALSE OR MISLEADING REPRESENTATIONS
### SECTION 812(A), FURNISHING CERTAIN DECEPTIVE FORMS

4. The Defendants wrote two separate letters dated February 7, 2005, to HSBC Mortgage Corp, holder of the mortgage on the Plaintiffs' condominium unit. The letters contain false and misleading statements about: the Plaintiffs' alleged debt, the requirements of M.G.L. c. 183A, section 6 (c), and the Defendants' intended actions.

5. The two February 7, 2005 letters asked HSBC Mortgage Corp. to assist the Defendants in collecting the alleged debt.

   A. One February 7, 2005, letter has the caption "RE: Sixty (60) Day Notice to Mortgagee of Intent to Institute Action to Enforce Lien pursuant to M.G.L. c. 183A, section 6 (c)" (included as Exhibit 9 in Defendants' Motion to Dismiss, now denied). This letter includes the statement: "Your assistance in securing the payment of the listed amount from your mortgagor is therefore requested".

   B. The second May 7, 2005, letter has the caption "RE: Thirty (30) Day Notice to Mortgagee of Intent to Institute Action to Enforce Lien pursuant to M.G.L. c. 183A, section 6(c)" (included as the page before Exhibit 12 in Defendants' Motion to Dismiss, now denied). This letter includes the statement: "You may avoid the Association's institution of its collection and lien enforcement action by securing your mortgagor's payment of these sums."

6. The Defendants' Feb. 7, 2005, letters to the HSBC Mortgage Corp. failed to communicate that the Plaintiffs disputed the alleged debt.

7.The Defendants' two February 7, 2005, letters to HSBC Mortgage Corp. indicate that copies were sent to the Defendants' client, Sheryl A. Sarkis, who was acting as Receiver

2

for the two-unit condominium and had, in effect, replaced the Trustees. The Defendants' letters, however, indicated that copies were sent to "Trustees, 392-394 Boylston Commons Condominium". In the two-unit condominium, the only Trustees are the Plaintiffs and the owners of the second unit. The second-unit owners are or have been represented in the related condominium dispute by Douglas Troyer, Thomas Moriarty, and Patrick Brady, all of the firm Marcus, Errico, Emmer, and Brooks. The Defendants, upon information and belief, have close associations with these attorneys and firm.

8. Upon information and belief, the Defendants did not "institute action to enforce lien" within 30 days of their February 7, 2005, letter or at any time since that date.

## COUNT II, VIOLATION OF FDCPA:
## SECTION 807(2)(A), FALSE REPRESENTATION OF THE CHARACTER, AMOUNT, OR LEGAL STATUS OF ANY DEBT
## 807(7), FALSE REPRESENTATION THAT CONSUMER COMMITTED CRIME OR OTHER CONDUCT TO DISGRACE THE CONSUMER

9. On or around January 27, 2005, the Defendants filed an Emergency Motion accusing the Plaintiffs of harassment of John Rosenthal, the president of the property management firm for which the Defendants' client, the Receiver Sheryl A. Sarkis, worked. The Defendants filed the Emergency Motion to enjoin permanently the Plaintiffs from speaking with John Rosenthal. The Defendants' Emergency Motion also asked the Superior Court to compel the Plaintiffs to pay the alleged debt and Defendants' collection fees.

10. On February 3, 2005, a hearing in Superior Court was held on the Defendants' Emergency Motion. The Defendants' client, the Receiver Sheryl A. Sarkis, did not appear and the Court required her to attend a hearing on February 8, 2005. In oral statements in Superior Court and in their written documents submitted to Superior Court,

3

the Defendants and their client Sheryl A. Sarkis made false and misleading statements about harassment and about the alleged debt, including but not limited to the following:

a. the alleged victim of Plaintiffs' alleged harassment, John Rosenthal, did not appear and the Defendants did not submit an affidavit from John Rosenthal. The Defendants, however, submitted a demand for payment of attorneys fees from the Plaintiffs that included an amount for the preparation of an affidavit from John Rosenthal.

b. the Defendants' client, the Receiver Sheryl A. Sarkis, claimed in the February 8, 2005, hearing on the Emergency Motion, that the Defendants harassed and caused the resignation of Alison Levins, a person the Defendants' client allegedly hired as a second property manager for the two-unit condominium. Alison Levins did not appear and the Defendants did not submit an affidavit from Alison Levins.

c. the Defendants and their client, the Receiver Sheryl A. Sarkis, described the alleged debt for a payment to the DeCelle Group for a topographic land survey in vague, inconsistent, and contradictory terms (e.g., "engineering fees" , "engineering instruction") and have made false statements regarding the necessity of the payment to the DeCelle Group.

d. the Defendants, in their letters to the Plaintiffs, demanded payment of their collection fees from the Plaintiffs to their client, the Receiver Sheryl A. Sarkis. In the Superior Court papers, however, the Defendants demanded payment of their collection fees from the Plaintiffs to the second-unit owners, who are represented by the firm Marcus, Errico, Emmer, & Brooks. The Defendants made the false claim that they represented the second-unit owners.

4

11. On Friday, April 29, 2005, the Defendants' client Sheryl A. Sarkis issued a demand for more than $25,000, allegedly for fees to Waverly Landscaping, to be paid by Sunday May 1, 2005, with a $10/day penalty for each day the fee remained unpaid. The Defendants' client on April 29, 2005, also demanded a monthly assessment that was double the amount previously paid, also effective on May 1, 2005. The Defendants, in a July 22, 2005, Superior Court hearing, spoke for their client Sheryl A. Sarkis, who did not appear, and asserted her right to demand payments without demonstrating the legitimacy of the demand. The Defendants claimed that the Plaintiffs have no right to ask questions about a demand for payment, even a demand known to be unlawful, but must pay first and seek recovery through a separate legal action. The Defendants also made false statements about the condominium's financial records, which have been withheld from the Plaintiffs.

**CLAIM FOR RELIEF**

12. The Plaintiffs hereby amend and supplement their Claim for Relief in their initial Complaint. Defendants failed to comply with the Fair Debt Collection Practices Act and failed to act in good faith and fair dealing with respect to the Plaintiffs in the following particulars:

a. wrote false and misleading letters to HSBC Mortgage Corp., holder of the mortgage on the Plaintiffs' condominium unit, and enlisted the support of HSBC in collecting the alleged debt.

b. suggested imminent legal actions against the Plaintiffs that Defendants have not taken.

5

c. added a motion to compel payment of the alleged debt to an emergency motion for a permanent injunction, claiming Plaintiffs harassed the president of a property management company.

d. made false representations of the character, amount, and legal status of alleged debt in oral arguments and written documents submitted to Superior Court.

e. made false and misleading statements about the financial records of the two-unit condominium.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants for:

1. Statutory damages of $3,000 ($1,000 each against Charles A. Perkins, Jr., Gary M. Daddario, and the law firm Perkins & Anctil).

2. Actual damages according to the proof at trial.

3. Fees demanded by the Defendants ($5,123.42) plus any other fees demanded, or a waiver of any fees Defendants, their client Sheryl A. Sarkis, and/or any other interested party may claim the Plaintiffs owe for the Defendants' debt collection actions.

3. Court costs of $250

4. Cost of service of $201.90 to U.S. Marshals

5. Reasonable payment for pro se Plaintiffs' time and loss of standing in employment and career, including but not limited to one-half of academic year salary to pay for one semester leave taken by Plaintiff Diane Scott-Jones and days taken from work and air fare from Washington to Boston for Plaintiff John E. Jones, Jr.; and all other costs of Plaintiffs' efforts to defend themselves against the Defendants' unjust debt collection actions.

6

6. Certification of a class comprised of all individuals who have received debt collection letters similar to those from the Defendants to the Plaintiffs, appointment of Plaintiffs as class representatives, and appointment of competent attorneys as class counsel to identify and represent the class of persons who are or have been the targets of Defendants' violations of the Fair Debt Collection Practices Act.

7. Such other and further relief as the Court may deem just.

Respectfully submitted,

*Diane Scott-Jones*     *John E. Jones, Jr.*

Diane Scott-Jones, Pro Se     John E. Jones, Jr., Pro Se

*Sept. 6, 2005* DATE


Diane Scott-Jones and John E. Jones, Jr.

392 Boylston St.

Newton, MA 02459

617-558-3522


WE THE PLAINTIFFS, DIANE SCOTT-JONES AND JOHN E. JONES, JR. HEREBY VERIFY AND AFFIRM THAT WE HAVE READ THE FOREGOING COMPLAINT AND THAT THE ALLEGATIONS STATED THEREIN, OTHER THAN THOSE STATED UPON INFORMATION AND BELIEF, ARE TRUE AND ACCURATE TO THE BEST OF OUR KNOWLEDGE.

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY UNDER THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS AND THE UNITED STATES.


_____     _____
DIANE SCOTT-JONES                               JOHN E. JONES, JR.