## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**EASTERN DIVISION**

**CIVIL ACTION NO. 05-10350JLT**

---

**DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST,**

    **Plaintiffs**

v.

**PERKINS & ANCTIL, P.C. et al.,**
    **Defendants**

---

### AFFIFAVIT OF COUNSEL FOR PERKINS & ANCTIL

I, James S. Franchek, on my personal knowledge, except as otherwise specified, do depose and state as follows:

1. I am an attorney in good standing licensed to practice law in the Commonwealth of Massachusetts, the State of Michigan, the Federal First Circuit and various administrative bodies.

2. I represent Attorney Charles A. Perkins ("Perkins"), Attorney Gary M. Daddorio ("Daddorio") and their law firm, Perkins & Anctil, P.C. ("Perkins & Anctil") in the within action.

3. Perkins and Daddorio initially represented themselves and Perkins & Anctil in the within matter.

4. On August 29, 2005 I filed a Notice of Appearance in this matter on behalf of Perkins, Daddori0 and Perkins & Anctil.

5. Perkins & Anctil subsequently completed preparation of a Motion for Summary Judgment with a Memorandum of Law and forwarded same to me with signature lines for my name.

6. I carefully reviewed said motion. After satisfying myself that it was meritorious and a correct application of the law to the facts, I directed that the same be filed.

7. My office believed that Perkins & Anctil had served the Motion for Summary Judgment and Memorandum of Law on the Plaintiffs at the same time that they had forwarded said documents to my office.

8. I signed the Motion for Summary Judgment and Memorandum of Law, and my secretary forwarded them to the Court for filing on September 14, 2005.

9. October 11, 2005, the Court sent notice that the Defendants' Motion for Summary Judgment had been denied without prejudice due to lack of service on the Defendants and failure to file a Rule 7 Certification of Consultation.

10. On October 13, 2005, copies of the Motion for Summary Judgment and Memorandum of Law on the Plaintiffs were served on the Plaintiffs, and a Certificate of Consultation and Certificate of Service were filed with the Court.

11. It was only upon receipt of the notice of October 11, 2005 that I realized that Perkins & Anctil had not served the Motion for Summary Judgment and Memorandum of Law on the Plaintiffs, and I believe they thought that I would do so.

12. It was due to this misunderstanding that the Motion for Summary Judgment and Memorandum of Law were not initially served upon the Plaintiffs.

13. An attorney at my firm promptly contacted the Court and spoke to Kim Abaid, who indicated that the Motion for Summary Judgment could be re-opened by filing a Certificate of Service and Rule 7 Certification of Consultation for the Motion for Summary Judgment.

14. On information and belief, in the interim, on October, 7, 2005, Plaintiff Diane Scott-Jones ("Scott-Jones") had telephoned the Court inquiring about certain documents she had filed with the court and was told that a motion for Summary Judgment had been filed without a Certificate of Service.

15. Scott-Jones did not contact my office to inquire about service of the Summary Judgment Motion and Memorandum of Law or to request copies of same. Instead, she apparently chose to seek immediately file a Motion to Dismiss.

16. Scott-Jones has contacted this office to claim that copies of certain documents attached to the Motion for Summary Judgment that was served on her on October 13, 2005 are not "clear readable" copies.

17. I repeatedly contacted Scott-Jones, who has been acting on behalf of both pre-se plaintiffs, to arrange for whatever deficiencies in the exhibits she perceived, to be remedied. I invited Scott-Jones to our offices in Boston to review our copies of any exhibits attached to the subject motion, but she declined.

18. Finally, I believe that prior to their receipt of the Motion for Summary Judgment, the plaintiffs already possessed "clear readable" copies of all of the materials attached as exhibits to the motion, as most of the documents were letters sent to or by the plaintiffs. Accordingly, I believe that the correspondence from Scott-Jones regarding alleged illegibility of certain exhibits to the subject motion was disingenuous and misleading to the court.

Signed under the penalties of perjury this 14th day of November, 2005.

James S. Franchek

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**                **CIVIL ACTION NO. 05-10350JLT**

---

**DIANE SCOTT-JONES and JOHN E. JONES,**
**JR., Individually and as Trustees of the 392-394**
**BOYLSTON COMMONS CONDOMINIUM**
**TRUST,**
    **Plaintiffs**

v.

**CHARLES A. PERKINS, JR., GARY M.**
**DADDORIO and PERKINS & ANCTIL, P.C.,**
    **Defendants**

---

## CERTIFICATE OF SERVICE

I, James S. Franchek, attorney for the Defendants in the above-captioned matter, do hereby certify that on this 14th day of November, 2005, certify that a copy of this Affidavit of Counsel for Perkins & Anctil was served on the Plaintiffs by transmitting a copy of same, via first class mail, to Diane Scott-Jones, Pro Se, and John E. Jones, Jr., Pro Se, 392 Boylston St, Newton MA 02459.

James S. Franchek