UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
    Plaintiffs )
v. )
     )
CHARLES A. PERKINS, JR., GARY M. DADDARIO, and )
PERKINS & ANCTIL, PC )
    Defendants )

## PLAINTIFFS' MOTION FOR CONTINUANCE OF FURTHER CONFERENCE

NOW COME the Plaintiffs and respectfully move this Honorable Court to grant a continuance of the Further Conference scheduled for December 6, 2005, in the Plaintiffs' Complaint under 15 U.S.C. section 1692, the Fair Debt Collection Practices Act, filed on February 18, 2005. As ground for this Motion, Plaintiffs' state:

1. Following the initial Conference before the Court on September 6, 2005, the Defendants have failed to act in good faith and have caused unnecessary delays. The Defendants' actions are unnecessarily and unfairly increasing the costs and time required for enforcement of the Fair Debt Collection Practices Act. The Defendants' actions, which are noted briefly below, have compelled the Plaintiffs to spend unexpected and unnecessary time in response.

2. Defendants submitted to the Plaintiffs a Rule 68 Offer of Judgment on two occasions, September 8, 2005, and September 21, 2005. Neither offer was a bona

1

fide Rule 68 offer. Nevertheless, the Plaintiffs were required to respond to each Rule 68 Offer of Judgment and did so on September 16, 2005, and on September 30, 2005. The Plaintiffs mailed to the Court copies of Plaintiffs' letters and the Defendants' insufficient Rule 68 Offers of Judgment.

3. The Defendants filed the following seven documents on September 14, 2005, without serving these documents on the Plaintiffs and without filing a Certificate of Service:

A. Defendants' Opposition to Plaintiffs' Motion for Leave of Court to Amend and Supplement Their Complaint,

B. Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings,

C. Defendants' Motion for Summary Judgment,

D. Memorandum of Law in Support,

E. Affidavit of Sheryl Sarkis,

F. Affidavit of Charles A. Perkins, Jr., and

G. Affidavit of Gary M. Daddario.

7. The Plaintiffs only learned about the seven above-noted documents when Plaintiffs called the Docket Clerk on October 6, 2005, to inquire about another matter. The time for Plaintiffs to oppose the Defendants' Motion had elapsed. In the absence of any opposition from the Plaintiffs, the Defendants Motion for Summary Judgment could have been decided by default.

8. The Plaintiffs immediately began to prepare a Motion to Dismiss Defendants' Motion for Summary Judgment and Supporting Documents, which Plaintiffs filed on October 10, 2005.

SCOTT JONES PSYCH DEPT Fax:617-552-6137    Nov 21 2005 11:46    P.04

9. On October 25, 2005, the court granted the Plaintiffs' Motion to Dismiss (considering it a motion to strike). In the interim, however, Plaintiffs were required to ask the Defendants repeatedly for copies of documents the Defendants filed. After receiving unreadable copies, the Plaintiffs were required to ask repeatedly for true and accurate copies of the documents the Defendants filed. The Defendants claimed they did not have clear copies. Finally, the Defendants told the Plaintiffs to travel to the Defendants' attorney's office to view the documents (see Attorney Franchek's letter filed on October 26, 2005, document #44).

10. The Plaintiffs are concerned for their safety because Mr. Jones works out of town on most week days. Defendants' Counsel has made intimidating remarks to Dr. Scott-Jones by telephone. If necessary, Dr. Scott-Jones can prepare an affidavit attesting to the Defendants' Counsel's questionable behavior.

11. These actions of the Defendants have prevented the Plaintiffs from conducting an orderly discovery process during the 90 days between the initial Conference on September 6, 2005, and the scheduled Further Conference on December 6, 2005. The Defendants are causing the temporal, emotional, and monetary costs of enforcement of the FDCPA to escalate beyond reasonable levels.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Grant this Motion without hearing.

B. Reschedule the Further Conference at the court's convenience any time after Monday, March 6, 2006.

C. Take any other action deemed to be in the best interest of justice.

SCOTT JONES PSYCH DEPT Fax:617-552-6137   Nov 21 2005 11:46   P.05

Respectfully submitted,

_____  _____
Diane Scott-Jones, Pro Se        John E. Jones, Jr., Pro Se

November 21, 2005

Diane Scott-Jones and John E. Jones, Jr.
392 Boylston St.
Newton, MA 02459

## CERTIFICATE OF SERVICE

We hereby certify this 21st day of November, 2005, that a true copy of the foregoing was served upon James S. Franchek, Franchek & Porter, LLC, 85 Devonshire Street, Boston, MA 02109, via certified mail.

_____  _____
Diane Scott-Jones, Pro Se        John E. Jones, Jr., Pro Se

4

DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
    Plaintiffs )
  v. )
    )
CHARLES A. PERKINS, JR., GARY M. DADDARIO, and )
PERKINS & ANCTIL, PC )
    Defendants )

### PLAINTIFFS' CERTIFICATE PER LOCAL RULE 7.1

The Plaintiffs hereby certify this 21st day of November, 2005, that, per Local Rule 7.1, Plaintiff Diane Scott-Jones contacted Attorney James Franchek's office by telephone to discuss Plaintiffs' Motion for Continuance of Further Conference. Mr. Franchek was not available. Attorney Adam Berkowitz, who had previously agreed to provide Plaintiffs copies of documents Mr. Franchek had not provided, also was not available.

The call was directed to Lindy McMahon, who identified herself as an attorney and stated she is familiar with the instant action but has not filed an appearance. Plaintiff Scott-Jones informed Ms. McMahon that the Motion for Continuance was mailed to Mr. Franchek and to the Court this morning. Ms. McMahon stated she will inform Mr. Franchek of Plaintiffs' request for Continuance.

Respectfully submitted,

*Diane Scott-Jones*
Diane Scott-Jones, Pro Se
November 21, 2005

*John E. Jones, Jr. by DSJ*
John E. Jones, Jr., Pro Se