UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                    CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
     )
v. )
     )
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

NOW COME the above-captioned Defendants and respectfully submit, pursuant to Massachusetts Federal Rules of Civil Procedure Rule 12(a)(4)(A), this Answer to Plaintiffs' Amended Complaint. Pursuant to said Rule, this answer is filed within ten (10) days of the date of this Honorable Court's decision on Defendants' Motion to Dismiss.

### INTRODUCTION

1. This paragraph states legal conclusions that require no answer of Defendants. Defendants further answer that Plaintiffs' legal conclusions are inapplicable and inaccurate and that any allegation of wrongdoing on behalf of Defendants presented herein is denied.

2. Denied with respect to jurisdiction. Denied with respect to Plaintiffs being consumers pursuant to 15 U.S.C. 1692(a)(3). Denied with respect to Defendants being debt collectors with respect to the Plaintiffs' condominium assessment(s) within the meaning of 15 U.S.C. 1692(a)(6) in this case.

3. Defendants repeat their responses to paragraphs 1 through 13 and paragraph 16 in the Plaintiff's initial Complaint as if fully stated herein.

## COUNT I

4. Defendants admit the first sentence of this paragraph but deny the second.

5. Defendants state that the documents referenced in paragraph 5 speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

6. Defendants state that the documents referenced in paragraph 6 speak for themselves. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

7. Defendants state that the documents referenced in paragraph 7 speak for themselves. Defendants state that the third and fourth sentences are vague and ambiguous; they cannot admit to these and must, therefore, deny same. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

8. This paragraph states a legal conclusion that requires no answer of Defendants. Defendants further answer that that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied. Despite Defendants' original intent to proceed to litigation, if necessary, to obtain payment of the assessments against Plaintiffs, Defendants did not do so as a result of the filing of this lawsuit.

## COUNT II

9. Defendants state that the document referenced in paragraph 9 speaks for itself. Defendants further answer that that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

10. Defendants state that the first sentence is vague and ambiguous as it does not specify a particular Superior Court and is unclear as to which person's Emergency motion is being referenced. Therefore, the first and second sentences cannot be admitted and are herewith denied. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied. To the extent that the balance of paragraph 10 alleges that the Defendants made false and misleading statements or that the Defendants committed any wrongful acts, said allegations are denied.

11. Defendants state to the extent that Sheryl Sarkis, the court-appointed receiver, may have issued a "demand," any "demand" letter speaks for itself. Defendants further answer that to the extent Plaintiffs herein allege wrongdoing on behalf of Defendants, said allegations are denied.

## CLAIM FOR RELIEF

12. Denied.

## PRAYER FOR RELIEF

Wherefore, Defendants pray that the Plaintiffs' action against them be dismissed

## AFFRIMATIVE DEFENSES

1. Defendants' letters to Plaintiffs' mortgagee were prerequisites pursuant to M.G. L. c. 183A § 6(c) to the filing of an action to enforce the automatic statutory lien representing the Plaintiffs' unpaid condominium assessment.

2. Lack of Subject Matter Jurisdiction.

3. Plaintiffs come with unclean hands.

4. Plaintiffs' Amended Complaint fails to state a claim upon with relief may be granted.

5. Plaintiffs lack standing.

6. Defendants committed no acts for the purpose of disgracing Plaintiffs.

7. If any persons not parties to this action committed any wrongful acts against the Plaintiffs, which is specifically denied, the Defendants are not responsible therefor.

8. Defendants transmitted no information regarding Plaintiffs known by them to be false.

9. Defendants neither designed nor compiled nor furnished any forms to create a false belief in Plaintiffs that persons or entities were participating in collecting a debt from Plaintiffs when said persons or entities were not so participating.

10. If Defendants committed any violations of the Fair Debt Collection Practices Act, which violations are denied, the violations were not intentional and resulted from bona fide error.

11. If Defendants committed or omitted any acts in violation of the Fair Debt Collection Practices Act, which Defendants deny, such acts were done or omitted in good faith and in conformity with advisory opinions of the Federal Trade Commission.

12. Any collection of assessments in the Middlesex Superior Court was initiated through a Court-Appointed Receiver. (Middlesex Superior Court Action 2003-05103).

13. Massachusetts law requires payment of even disputed condominium assessments prior to legal challenge of the same.

14. Plaintiffs' assessments and obligations have been validated in the Middlesex Superior Court by an Order requiring payment of the same issued on February 15, 2005 (Middlesex Superior Court Action 2003-05103).

15. Plaintiffs' Amended Complaint is a frivolous, retaliatory, bad faith action.

Defendants hereby reserve all rights to file a Motion for Attorneys' fees and Costs, as per the Federal Rules of Civil Procedure Rule 54(d) and federal statutes, upon issuance of judgment in this matter.

## JURY CLAIM

Defendants claim a trial by jury.

                                          Respectfully submitted,
                                          For all Defendants,
                                          By their Attorneys

                                          */s/ James S. Franchek*
                                          James S. Franchek (BBO #177030)
                                          Franchek & Porter, LLC
                                          85 Devonshire St, 6th FL
                                          Boston MA  02109
Dated: November 18, 2005                (617) 573-0020

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                         CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

## CERTIFICATE OF SERVICE

I, James s. Franchek, attorney for the Defendants in the above-captioned matter, do hereby certify that on this 18th day of November, 2005 that a copy of Defendants' Answer to Amended Complaint was served on Plaintiffs by transmitting a copy of same by first class mail, to Diane Scott-Jones, Pro Se, and John E. Jones, Jr., Pro Se, both of 392 Boylston St, Newton MA 02459.

                                        _____
                                        James S. Franchek

6