UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
    **Plaintiffs** )
v. )
 )
CHARLES A. PERKINS, JR., GARY M. DADDARIO, and )
PERKINS & ANCTIL, PC )
    **Defendants** )

**PLAINTIFFS' MOTION TO STRIKE (1) AFFIDAVIT OF COUNSEL FOR PERKINS & ANCTIL, (2) DEFENDANTS' ANSWER TO AMENDED COMPLAINT, AND (3) NOTICE OF WITHDRAWAL**

NOW COME the Plaintiffs in the above-captioned matter, which is a Complaint filed on February 18, 2005, under the Fair Debt Collection Practices Act, 15 U.S.C section 1692 et seq., and hereby request that this Honorable Court strike: (1) Affidavit Of Counsel For Perkins & Anctil, (2) Defendants' Answer To Amended Complaint, and (3) Notice Of Withdrawal

The grounds for this motion are: Defendants and their counsel failed to file the Affidavit of Counsel and the Answer to Amended Complaint in a timely manner. Further, the Defendants' Answer includes knowingly false statements regarding computation of time. The Notice of Withdrawal does not meet the requirements of Rule 83.5.2 of the Local rules of the United States District Court for the District of

1

Massachusetts. The Notice includes false and misleading statements regarding the events in the instant action and the role of James S. Franchek as counsel for the Defendants. The Defendants have failed to act in good faith during the time that has elapsed since the Plaintiffs filed their Complaint on February 18, 2005. The Defendants' actions are unnecessarily and unfairly increasing the costs and time required to seek enforcement of the Fair Debt Collection Practices Act.

The grounds for this motion and the facts are set out more fully in the attached Memorandum of Law.

**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court:

A. Strike the Affidavit of Counsel, Defendants' Answer, and Notice of Withdrawal referenced in this Motion;

B. Consider sanctions against the Defendants, if deemed appropriate, and award the Plaintiffs their costs associated with this motion.

C. Take any and all other actions the Court deems appropriate.

**Respectfully submitted,**

Diane Scott-Jones, Pro Se          John E. Jones, Jr., Pro Se
**December 14, 2005**

**Diane Scott-Jones and John E. Jones, Jr.**
**392 Boylston Street, Newton, MA 02459**
**617-558-3522**

## PLAINTIFFS' CERTIFICATE PER LOCAL RULE 7.1

The Plaintiffs hereby certify this 14th day of December, 2005, that, per Local Rule 7.1, Plaintiffs John E. Jones, Jr., and Diane Scott-Jones contacted Attorney James Franchek's office by telephone on December 7, 2005, to discuss Plaintiffs' Motion to strike three documents Attorney Franchek submitted on behalf of the Defendants: (1) Affidavit of Counsel for Perkins & Anctil, (2) Defendants' Answer to Amended Complaint, and (3) Notice of Withdrawal. Mr. Franchek was not available. Plaintiff John E. Jones, Jr. left a voice mail message and later that same day followed with an electronic mail message to Attorney Franchek.

Attorney Franchek later called the Plaintiff Mr. Jones and left a voice mail message indicating that he does not wish to be contacted regarding this action. Attorney Franchek subsequently sent an electronic mail message to Plaintiff Dr. Scott-Jones, with a copy to the Defendants, indicating that Attorney Franchek does not wish to be contacted. Attorney Franchek copied the Defendants on all subsequent correspondence regarding the instant action.

Seven days have elapsed since the Plaintiffs' effort to discuss the Motion. The Defendants have not responded.

Respectfully submitted,

_Diane Scott-Jones_
Diane Scott-Jones, Pro Se

_John E. Jones, Jr._
John E. Jones, Jr., Pro Se

December 14, 2005

3

CERTIFICATE OF SERVICE

We hereby certify this 14th day of December, 2005, that a true copy of the foregoing was served on James S. Franchek, counsel for the Defendants, by certified mail. Because of ambiguity regarding Attorney Franchek's Notice of Withdrawal and the Defendants' self-representation, the foregoing was served upon the Defendants directly by certified mail.

_____
Diane Scott-Jones, Pro Se

_____
John E. Jones, Jr., Pro Se