UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394 )
BOYLSTON COMMONS CONDOMINIUM TRUST, )
    Plaintiffs )
v. )
 )
CHARLES A. PERKINS, JR., GARY M. DADDARIO, and )
PERKINS & ANCTIL, PC )
    Defendants )

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE (1) AFFIDAVIT OF COUNSEL FOR PERKINS & ANCTIL, (2) DEFENDANTS' ANSWER TO AMENDED COMPLAINT, AND (3) NOTICE OF WITHDRAWAL

NOW COME the Plaintiffs in the above-captioned matter and hereby submit to this Honorable Court this Memorandum of Law in Support of Plaintiffs' Motion to Strike (1) Affidavit Of Counsel For Perkins & Anctil, (2) Defendants' Answer To Amended Complaint, and (3) Notice Of Withdrawal

### I.    PRELIMINARY STATEMENT

The Plaintiffs, Diane Scott-Jones and John E. Jones, Jr., own and live in one unit of a small two-unit residential condominium (4,200 sq. ft. living area for the two units combined, on 1/3 acre,) purchased as new construction in Newton, MA, on September 1, 2000. Qing Lu and Yu Cheung own and live in the second of the two units, which they purchased approximately one month after the Plaintiffs. Owners of the two units are Trustees of 392-394 Boylston Commons Condominium. There is no external

1

condominium association to provide maintenance and upkeep, which must be decided and paid jointly by the owners of the two units.

Plaintiff Diane Scott-Jones is Professor of Psychology at Boston College. Plaintiff John E. Jones, Jr, is the Deputy Director of the National Weather Service, U.S. Department of Commerce; his office is in Washington, DC. The Plaintiffs own a second single-family home in the Maryland suburbs and, since September, 2000, have divided their time between their homes in Maryland and Newton.

The Plaintiffs incorporate by reference additional background information provided in Plaintiffs' pleadings and motions.

On February 18, 2005, the Plaintiffs filed the instant action, a Complaint under the Fair Debt Collection Practices Act (FDPCA), 15 U.S.C. 1692, against the Defendants, Charles A. Perkins, Jr., Gary M. Daddario, and Perkins & Anctil.

The Defendants and their counsel have now filed: on November 15, 2005, the Affidavit of Counsel that the Court ordered to be filed on October 14, 2005; and on November 21, 2005, Defendants' Answer to the Amended Complaint, which should have been filed no later than November 8, 2005. Thus, the Affidavit of Counsel and the Defendants' Answer were not filed in a timely manner. Further, the Defendants' counsel, who filed a Notice of Appearance on August 29, 2005, filed a Notice of Withdrawal on November 28, 2005. The Notice of Withdrawal does not meet the requirements of Rule 83.5.2 of the Local rules of the United States District Court for the District of Massachusetts. The Notice includes false and misleading statements regarding the events in the instant action and the role of James S. Franchek as counsel for the Defendants.

The Defendants and, for the past three months, their attorney have failed to act in good faith during the time that has elapsed since the Plaintiffs filed their Complaint on February 18, 2005. The Defendants' actions are unnecessarily and unfairly increasing the costs and time required to seek enforcement of the Fair Debt Collection Practices Act.

## II.    ARGUMENT

### A.    FAILURE TO FILE AFFIDAVIT OF COUNSEL IN A TIMELY MANNER

Following the Plaintiffs' discovery that the Defendants had filed several papers without serving those papers on the Plaintiffs, the Court on October 11, 2005, ordered the Defendants' counsel, James S. Franchek, "to file with the court an affidavit as to why motion for S/J have not been served on the plaintiffs by 10/14/05". The Defendants' counsel James S. Franchek did not file the required affidavit until November 15, 2005. His delay of one month is inexcusable. The statements in the affidavit do not provide any explanation for the delay in filing.

Attorney Franchek's general obligation to respond honestly and in a timely manner to the Court's orders is a clear expectation at the foundation of the Federal Rules of Civil Procedure. FRCP Rule 1 states that the rules "...shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1 strongly implies that the Plaintiffs should be able to rely upon prompt and honest responses from the Defendants and their counsel. Attorney Franchek's failure to respond in a timely manner is damaging to the Plaintiffs and, given that the Defendants are also attorneys, is likely to contribute to a general disregard among attorneys for the orders and procedures of the Court and, ultimately, a general disregard for the rule of law.

## B. FAILURE TO FILE ANSWER IN A TIMELY MANNER

The Defendants failed to file an Answer to Plaintiffs' Amended Complaint in the time limit required.

The Plaintiffs filed a Motion to Amend and Supplement their Complaint on September 6, 2005, with the required service upon the Defendants. The Defendants subsequently filed an Opposition, on or around September 14, 2005, without service on the Defendants and without a Certificate of Service. The Plaintiffs filed a Motion to Dismiss (read as strike) Defendants' Opposition. On October 25, 2005, the Court granted Plaintiffs' Motion to Dismiss (strike) Defendants' filings and granted Plaintiffs' Motion to Amend.

Federal Rules of Civil Procedure Rule 12(a)(4)(A) states that "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action". Federal Rules of Civil Procedure Rule 6(a), regarding the computation of time, states "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation". Counting 10 days from October 25, and excluding two Saturdays and two Sundays, would establish a deadline of Tuesday, November 8, 2005. The Defendants, however, filed their Answer on November 21, 2005, which was 13 days past the deadline of November 8.

The requirement to file the Answer within 10 days is well-known and is not unique to this case or to the Fair Debt Collection Practices Act. The Defendants' failure to file their Answer in a timely manner is an inexcusable error. The Defendants cited

4

Rule 12(a)(4)(A) in their Answer. Therefore, Defendants must be aware of the requirement to respond in 10 days and have knowingly violated Rule 12(a)(4)(A).

### C. FALSE STATEMENT REGARDING COURT'S DECISION ON DEFENDANTS' MOTION TO DISMISS

The Defendants' Answer does not offer any excusable error for Defendants' failure to file in a timely manner. Instead, the Defendants present a false claim that their filing is timely, based on their false claim regarding the Defendants' Motion to Dismiss. The Defendants' Answer, referring to Rule 12(a)(4)(A), states "Pursuant to said Rule, this answer is filed within ten (10) days of the date of this Honorable Court's decision on Defendants' Motion to Dismiss." The Defendants filed their Motion to Dismiss on or around March 16, 2005. The Defendants' Motion to Dismiss was denied on May 16, 2005. Therefore, the Defendants' statement is a flagrant misrepresentation of the timing of the Court's decision on their Motion to Dismiss.

### D. FAILURE TO FILE ANSWER IS FAILURE TO DENY

The Defendants' failure to file an Answer in a timely manner can be construed as a failure to deny. According to FRCP Rule 8(d), "Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

### E. FALSE AND MISLEADING STATEMENTS IN NOTICE OF WITHDRAWAL

In the Notice of Withdrawal, filed on November 28, 2005, the Defendants' counsel, James S. Franchek, cites Rule 83.5.2 of the Local Rules of the U.S. District Court for the District of Massachusetts. Attorney Franchek has not complied fully with

the rule he cites and he makes false and misleading statements in his Notice of Withdrawal. Further, Attorney Franchek's repeated violations have been exacerbated by his belligerence toward the Plaintiffs.

Rule 83.5.2(c) states "An attorney may withdraw from a case by serving notice of withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of appearance of other counsel..." Attorney Franchek has not provided the Plaintiffs or the Court with a notice of appearance of other counsel. Instead, he has made false and misleading statements regarding his appearance as "co-counsel" and the Defendants' self-representation.

In the Notice of Withdrawal, Attorney Franchek misrepresents himself as "co-counsel". He states in the Notice of Withdrawal: "...withdraw as co-counsel on behalf of Defendants, Charles A. Perkins, Esq., Gary Daddario, Esq., and Perkins & Anctil, P.C. in the above-captioned case." The withdrawal is the first and only document in which Attorney Franchek refers to himself as "co-counsel." Attorney Franchek's Notice of appearance, dated August 29, 2005, does not include any reference to "co-counsel". In subsequent correspondence to the Plaintiffs, dated August 31, 2005 (Exhibit 1), Attorney Franchek directed the Plaintiffs to correspond with him only and not with his clients. The concluding paragraph of the letter states "Once again, I ask that you direct all communication to the undersigned as counsel for the Defendants." This correspondence clearly indicates that Attorney Franchek did not consider himself "co-counsel".

The Notice of Withdrawal further states, "...Attorneys Charles A. Perkins and Gary M. Daddario will continue to represent all defendants in this matter." In addition to the August 31, 2005, correspondence noted above, subsequent documents Attorney

Franchek prepared clearly indicated that he (Franchek), and not the Defendants themselves, was the attorney of record. In "Affidavit of Counsel for Perkins & Anctil", dated November 14, 2005, Attorney Franchek states "2. I represent Attorney Charles A. Perkins ("Perkins"), Attorney Gary M. Daddorio ("Daddorio") [sic] and their law firm, Perkins & Anctil, P.C. ("Perkins & Anctil") in the within action. 3. Perkins and Daddorio initially represented themselves and Perkins & Anctil in the within matter." In the Certificate of Service attached to the Affidavit, Attorney Franchek states, "I, James S. Franchek, attorney for the Defendants in the above-captioned matter,..." These statements clearly indicate that Attorney Franchek believed the Defendants had ended their self-representation and did not consider the Defendants to be continuing to represent themselves after Franchek filed his appearance.

Rule 83.5.2(c)(4) states that a notice of withdrawal is permissible if "no hearings or conferences are scheduled..." Attorney Franchek's Notice of Withdrawal was filed on November 28, 2005. At that time, two conferences were scheduled. On November 22, 2005, the status conference scheduled for December 6, 2005, was continued to March 7, 2006. Also on November 22, 2005, the Court ordered a settlement conference with principals present to be held on December 20, 2005.

In addition to the above-noted violations, during the three months, from August 29, 2005, that have elapsed since Attorney Franchek filed his appearance, he has behaved in a belligerent, insulting manner toward the Plaintiffs. He has singled out Plaintiff Dr. Scott-Jones for his contacts, although the Plaintiffs have asked him to allow joint contacts via conference calls to be made at Plaintiffs' expense and have provided electronic mail addresses and telephone numbers for both Plaintiffs. For example, Attorney Franchek's

7

December 7, 2005, electronic mail correspondence to Plaintiff Dr. Scott-Jones only (Exhibit 2) followed a telephone voice message from both Plaintiffs to Attorney Franchek, with Mr. Jones speaking. Plaintiff Mr. Jones had sent Attorney Franchek electronic mail correspondence repeating his telephone voice message (Exhibit 3).

The Plaintiffs had contacted Attorney Franchek because, after he filed papers without proper service or a Certificate of Service, he complained to the Court that the Plaintiffs had not consulted him, as required under Local Rule 7.1, prior to filing their Motion to Dismiss (strike) his filings. After the Plaintiffs contacted Attorney Franchek for consultation, however, he described that contact as "…continued harassment…" (Exhibit 2, second paragraph, line 5).

The Plaintiffs have been concerned about Attorney Franchek's belligerence. Attorney Franchek made his initial telephone call to Plaintiff Dr. Scott-Jones in August, prior to filing his appearance. The Plaintiffs were surprised by the telephone call and searched for information about Attorney Franchek. The Plaintiffs were troubled to learn that Attorney Franchek had been recently accused (May 24, 2005) of assault and battery with a dangerous weapon, in an altercation with an 18-year-old gas station attendant. The Wayland Police Department Press Release and a Metro West Daily News article are attached as Exhibit 4. Attorney Franchek's belligerent, intimidating behavior toward the Plaintiffs is inconsistent with the ethical practice of law.

### III. CONCLUSION

The Defendants and their attorney James S. Franchek have repeatedly violated Federal Rules of Civil Procedure and made false and misleading statements. The Defendants have established a pattern of violation of rules. The Defendants' actions

suggest an absence of good faith efforts to comply fully with the Federal Rules of Civil Procedure and, more generally, with the ethical standards of the legal profession. The Defendants' failure to comply with the Federal Rules of Civil Procedure is causing the Plaintiffs a substantial loss of time and resources and is causing the enforcement of the FDCPA to be more costly than is reasonable.

>**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court:
>
>A. Strike the Affidavit of Counsel, Defendants' Answer, and Notice of Withdrawal referenced in this Motion.
>
>B. Consider sanctions against the Defendants and their Attorney James S. Franchek, if deemed appropriate, and award the Plaintiffs their costs associated with this motion.
>
>C. Take any and all other actions the Court deems appropriate.

**Respectfully submitted,**

*/s/ Diane Scott-Jones*  
Diane Scott-Jones, Pro Se

*/s/ John E. Jones, Jr.*  
John E. Jones, Jr., Pro Se

**December 14, 2005**

**Diane Scott-Jones and John E. Jones, Jr.**
392 Boylston St.
Newton, MA 02459

Subject: 8.31.05 ltr to Jones
From: "Megan Shea" <mshea@FranchekPorter.com>
Date: Wed, 31 Aug 2005 15:43:39 -0400
To: <johnejonesjr@comcast.net>, <scottjon@bc.edu>

Dear Mr. and Dr. Jones:

Please see attached letter which Attorney Franchek asked me to forward to you. Please feel free to contact Attorney Franchek with any questions and/or concerns that you may have.

Thank you,

Megan Shea
Assistant to James S. Franchek, Esq.

Subject: 8.31.05 ltr to Jones
From: "Megan Shea" <mshea@FranchekPorter.com>
Date: Wed, 31 Aug 2005 15:43:39 -0400
To: <johnejonesjr@comcast.net>, <scottjon@bc.edu>

Dear Mr. and Dr. Jones:

Please see attached letter which Attorney Franchek asked me to forward to you. Please feel free to contact Attorney Franchek with any questions and/or concerns that you may have.

August 31, 2005

**VIA TELECOPIER, EMAIL**
**AND REGULAR MAIL**

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA 02459

      RE:    Diane Scott-Jones et al. v. Perkins & Ancil et al.
              United Stated District
              Court Civil Action No. 05-10350-JLT

Dear Mr. and Mrs. Jones:

      Please be advised that I am in receipt of correspondence sent directly to my clients concerning the recent filings with the Court.

      As I presume you know, we have filed the Joint Statement pursuant to our discussions late in the day on August 29, 2005. Both statements apparently have been accepted by The Court. We are planning on submitting a defendant's statement regarding the Discovery Order to the court prior to the conference before Judge Tauro on September 6, 2005. Should you wish to disclose your statement in response to the discovery order we would be pleased to receive same

      Once again, I ask that you direct all communication to the undersigned as counsel for the Defendants. Should you have any questions regarding this matter, please contact me directly.

                                      Very Truly Yours,

                                      James S. Franchek

JSF/mes

**Subject:** Jones v. Perkins & Anctil, PC et al
**From:** "James S. Franchek" <jsfranchek@FranchekPorter.com>
**Date:** Wed, 7 Dec 2005 16:06:45 -0500
**To:** "Diane Scott-Jones" <scottjon@bc.edu>
**CC:** "Gary Daddario" <gary@perkinslawpc.com>, <cperkins@Perkinslawpc.com>

December 7, 2005

Dear Mrs. Jones:

Your husband left a garbled and incomprehensible message on my voice mail sometime today. I returned the call after I was able to decipher that the call was from John Jones. I have not heard back from him as of this writing. (By the way, does your husband have a speech impediment? If so, perhaps any messages should be left by you?).

I have attached another copy of docket entry 50, dated November 23, 2005, in which my law firm has withdrawn from this case. We are no longer involved in any way. This withdrawal is also listed on the docket sheet as well. There is no conceivable means in which you would be unaware of this withdrawal. Should I interpret your continued harassment of me as an intentional act designed to cause me some damage? If so, I must insist that such actionable and threatening behavior will not be tolerated.

I also note that you have failed to send copies of recent filings to counsel of record, Gary Daddario and CharlesPerkins. Is there some reason for this?

I strongly urge you to review the pleadings and contact counsel of record to appropriately advise them of your continuous filings.

Best holiday wishes,
James S. Franchek

---

**FRANCHEK & PORTER, LLC**

**James S. Franchek**
*Managing Member*

Service ar
Franchek & Por
85 Devonsh

Boston, Massachuse

tel: 617.
fax: 617.
mobile: 617.

jsfranchek@franchekporter.com

*Add me to your address book...*

Wan

**Subject:** Motion to strike
**From:** johnejonesjr@comcast.net
**Date:** Wed, 07 Dec 2005 21:21:19 +0000
**To:** jsfranchek@franchekporter.com (James Franchek)
**CC:** scottjon@bc.edu (Diane Scott-Jones), johnejonesjr@comcast.net (John Jones)

392 Boylston St.,
Newton, MA 02459
617-558-3522

VIA ELECTRONIC MAIL

December 7, 2005

James S. Franchek
Franchek & Porter, LLC
85 Devonshire Street
Boston MA 02109
**RE: CIVIL ACTION NO. 05-10350JLT**

Dear Attorney Franchek:

I called your office earlier today and left a voice message indicating that we intend to file a motion in court to strike the last three documents you submitted, (1) Affidavit of Counsel for Perkins & Anctil, (2) Defendants' Answer to Amended Complaint, and (3) Notice of Withdrawal. Please call me at 301-580-0887 to discuss these three documents and I will add Diane Scott-Jones by conference call.

I look forward to hearing from you. If you reply via electronic mail, please use your "reply all" function that both Diane Scott-Jones and I will receive your reply.

Sincerely,

John E. Jones, Jr., Pro Se

This is G o o g l e's cache of http://www.metrowestdailynews.com/localRegional/view.bg?articleid=99752 as retrieved
G o o g l e's cache is the snapshot that we took of the page as we crawled the web.
The page may have changed since that time. Click here for the current page without highlighting.
This cached page may reference images which are no longer available. Click here for the cached text only.
To link to or bookmark this page, use the following url:
http://www.google.com/search?q=cache:aK4KOwaVKvoJ:www.metrowestdailynews.com/localRegional/view.bg%3Fartic

*Google is neither affiliated with the authors of this page nor responsible for its content.*

These search terms have been highlighted: **James franchek squeegee**

Boston Herald   Daily News Tribune   MetroWest Daily News   Milford Daily News   Daily News Transcript   Town Online   The Daily Item

MetroWestDailyNews.com Archive Subscribers   LOG IN

## MetroWest Daily News

 

Home > News & Opinion > Local News Coverage

### Lawyer pleads not guilty in squeegee attack
By John Hilliard / Daily News Staff
Friday, May 27, 2005

**FRAMINGHAM** — A Clinton lawyer yesterday denied allegations he attacked a man with a **squeegee** Tuesday night at gas station on Rte. 27 in Wayland.

Through his own lawyer, **James** S. **Franchek** rejected charges that he attacked an attendant at Wayland Gulf. "It's absolutely untrue," his lawyer, Michael Gillis, said yesterday in Framingham District Court.

**Franchek** pleaded not guilty to a charge of assault and battery with a dangerous weapon. He was ordered to stay away from both Wayland Gulf and the alleged victim.



Gulf station worker Justin Fenney, 18, of Roslindale, said **Franchek** "was getting into my face" as soon as he pulled in for a fill-up Tuesday night.

"He had an attitude from the start," said Fenney in an interview before the court session.

Fenney said **Franchek** demanded his gas be pumped, and he then entered the station's garage to look for the bathroom. Fenney said when he asked him to leave the garage bay, **Franchek** stood in his path and cursed at him.

According to Fenney, both men traded punches and wrestled on the ground near the gas pumps. Fenney said he had a headlock on **Franchek**, whose mouth was bleeding.

Fenney said he tried to stop the fight, but **Franchek** grabbed a **squeegee** and struck him in the back.

"He took a big, wide swing at my back," said Fenney, who then called police as **Franchek** drove away.

In an interview following the arraignment, Gillis said Fenney started the fight. He said **Franchek** suffered a black eye and had choke marks on his neck.

**Photo Gallery**



*James S. Franchek, left, with his attorney, Michael Gillis. (Allan Jung photo)*

**Herald Interactive Tools**



View Text Version
Email to a Friend
Sign Up for Home Delivery
SEARCH: Enter keyword(s)
all   relevance

**Related Local News Coverage**



Senior notes
Week in review
Framingham teens stabbed in fight
Student charged with Internet death threats
Man robbed of cell phone

...ย Daily News - Local News Coverage

Gillis said **Franchek** was in the Wayland police station at the time of his arrest.

According to police sources, though, **Franchek** was found by police in his vehicle near the intersection of routes 20 and 27.

Gillis could not explain why Fenney would start a fight with a customer. "You'd have to ask him," said Gillis.

**Franchek** is a partner of **Franchek** & Porter LLC, which has offices in both Boston and Holliston, and represents such clients as FRE Building, the company formerly known as Fafard Development, GMAC Mortgage Corp. and Chase Manhattan Corp.

**Franchek** is due back in court June 30.

( (John Hilliard can be reached at 508-626-4436 or jhilliar@cnc.com.) )

advertisement

attention passengers:
your living room is now departing.

song                                             flysong.com
                                             the comforts of home
                                             with a comfortable fare

[ contact us ] :: [ print advertising ] :: [ online advertising ] :: [ Browser Upgrade ] :: [ Jobs ] :: Click here for home delivery or call 1.800.982.4023

© Copyright of CNC and Herald Interactive Advertising Systems, Inc.
No portion of townonline.com or its content may be reproduced without the owner's written permission. Privacy Commitment

0.233154

# Wayland Police Department Press Release

Case: #2005-3961
Date: 5/24/2005
Time: 1837 hrs.
Incident: Arrest
Location: Wayland Gulf Station, 130 Main Street

| Name | Age | Address |
|---|---|---|
| Arrestee/Operator: James S. Franchek | 48 | 111 Ridgefield Circle Apt. #C   Clinton, MA |

Charges: Assault / Battery Dangerous Weapon

On Tuesday, May 24, 2005 at approximately 1837 hrs., officers responded to the Wayland Gulf Station, 130 Main Street regarding a disturbance between the attendant and a customer. Following further investigation, James S. Fanchek had been taken into custody and charged with Assault / Battery with a Dangerous Weapon.

Mr. Fanchek was subsequently released on bail to appear in the Framingham District Court for arraignment on Thursday morning.

Arresting/Investigating Officer's): Ofc. Jamie Berger, Ofc. William Smith

Supervisor: Sgt. Richard Manley

POLICE LINE - DO NOT CROSS     POLICE LINE - DO NOT CROSS     POLICE LINE - DO NOT CROSS     POLICE LINE - DO NOT CROSS     POLICE LINE - DO

## Wayland Police Department Press Release

Case: #2005-3871
Date: 5/22/2005
Time: 0130 hrs.
Incident: Arrest
Location: Cochituate Road

http://www.waylandpolice.com/May.htm

May