EXHIBIT "4"

VIA FACSIMILE, FIRST CLASS MAIL, AND CERTIFIED MAIL

392 Boylston St.
Newton, MA 02459

December 31, 2004

Gary M. Daddario
Perkins & Anctil, P.C.
Attorneys at Law
73 Princeton St., Suite 306
North Chelmsford, MA 01863-1558

Dear Attorney Daddario:

We received your December 28, 2004, letter demanding that we pay Receiver Sheryl Sarkis $1802.50. We note that this amount is an increase over the $1640 you demanded we pay Receiver Sheryl Sarkis in your December 15, 2004, letter. You have now added $552.50 to the $1250 you claim we owe.

We again object to the initial $1250 fee. We also object to the attorney's fees, which are now 44% of the debt you claim we owe. We will outline below the basis for our objection to your demand for payment and to the foreclosure you have threatened.

1. In the response we sent you on December 22, 2004, we requested clarification of the $1250 charge from Receiver Sheryl Sarkis and we disputed the validity of the debt. According to the Fair Debt Collection Practices Act (FDCPA),

"if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

We have yet to receive any information regarding the validity or verification of the debt from you. Until you fulfill your obligations under the FDCPA, you must cease collection of the alleged debt.

2. Your reply that you are using the term "your account" to refer to our financial relationship with our condominium is inadequate. You cannot substitute reference to an abstract relationship for a clear statement of an account.

3. We believe your statement regarding the court's authorization of a foreclosure of our property is in error. Massachusetts General Laws (MGL) Chapter 183A, section 6(a) (ii), which you cited as the basis for your threat, has no reference to foreclosure. On the contrary, this section gives a unit owner the right to appeal assessments to the organization of unit owners.

4. You are incorrect in your interpretation of our obligation to pay all fees as demanded at any time. You refer to the fee you demand on behalf of Receiver Sheryl Sarkis as an

"assessment" and you cite MGL Chapter 183A. As you know, Chapter 183A, section 6(a) (i) requires that common expense assessments be based on a budget. We repeatedly asked Receiver Sheryl Sarkis for a budget as required of her in the June 24, 2004, order appointing her as Receiver. She has provided a budget of sorts but only after her demand that we pay $1250; however, she included a disclaimer that the sketchy, poorly organized budget she provided was not an actual budget but was an "estimated budget prepared for the court." Therefore, the amount you are demanding does not fit the requirement of a common expense assessment as laid out in the statute requiring a budget prior to the assessment.

Receiver Sheryl Sarkis has required a common expense assessment of $160 per month, as budgeted prior to her appointment. Despite Receiver Sheryl Sarkis' refusal to allow the maintenance for which a portion of the $160 is intended, we have paid $160 each month and we have sought legal relief from her refusal to maintain our property. Therefore, we have met all obligations for common expense assessment at this time.

You further claim that "cases" support your demand that we pay the fee first and challenge it later. You failed to cite the "cases" and we can find no cases that fit our situation. Unless you can provide the citations, we will assume your statement is without merit.

5. We can find no statutory requirement that we pay you within 14 days of the date of your initial letter. Therefore, we assume the number of days you have allotted is arbitrary and not legally binding on us. Your statement, "First and foremost, please note that your letter shall not impact the collection process or the timing thereof," is in error.

If we were delinquent on our common expense assessment, Chapter 183A, Section 6 (c) provides clear procedures that Receiver Sheryl Sarkis has not followed. "When any portion of the unit owner's share of the common expenses has been delinquent for at least sixty days subsequent to April 1, 1993, the organization of unit owners shall send a notice stating the amount of the delinquency to the unit owner by certified and first class mail." We have not received such a sixty-day notice from Receiver Sheryl Sarkis.

In addition to the points noted above, we wish to object to other aspects of your actions against us. First, we are appalled that you are making threats regarding our home in a letter you now claim contains clerical errors. The clerical errors naming our condominium "392-396 Bolyston Commons Condominium" occur in your initial letter in which you wrote only three sentences. This level of carelessness in a brief letter is unacceptable. We note that Receiver Sheryl Sarkis has made the same "mistake," i.e., changing the name of our condominium, several times in her own correspondence. Second, we are appalled at the ambiguity and slippage in your demand that we make checks payable to Sheryl Sarkis instead of our condominium association.

In summary, Receiver Sheryl Sarkis has not:
- established the legitimacy of the charge and allowed an appeal
- presented the charge in the context of a budget and common expense assessment
- followed notification procedures for delinquency

In addition, your law firm has not met the obligation to provide verification of the debt.

We continue to dispute strongly the charge of $1250. We look forward to your response, to your provision of copies of all documents related to this claim, and to your withdrawal of your inappropriate claims and threats.

Sincerely,

*[signature]*                                              *[signature]*

Diane Scott-Jones                                      John E. Jones, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that this document, Exhibit "4" to Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 27, 2006.

Respectfully submitted,
Defendants

Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com

Gary M. Daddario (BBO #639615)
gary@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509