# PERKINS & ANCTIL, P.C.
## ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

GARY M. DADDARIO

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL

ROSEMARY A. MACERO*

EXHIBIT

tabbies'

"5"

January 4, 2005

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA 02459

**Re:     392-394 Boylston Commons Condominium**

Dear Mr. and Mrs. Jones:

As you are aware, this office represents Sheryl Sarkis as Receiver for the above-referenced condominium. I am in receipt of your letter of December 31, 2004 and I am writing to respond to the same. You have alleged numerous issues and I will attempt to address each in turn.

The balance of $1,802.50 requested in my letter of December 28th is, indeed, greater than the $1,640.00 requested in the prior letter. The increase represents the additional legal fees incurred in the interim and for which you are responsible pursuant to M.G.L. c. 183A, §6(a)(ii). To be clear, I note that you will continue to be responsible for my client's legal fees in this matter until such time as your balance is paid in full. As a result of the time involved with the review of and response to your December 31st letter, your total balance is now $2,090.00.

The fact that you are responsible for the attorney's fees in this matter is a clear provision of the above-referenced statute. In addition, the same has been held, repeatedly, by Massachusetts Courts. Noteworthy cases include *Trustees of the Sandpiper Condominium Trust v. Snell*, 1994 WL 89440 (Mass.App.Div.), in which the unit owner was forced to pay legal fees incurred after Summary Judgment was granted in favor of the condominium because the condominium chose to pursue foreclosure of the unit at additional expense. *Maushop Village Condominium Trust 3A v. Bucci*, 1994 WL 110862 (Mass.App.Div.), is a case in which it was determined that the unit owner was responsible for legal fees incurred by the condominium even during the appeal of a case in which the condominium was displeased with the initial decision.

Diane Scott-Jones
John E. Jones, Jr.
January 4, 2005
Page -2-

Our legal fees are considered reasonable based on the hourly rate charged and the time and work involved in processing the matter. At the appropriate stage of litigation, if the same occurs, an Affidavit of Counsel will be provided to the Court detailing all legal fees and costs in this matter. Condominium collection cases are not performed on a "percentage of the debt" basis due, in part, to the fact that M.G.L. c. 183A provides complete protection for the condominium's debt for a limited time period. As a result, condominium associations must diligently pursue outstanding debt and litigation typically occurs prior to the time when a "percentage basis" fee would provide reasonable compensation to counsel.

As to the initial assessment of $1,250.00 at issue in this matter, an explanation has been provided to the extent possible at this time. As you are aware, the same represents your proportionate share of necessary landscaping repairs. You are free to review details regarding the same with your association and/or Sheryl Sarkis when your balance is paid and your file with this office is closed. In the meantime, as you are aware, Ms. Sarkis is the court-appointed receiver for your condominium. The Order of the Middlesex Superior Court establishing Ms. Sarkis' position specifically authorizes her to act with respect to the completion of the current landscape project. The Court has determined that the same is a "necessary repair". A copy of the Order is attached for your reference.

Notwithstanding the above, in the condominium context, even contested assessments must be paid. Pursuant to M.G.L. c. 183A, §6(a)(ii), all fees as well as costs, interest, late charges and attorney fees are treated, for purposes of collection, as common expense assessments. M.G.L. c. 183A, §7 prohibits withholding or setoff of assessments. In addition, the Massachusetts Supreme Judicial Court has held that:

> "A system that would tolerate a unit owner's refusal to pay an assessment because the unit owner asserts a grievance, **even a seemingly meritorious one**, would threaten the financial integrity of the entire condominium operation." (Emphasis supplied). *Trustees of Prince Condominium Trust v. Prosser*, 412 Mass. 723, 726, 592 N.E.2d 1301, 1302 (1992).

Like taxes, condominium assessments must be paid first and thereafter challenged in a separate action seeking reimbursement. Any question remaining subsequent to the above-referenced case was resolved by the Massachusetts Appeals Court two years later:

Diane Scott-Jones
John E. Jones, Jr.
January 4, 2005
Page -3-

> "We suggest that aggrieved unit owners should timely pay—under
> protest—the common expense assessment. Thereafter, a judicial
> determination of the legality of the assessment, and suitable
> reimbursement, may be sought." _Blood v. Edgars, Inc._, 36
> Mass.App.Ct. 402, 406, 632 N.E.2d 419, 421-422 (1994).

Thus it is now clear that even the legality of an assessment must be questioned only after payment.

Although I understand your disagreement with my use of the term "your account," I have explained the same to you and routinely use the same in the ordinary course of conducting condominium collection cases. Massachusetts Courts are familiar with this terminology.

I believe that you have mischaracterized my reference to "foreclosure" as a "threat". Such was neither my intent nor present in the tone of the verbiage contained in my letter. Rather, I informed you as to a statutory relief available to my client. Further, I did not cite M.G.L. c. 183A for the same. The statutory provision to which I refer is M.G.L. c. 254, §5A which reads, in pertinent part, as follows:

> "When the amount of a lien under section six of chapter 183A or
> under section 29 of chapter 183B has been established by a court,
> the court shall enter an order authorizing the sale of the real estate
> to satisfy such lien."

In accord with said statute, as I stated in my December 28th letter, should this matter proceed to litigation and you be held to owe an outstanding balance to your condominium, my client will be entitled to a Judgment including, as a portion of the relief, the authority to sell the unit at foreclosure.

You are correct in your assertion that payment of your outstanding balance within a fourteen-day period is not a statutory requirement. Our request that you pay your outstanding balance within such time was issued to you as a courtesy to provide you with an opportunity to resolve this situation prior to incurring substantial legal fees and costs. The sixty-day notice to which you refer is a formal notice resulting in significant legal fees. Absent receipt of full payment of your current balance of **$2,090.00** received in this office **on or before January 10, 2005**, said notice will be issued to you.

I regret that the reference to "392-396" Boylston Commons appears to have caused you inconvenience. Please note, however, that I did not characterize the same as a "clerical" error as set forth in your recent letter.

Diane Scott-Jones
John E. Jones, Jr.
January 4, 2005
Page -4-

Rather, I advised you that said reference was a typographical error. Unfortunately, despite your allegation of "carelessness," typographical errors can occur despite the writer's best intentions.

I am concerned with respect to your complete mischaracterization of our instructions regarding the preparation of payment checks. Please take careful note of the fact that this office never instructed you to "make checks payable to Sheryl Sarkis instead of [the] condominium association" as alleged in your recent letter. Rather, our letter of December 15, 2004 instructed you to make checks payable to "Sheryl Sarkis, as receiver" of the condominium. Moreover, our letter of December 28, 2004 indicated that checks made payable to "392-394 Boylston Commons Condominium" or to "Sheryl Sarkis, as Receiver of the 392-294 Boylston Commons Condominium Trust" are "equally acceptable for purposes of remitting payment to your condominium association." There has been neither "ambiguity" nor "slippage" in this regard, despite your allegations.

With respect to an internal appeal, a careful reading of M.G.L. c. 183A, §6(a)(ii) reveals that the same is available with respect to assessment of "costs" associated with "energy conservation devises," "water," and "other utilities." Said provision has no application to this case.

Notwithstanding the above explanations and legal citations, the FDCPA warning is included on correspondence from this office as a matter of course in the ordinary conduct of our business. As payment of condominium assessments is not "consumer debt," the FDCPA is not applicable to this case.

In sum, based on the above, you have a legal obligation to remit payment of your outstanding balance. Absent receipt in this office of payment of $2,090.00 by January 10, 2005, collection action will proceed at further and considerable expense to your account.

In the event that you opt not to make payment in accord with this letter or have any questions relating hereto, I strongly recommend that you seek the advice of legal counsel.

Diane Scott-Jones
John E. Jones, Jr.
January 4, 2005
Page -5-

## NOTICE OF IMPORTANT RIGHTS TO CONSUMERS

Pursuant to the Federal Debt Collection Practices Act ("FDCP ACT"), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by debt collector; (2) if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy of such verification of judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. You should be aware that the FDCP Act only applies to consumer debtors.

Perkins & Anctil, P.C., is acting as a debt collector, pursuant to the FDCP Act. Any information obtained will be used for that purpose. The Federal Trade Commission has ruled that the FDCP Act does not preclude the institution of legal action prior to the expiration of the thirty-day period referenced in the statute.

Respectfully,

Gary M. Daddario

c:    Sheryl Sarkis, as Receiver of the 392-394 Boylston Commons Condominium
      Attorney Charles A. Perkins, Jr.

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

CIVIL DOCKET#: MICV2003-05103-F

RE:    Lu, indiv & Derivatively on behalf 392-394 Boylston Commons Cond et al v Scott - Jones, indiv and tr 392-394 Boylston Commons Condo Tr. et al

TO:    Thomas O Moriarty, Esquire
       Marcus Errico Emmer & Brooks
       45 Braintree Hill Park
       Suite 107
       Braintree, MA 02184

## NOTICE OF DOCKET ENTRY

You are hereby notified that on 06/24/2004 the following entry was made on the above referenced docket:

ORDER APPOINTING RECEIVER: 1. That until further order of the Court, the Parties, their agents, servants and all those acting in concert with them are restrained from performing any duties as trustees of the 392-394 Boylston Commons Condominium Trust, ("Condominium"); 2. That until further order of the Court, Sheryl A. Sarkis of Meredith Management Corporation, One Bridge Street, Suite 300, Newton, MA 02458-1101 be and is hereby appointed Receiver of the estate, property, monies, debts and effects of every kind and nature of or belonging to the 392-394 Boylston Commons Condominium Trust; and she is hereby authorized and directed to take charge of and the porperty held in trust, the organization of Unit Owners of the Condominium pursuant to the Declaration of Trust in order to do the things necessary to operate, maintain, repair, replace, and alter the common areas of the Condominium and otherwise administer and care for the common areas and facilities of the Condominium, within the limitations set forth herein, as the Receiver deems proper; and, within the limitations set forth herein, she is hereby authorized and directed to effectuate all the powers and duties provided in and subject to MGLc. 156,s51 and MGLc. 155ss 52-53, Mass R Civ P 66, MGLc 183A, and Article V of the Declaration of Trust which incorporates the By-Laws of theCondominium. ( A copy of the By-Laws at Article V of the Declarartion of Trust are appended to this Order as Exhibit "1"); The Receiver shall promptly establish a budget for The Condominium operation for the remander of 2004, and ensure that sufficient funding is colleted from the Unit Owners to carry out the Receiver's duties as required by the terms of the Condominium documents at GL c 183A. 3. That until further order of the Court, the Receiver shall take all necessary and reasonable actions to assure the

cvdgenenc_2 wpd 2596298 order gouveial

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

Condominium's compliance with all city, state and fedeal law in connection with any and all city, state and federal enforcement orders regarding the common areas of the Condominium. Any and all costs associated with complying with same shall be the responsibilty of both the Plaintiff and the Defendants who shall pay one-half of the cost of correcting the problems in the common areas of the condominium which is not clevered by insurance; 4. That until further order of the Court, the Parties shall turn over to said Receiver, all the property, monies, debts and effects of every kind and nature, belonging to the Condominium in the hands, possession or control, together with all books, deeds, documents, and papers relating thereto. It is further ordered that the escrow agents for the Parties, identified in compliance with this Court's January 26, 2004 Order, shall turn over said Receiver all monies held in escrow on behalf of the Parties. The Receiver shall, upon receipt of the escrow funds, open a checking account on behalf of the Condominium and deposit the escrow funds in said account for further condominium business as authorized under the constituent documents of the Condominium and as set forth herein. 5. The Receiver shall have no authority to assign financial liability for or otherwise prosecute, resolve or dismiss any action concerning the Parties existing dispute regarding whether any Trustee has breahed a fiduciary duty or whether any Trustee or Unit Owner committed wrongful actions in violation of the Condominium Documents and General Laws Chapter 183A including, without limitation, the dispute regarding the rights, duties and financial obligations of the Parties as a result of the landscaping projects conducted in the common areas of the Condominium in 2003. Nothing in this Paragraph is intended to limit the Receiver's ability to act with respect to the completion of the landscape project or compliance with state claims or municipal orders with regard to the common areas of the Condominium. This Paragraph is intended to allow the Parties to prosecute and/or resolve any and all financial claims, which stem from actions taken by either Party prior to the date of this Order; 6. The Receiver shall not be authorized to effect any improvements to the common areas and facilities of the Cndominium without compliance with MGL c 183A, s 18. The restoration of the backyard is presently a necessary repair and not an improvement and, therefore, the restoration of the existing elemtns does not require compliance with zmglc 183A, s18. 7. In the event both Unit Owners agree on a course of action the Receiver shall undertake such action so long as it complies with MGL c 183A and the constituent documents of the Condominium. The Parties shall have the right to jointly petition the Court to authorize the Receiver to take action which might not otherwise comply with MGLc 183A or the constituent documents of the Condominium; 8. That any party, or said Receiver, may apply to the Court, from time to time, for such further directions or orders, as may be necessary ; and 9. Grant such other and further relief as this Court deems just and equitable. (Gants, J.) copies sent 7/21/04 certified to Receiver 7/21/04

Dated at Cambridge, Massachusetts this 21st day of July, 2004.

cvdgenenc_2 wpd 2596298 order gouveial

County of Middlesex
The Superior Court

Edward J. Sullivan,
Clerk of the Courts

BY: Phil Massa
Assistant Clerk

Telephone: 617-494-4010 EXT 4281

cvdgenenc_2.wpd 2596298 order gouveial

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                CIVIL ACTION NO. 05-10350JLT

```
                                              )
DIANE SCOTT-JONES and JOHN E. JONES, JR.,     )
Individually and as Trustees of the 392-394   )
BOYLSTON COMMONS CONDOMINIUM                  )
TRUST,                                        )
        Plaintiffs,                           )
                                              )
                                              )
v.                                            )
                                              )
CHARLES A. PERKINS, JR., GARY M.              )
DADDARIO and PERKINS & ANCTIL, P.C.,          )
        Defendants.                           )
                                              )
```

CERTIFICATE OF SERVICE

I hereby certify that this document, Exhibit "5" to Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 27, 2006.

Respectfully submitted,
Defendants

Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com

Gary M. Daddario (BBO #639615)
gary@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509