**PERKINS & ANCTIL, P.C.**
ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

FILE COPY

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

GARY M. DADDARIO

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL

ROSEMARY A. MACERO*

February 7, 2005

EXHIBIT "10"

HSBC Mortgage Corp.
2929 Walden Ave.
Depew, NY 14043

    RE:    Sixty (60) Day Notice to Mortgagee of Intent to Institute Action to Enforce Lien pursuant to M.G.L. c. 183A, §6 (c)
            Unit Owner(s):    Diane Scott Jones & John E. Jones, Jr.
            Address:    392-394 Boyston St., Unit 392, Newton, MA
            Delinquency through 01/11/05:    $2,701.42

Dear First Mortgage Holder:

    Please be advised that this office represents the 392-394 Boylston Commons Condominium Association regarding the above matter. It is our understanding that your organization holds a first mortgage on Unit #392 at said Condominium. A copy of the mortgage and unit deed are included. Please consider this formal notice to your organization that the above unit owner at the aforementioned Association is sixty (60) days delinquent in payments due pursuant to the attached Notice of Default and current ledger sheet.

    Pursuant to M.G.L. c. 183A, §6(c), certain of these assessments, charges and costs can be a priority over your mortgage if the Association is required to enforce its Lien. Your assistance in securing the payment of the listed amount from your mortgagor is therefore requested. If you have any questions regarding this letter, you should seek the advice of counsel. Your cooperation would be greatly appreciated.

Respectfully,

Gary M. Daddario

GMD/lfd
enclosures
c:    Trustees, 392-394 Boylston Commons Condominium
      Sheryl Sarkis as Receiver
      Diane Scott Jones & John E. Jones, Jr.

Return To:
HSBC MORTGA   ORPORATION
(USA)
2929 WALDEN AVE, DEPEW , NY
14043

Bk: 41201 Pg: 536
Recorded: 10/16/2003
Document: 00000370 Page: 1 of 24

Prepared By:

RIVAS, REYNALDO

─────────────── [Space Above This Line For Recording Data] ───────────────

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated October 10, 2003 together with all Riders to this document.
(B) "**Borrower**" is JOHN E JONES JR AND DIANE SCOTT-JONES

Borrower is the mortgagor under this Security Instrument.
(C) "**Lender**" is HSBC MORTGAGE CORPORATION (USA)

Lender is a DELAWARE CORPORATION
organized and existing under the laws of DELAWARE

MA 3112                                                            0379429101

MASSACHUSETTS-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3022 1/01

VMP -6(MA) (0005)
Page 1 of 15      Initials:
VMP MORTGAGE FORMS - (800)521-7291

RECEIVED & ENTERED
MIDDLESEX COUNTY
REGISTRY OF DEEDS
SOUTHERN DISTRICT
ATTEST:

REGISTER

MSD 10/16/03 10:07:26

390 Boylston St, Newton

Lender's address is 2929 WALDEN AVENUE, DEPEW, NY 14043

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated October 10, 2003
The Note states that Borrower owes Lender ONE HUNDRED SEVENTY FIVE THOUSAND and NO/100 Dollars
(U.S. $175,000.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than November 01, 2033
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| [x] Adjustable Rate Rider | [x] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

MA 3112                                                              0379429101
VMP-6(MA) (0005)                Page 2 of 15          Initials:      Form 3022  1/01

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the COUNTY [Type of Recording Jurisdiction]
of MIDDLESEX [Name of Recording Jurisdiction].
SEE SCHEDULE A ATTACHED HERETO

Parcel ID Number: which currently has the address of
392 BOYLSTON STREET [Street]
NEWTOWN [City], Massachusetts 02459 [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

MA 3112　　　　　　　　　　　　　　　　　　　　　　　　　　　0379429101
-6(MA) (0005)　　　　　　Page 3 of 15　　　Initials　　　Form 3022  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____  *John E. Jones Jr.*
                                   By *Diane Scott Jones, Atty in Fact* (Seal)
                                   JOHN E. JONES JR                -Borrower

_____  *Diane Scott Jones* (Seal)
                                   DIANE SCOTT JONES              -Borrower

_____ (Seal)      _____ (Seal)
               -Borrower                          -Borrower

_____ (Seal)      _____ (Seal)
               -Borrower                          -Borrower

_____ (Seal)      _____ (Seal)
               -Borrower                          -Borrower

MA 3112                                              0379429101
-6(MA) (0005)          Page 14 of 15          Form 3022  1/01

COMMONWEALTH OF MASSACHUSETTS, Middlesex County ss.

On this 10th day of October, 2003, before me personally appeared John E. Jones, Jr. and Diane Scott-Jones

to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed

My Commission Expires 5/26/06

Notary Public MICHAEL P. EGGERT

MA 3112
6(MA) (00051)
Page 15 of 15
0379429101
Form 3022  1/01

Exhibit A - Property Description

| | |
|---|---|
| Closing date | 10/10/2003 |
| Borrower(s) | John E. Jones, Jr. and Diane Scott-Jones |
| Property Address | 392-396 Boylston Street, Unit 392, Newton, Massachusetts 02459 |

The "Unit" known as Unit 392 in a condominium known as 392-396 Boylston Commons Condominium, having a post office address at 392-394 Boylston Street, Unit 392, Newton, MA 02459 and established pursuant to Massachusetts General Laws, Chapter 183A, as amended and by Master Deed dated August 31, 2000 and recorded with Middlesex South Registry of Deeds on September 1, 2000 in Book 31786, Page 500, as amended by Amendment recorded in Book 31905, Page 149, and as further amended. The Unit is laid out as shown on the unit plan recorded with the first unit deed of this Unit, to which is affixed the verified statement of a registered architect in the form required by Section 9 of M.G.L. c. 183A.

Together with an undivided perecentage interest of 50% in the common areas and facilities of said Condominium and together with the rights, if any, to exclusive use of any of the common areas and facilities of said Condominium as more fully set forth in the aforesaid Master Deed and Unit Deed.

Said Unit is conveyed with the benefit of and subject to the easements, restrictions, conditions, rights and obligations set forth or referred to in said Master Deed, Unit Deed and provisions of 392-394 Boylston Commons Condominium Trust, its By-Laws, Rules and Regulations, as amended.

For Mortgagor's title, see deed recorded with Middlesex South Registry of Deeds in Book 31786, Page 548.

BK 31716 PG 548

UNIT DEED

I, James C. Barr, Trustee of K & M Realty Trust dated 11/24/99 and recorded with Middlesex South Registry of Deeds in Book 30894, Page 521

For Consideration Paid of Four Hundred Twenty Two Thousand and 00/100 ($ 422,000.00) Dollars

Grants to: DIANE SCOTT-JONES and JOHN E. JONES, JR Husband and Wife, as Tenants by the Entirety whose address is 392-394 Boylston Street, Unit 392, Newton, Massachusetts

with QUITCLAIM COVENANTS

Unit 392 of the 392-394 Boylston Commons Condominium created by Master Deed dated August 31, 2000 and recorded at Middlesex South Registry of Deeds on September 1, 2000 as instrument number 189 of 9/1/2000 and shown on plan recorded in said Registry of Deeds herewith as site plan dated August 22, 2000 recorded as plan number 942 of 2000 as instrument number 188 of 9/1/2000

The post office address of the unit is 392-394 Boylston Street, Unit 392, Newton, Massachusetts.

The unit is shown on a plan recorded herewith as Unit 392 Boylston Street, Newton, Massachusetts, to which is affixed a verified statement in the form provided by G.L. c. 183A, Section 9, and is conveyed subject to and with the benefit of the obligations, restrictions, rights and liabilities contained in G.L. c. 183A, the Master Deed, the documents establishing the organization of unit owners and the By-Laws as amended of record.

Each of the units in the Condominium is intended for residential purposes and such other uses as are set forth in the Master Deed.

The undivided percentage interest of the unit in the common areas and facilities is 50 %.

The same being a portion of premises conveyed in deed as Book 30894, Page 528.

Executed under seal this 31 day of August, 2000

James C. Barr, Trustee

BK31786PG549

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS    August 31 September , 2000

Then personally appeared the above-named James C. Barr, Trustee and acknowledged the foregoing instrument to be his free act and deed, before me.

Laura M. Cannon - Notary Public
My Comm. Expires: 2/16/2001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS    August 31 September , 2000

Then personally appeared the above-named James C. Barr,

BK 31786 PG 550

UNIT #392

SECOND FLOOR

FIRST FLOOR

BASEMENT

I CERTIFY THAT THE WITHIN PLAN SHOWS THE UNIT DESIGNATION OF THE UNIT CONVEYED AND THE IMMEDIATELY ADJOINING UNITS AND THAT IT FULLY AND ACCURATELY DEPICTS THE LAYOUT OF THE UNIT, ITS LOCATION, DIMENSIONS, APPROXIMATE FLOOR AREA, MAIN ENTRANCE AND IMMEDIATE COMMON AREA TO WHICH IT HAS ACCESS AS BUILT.

LAWRENCE W DECELLE JR PLS

| DATE | CITY/TOWN | SCALE |
|---|---|---|
| AUGUST 27, 2000 | NEWTON, MA | 1/16" = 1' |

THE DECELLE GROUP
SURVEY DIVISION

PREPARED FOR
JAMES HARP
39 WASHINGTON STREET
BEDFORD, MA

80A BRANCH STREET  QUINCY, MA  02169
TEL (617)773-0317  FAX (617)773-8801

COMMONWEALTH OF MASSACHUSETTS
LAWRENCE W DeCELLE JR
#8158
PROFESSIONAL LAND SURVEYOR

PERKINS & ANCTIL, P.C.
ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*
ROBERT W. ANCTIL*
GARY M. DADDARIO
ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

OF COUNSEL
ROSEMARY A. MACERO*

January 11, 2005

Diane Scott-Jones
John E. Jones, Jr.
392 Boylston Street
Newton, MA 02459

### NOTICE OF DEFAULT AND INTENT TO COLLECT RENTS
### AND SIXTY (60) DAY NOTIFICATION PURSUANT TO M.G.L. c. 183A., §6(c)

| | |
|---|---|
| CONDOMINIUM ASSOCIATION: | 392-394 Boylston Commons Condominium |
| UNIT OWNER: | Diane Scott-Jones & John E. Jones, Jr. |
| UNIT NUMBER: | 392 |
| PREVIOUS BALANCE THROUGH 01/11/05: | $2,090.00* |
| LEGAL FEES AND COSTS: | |
|     Notice of Default | $ 475.00 |
|     Title Exam Fee | $ 75.00 |
|     Title Exam Review Fee | $ 25.00 |
|     Constable Fee | $ 32.00 |
|     Certified Mail Fee | $ 4.42 |
| **TOTAL AMOUNT DUE:** | **$2,701.42** |

*Plus common area charges which become due, interest, late charges, court costs and reasonable attorney's fees until payment is received in full.

---

Dear Mr. & Mrs. Jones:

    I represent the Board of Trustees of the 392-394 Boylston Commons Condominium. The Trustees have informed me that your account for payment of common area charges is more than sixty (60) days in arrears. Failure to promptly pay common area charges seriously impairs the ability of the Condominium Association to operate efficiently.

    We are in receipt of your letter dated January 7, 2005. As stated in our previous correspondence, you have been provided with sufficient evidence of the outstanding assessment

Mr. & Mrs. John E. Jones, Jr.
January 11, 2005
Page -2-

to warrant your payment of the same. In any event, enclosed is another copy of the October 12, 2004 letter issued to you with an attached invoice representing charges to your Association and to which the assessment will be applied.

Your legal obligation as a Unit Owner to pay common area charges and assessments is required by the following documents:

1. Massachusetts General Laws, Chapter 183A.
2. The Master Deed and By-Laws of the Condominium.
3. The Unit Deed(s) conveying the Unit(s) to you.
4. Your mortgage recorded with the Registry of Deeds.

The aforesaid Condominium Documents, and M.G.L. Chapter 183A, Section 6, as amended, provide the Condominium Association with certain rights and powers to enforce payment. Enforcement may be by judicial action to collect unpaid amounts or by enforcement of the lien created by Chapter 183A, Section 6, by foreclosure. In the event that the Condominium Association exercises its right to enforce the lien by foreclosure, it is possible that your Unit(s) could be sold as part of the foreclosure proceedings to pay the outstanding amounts.

The Condominium Association shall take all appropriate actions to enforce payments and collections which may include, but not be limited to the following:

1. Attachment of rents paid by your tenant(s);

2. Acceleration of your annual assessment;

3. Notification to your mortgagee of the default and of the Association's intention to commence judicial proceedings to enforce payment, as provided for in the Condominium Documents;

4. Perfecting a lien by filing a Complaint with the Middlesex County Superior Court and recording an attested copy with the Middlesex County Registry of Deeds;

5. Foreclosing on said liens; and/or collecting from you said amounts as a personal financial obligation to the Association; and

6. Levying additional late charges and interest until payment in full is received.

You have ten (10) days from your receipt of this Notice, for purposes of the attachment of rents, to deliver to us a written response under the pains and penalties of perjury which response must include: (1) as to the monthly common area fees, proof of payment (cancelled checks,

Mr. & Mrs. John E. Jones, Jr.
January 11, 2005
Page -3-

receipts, etc.); (2) as to all other charges, a plain and simple statement setting forth the grounds upon which you assert the amounts are not correctly calculated or not properly charged and what amount you admit is due. Please note, if in your response to this Notice you knowingly misrepresent any material fact, you may be liable for treble damages in any action brought to recover the amounts due. Please further note that nothing contained in this Notice shall be construed as preventing the 392-394 Boylston Commons Condominium from pursuing any other remedies available at law.

Alternatively, you must remit payment of the full balance by check payable to your condominium association and forwarded to this office within fourteen (14) days of the date of this letter. Absent full payment, or arrangements acceptable to your Board of Trustees, collection action will continue at further expense to your account.

### NOTICE OF IMPORTANT RIGHTS TO CONSUMERS

Pursuant to the Federal Debt Collection Practices Act ("FDCP ACT"), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector; (2) if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. You should be aware that the FDCP Act only applies to consumer debtors.

Perkins & Anctil, PC, is acting as a debt collector, pursuant to the FDCP Act. Any information obtained will be used for that purpose. The Federal Trade Commission has ruled that the FDCP Act does not preclude the institution of legal action prior to the expiration of the thirty-day period referenced in the statute.

### NOTICE PURSUANT TO M.G.L. C. 183A SECTION 6 (c)

Mr. & Mrs. John E. Jones, Jr.
January 11, 2005
Page -4-

    Please be advised that this correspondence shall institute notification that in addition to all items contained hereunder, that pursuant to Massachusetts General Law Chapter 183A, Section 6 (c) that you are at least sixty (60) days delinquent in the payment of the above amounts to the Condominium Association.

    If you have any questions regarding this letter you should seek the advice of counsel.

                                  Respectfully,

                                  Gary M. Daddario

GMD/lfd
enclosure
c:    Sheryl Sarkis, as Receiver of the 392-394 Boylston Commons Condominium

Boylston Commons Condominium
Sheryl A. Sarkis, As Receiver
P. O. Box 389
Revere, MA 02151
617/241-7779

October 12, 2004

Mr. and Mrs. John Jones, Jr.
392 Boylston Street
Newton, MA 02459

Mr. Lu Qing/Ms. Yu Cheung
396 Boylston Street
Newton, MA 02459

Dear Unit Owners:

For the past few months we have been working to resolve the situation that currently exists in the rear yard of your property. We have met with City of Newton personnel, engineers and contractors. In this regard, we had to hire an engineer to survey the property so that we could appropriately bid out the necessary specifications to contractors who could remove the fill, regrade and hydroseed the yard, in addition to aerating the area down below that was damaged as a result of the bobcat used in the original scope of the project. The cost of the engineer was $2,500 (copy of bill enclosed for your records).

At this time we find it necessary to assess the Association for the cost of the engineer since there are not adequate funds to cover this unanticipated expense in your operating account/budget.

Each unit owner should submit a check payable to 392-394 Boylston Common Condominium Trust and mail to: P. O. Box 389, Revere, MA 02151 no later than November 15, 2004 in the amount of $1,250. If payment is not received by this date, your account will be forwarded to an attorney for collection action. All legal fees associated with this matter will be the responsibility of the unit owner. Per order of the receivership and in accordance with your Master Deed/By-Laws, Section 5.1.2 etc. unit owners are obliged to pay all common area and special assessments levied.

On a similar note, we have sent out the bid package and are waiting for the price to perform the above-mentioned work. We anticipate that we will have obtained three bids by the end of this month. We will then notify you of your cost associated with the completion of this project. Assuming we receive the appropriate approval(s), as well as the cooperation of the unit owners, we hope to complete the project by the end of the year, weather permitting and the assumption that the funds necessary will be set aside in advance.

We thank you for your continued patience and look forward to a speedy resolution.

Sincerely,


Sheryl A. Sarkis,
As Receiver

CC: Alison Levins, Property Manager

# Invoice

## THE DeCELLE GROUP
400 WASHINGTON STREET
SUITE LL-9
BRAINTREE, MA 02184
1-781-794-6800 (o)    1-781-794-6801 (f)

| Date | Invoice # |
|---|---|
| 8/30/2004 | 229 |

**Bill To**
Sheryl Sarkis
P O Box 389
Revere, MA 02151

| Due Date | Account # | Project |
|---|---|---|
| 8/30/2004 | | 128 043-Newton |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Prepare site plan of 396 Boylston Street showing design and current grades | 1 | 2,500.00 | 2,500.00 |
| Less applied retainer | 1 | -850.00 | -850.00 |
| Delivery | | 35.00 | 35.00 |

*Please Call to Discuss Approaching 90 DAYS*

*THANKS*

*Jim Burke*

| | |
|---|---|
| Total | $1,685.00 |
| Payments/Credits | $0.00 |
| **Balance Due** | **$1,685.00** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                           CIVIL ACTION NO. 05-10350JLT

_____
                                        )
DIANE SCOTT-JONES and JOHN E. JONES, JR.,)
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM            )
TRUST,                                  )
        Plaintiffs,                     )
                                        )
v.                                      )
                                        )
CHARLES A. PERKINS, JR., GARY M.        )
DADDARIO and PERKINS & ANCTIL, P.C.,    )
        Defendants.                     )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that this document, Exhibit "10" to Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 27, 2006.

Respectfully submitted,
Defendants

_____
Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com

_____
Gary M. Daddario (BBO #639615)
gary@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509