EXHIBIT "12"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO. 03-5103

QUING LU and YU CHEUNG, Individually and )
Derivatively on behalf of 392-394 BOYLSTON )
COMMONS CONDOMINIUM TRUST, )
    Plaintiffs )
)
)
v. )
)
DIANE SCOTT-JONES and JOHN JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST )
    Defendants )
)

## COURT-APPOINTED RECEIVER'S MOTION FOR A PERMANENT INJUNCTION AND ORDER REQUIRING PAYMENT

NOW COMES the Court-appointed receiver in this matter Sheryl Sarkis and, by and through counsel, respectfully moves this Honorable Court for a Permanent Injunction preventing the Defendants' interference with the June 24, 2004 Order of this Honorable Court and, specifically, from interference with Sheryl Sarkis' performance of her duties as Receiver, contact with Sheryl Sarkis' employer and interference with Sheryl Sarkis' employment. In addition, Ms. Sarkis seeks an Order requiring Defendants to pay their outstanding assessment. In support hereof, Sheryl Sarkis offers the following:

1. The above-captioned Plaintiffs and Defendants represent all of the owners of the two-unit condominium known as 392-394 Boylston Commons Condominium Trust ("Boylston Commons").

2. Disagreement between the Plaintiffs and Defendants regarding the proper management of Boylston Commons and the expenditure of its financial resources including, specifically, the proper handling of issues related to a 2003 landscaping project, resulted in this litigation.

3. In the context of this litigation, this Honorable Court, on June 24, 2004, granted Plaintiff's Motion for Appointment of Receiver.

4. Pursuant to this Honorable Court's June 24th Order, Sheryl Sarkis was appointed as Receiver.

5. Although identified with Meredith Management because she is gainfully employed with said organization, Ms. Sarkis' acceptance of the Receiver position in this matter was as an individual and Meredith Management has not and does not currently maintain any interest in this matter.

6. Ms. Sarkis and not Meredith Management is the Receiver of Boylston Commons.

7. Defendants exhibited intent to avoid compliance with Ms. Sarkis' directions as Receiver by making a Motion to Remove and Replace Receiver on August 24, 2004.

8. Defendant's Motion to Remove and Replace Receiver was denied by this Honorable Court.

9. Defendants exhibited further intent to avoid compliance with Ms. Sarkis' directions as receiver by filing an Appeal of the denial of their Motion to Remove and Replace Receiver.

10. Defendants have defied the Receiver's assessment of $1,250 towards a portion of the expense associated with correcting landscaping issues at Boylston Commons.

11. This Honorable Court's June 24, 2004 Order specifically authorizes the Receiver to take action necessary to correct landscaping issues.

12. As a result of Defendants' failure to pay the assessment, the Receiver has engaged Perkins & Anctil, P.C. to institute collection action.

13. At present, Defendants have an outstanding balance of $2,701.42 for the landscaping assessment, including legal fees to which Boylston Commons is entitled pursuant to M.G.L. c. 183A, §6(a)(ii).

14. Defendants have resorted to harassment and interference with Ms. Sarkis' gainful employment in further attempts to interfere with this Court's June 24, 2004 Order and Ms. Sarkis' role as Receiver, as well as to thwart the efforts of this Honorable Court and the Court-appointed Receiver.

15. Defendants' harassment and interference with Ms. Sarkis' gainful employment has been accomplished by Defendants' repeated contacting of John Rosenthal, President/Owner of Meredith Management, Ms. Sarkis' employer.

16. Defendants' harassment and interference has continued despite Defendants being informed that Meredith Management has no role in this matter or Ms. Sarkis' Receivership.

17. Defendants' harassment and interference has continued despite Ms. Sarkis providing the proper points of contact for Defendants' concerns regarding this matter (e.g. Sheryl Sarkis, Receiver for 392-394 Boylston Commons Condominium, P.O. Box 95022, Newton, MA 02495, or by telephone at 617-241-7779).

18. Defendants' harassment and interference have and continue to divert John Rosenthal's time from the business of operating Meredith Management, strain the relation between Ms. Sarkis and Meredith Management and jeopardize Ms. Sarkis' gainful employment at Meredith Management.

19. Ms. Sarkis has expressed a desire to resign from this Receivership, if necessary, to avoid interference with her primary employment at Meredith Management.

20. Ms. Sarkis' resignation would hinder the progress of resolving the issues of Boylston Commons and would result in the loss of time and financial resources of the Plaintiffs, said Plaintiffs having invested in this Receivership, with the support of this Honorable Court, as a means of resolving outstanding issues and preparing Boylston Commons to properly conduct operations in the future.

21. Defendants have no basis for defying the outstanding assessment (including related legal fees) as their defiance contradicts this Honorable Court's June 24, 2004 Order, M.G.L. c. 183A, §6(a)(ii), M.G.L. c. 183A, §7 and well-settled Massachusetts case law (See _Trustees of Prince Condominium Trust v. Prosser_, 412 Mass. 723, 726, 592 N.E.2d 1301, 1302, (1992) and _Blood v. Edgars, Inc._, 36 Mass.App.Ct.402, 406, 632 N.E.2d 419, 421-422 (1994).

22. Defendants have no basis for harassment of John Rosenthal and interference with Ms. Sarkis' gainful employment as Meredith management has no involvement in this matter or Ms. Sarkis' Receivership and Defendants have been clearly informed of the same.

WHEREFORE, Sheryl Sarkis as Receiver hereby prays that this Honorable Court:

A. Issue a Permanent Injunction prohibiting Defendants from contacting John Rosenthal and Meredith Management regarding this matter;

B. Issue an Order requiring Defendants to pay their outstanding balance of $2,701.42;

C. Order Defendant to pay for the legal fees and costs associated with this Motion; and

D. Take any other action deemed in the best interest of justice.

Respectfully submitted,
Sheryl Sarkis, Receiver
By her attorneys,

Date: January 26, 2005

Gary M. Daddario
BBO #639615
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394 )
BOYLSTON COMMONS CONDOMINIUM )
TRUST, )
    Plaintiffs, )
)
v. )
)
CHARLES A. PERKINS, JR., GARY M. )
DADDARIO and PERKINS & ANCTIL, P.C., )
    Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that this document, Exhibit "12" to Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 27, 2006.

Respectfully submitted,
Defendants

_____
Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com

_____
Gary M. Daddario (BBO #639615)
gary@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509