UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, <br>     Plaintiffs, <br><br> v. <br><br> CHARLES A. PERKINS, JR., GARY M. DADDARIO and PERKINS & ANCTIL, P.C., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **AFFIDAVIT OF CHARLES A. PERKINS, JR.**

    I, Charles A. Perkins, Jr., having personal knowledge of the facts stated below, under oath depose and say as follows:

    1.    I am over the age of eighteen and have been/am competent to make observations and to testify thereto regarding these matters.

    2.    The copies attached to the Memorandum of Law in Support of Defendants' Motion for Summary Judgment are true and accurate copies of the originals.

    3.    It is my belief that I committed no violation of the Federal Fair Debt Collection Practices Act ("FDCPA") in my contacts with the above-captioned Plaintiffs.

    4.    To the extent that this Honorable Court determines that a violation of the FDCPA has been committed, I wish to state that the same was both unintentional and the result of an inadvertent error.

    5.    I was retained by the Court-Appointed Receiver, Sheryl Sarkis, to collect a delinquent condominium assessment.

6.    My communication with Plaintiffs during the relevant time period was limited to the issuance of the collection letters and notices appearing as Exhibits to the Memorandum of Law. The issuance of said correspondence constituted my only actions (outside of Court) in attempt to collect the debt.

7.    At the time I was retained, I was made to understand that the above-captioned Plaintiffs were personally known to the Receiver and, therefore, positively identified. I was further informed that verification of the debt had been provided to the above-captioned Plaintiffs both verbally and via documentation. In my first correspondence to Plaintiffs, I properly verified the debt by identifying the amount thereof and the creditor owed. In their first correspondence to me, the Plaintiffs referenced the verification of the debt that they had previously received. In correspondence dated January 11, 2005, my associate, Gary M. Daddario, also provided verification of the debt to the Plaintiffs.

8.    I am not and have never been counsel to the 392-394 Boylston Commons Condominium ("Boylston"). To the extent that any statements, written or oral, may be interpreted as declaring otherwise, the same represent an inadvertent error resulting from the fact that, in my practice, I almost exclusively represent condominium associations. Therefore, by force of habit, I refer to my clients using their condominium association name and/or the term "the association". With respect to Boylston, I represented the Court-Appointed Receiver thereof who was appointed to act on behalf of the association.

9.    I am not and have never been responsible for or associated with the operations of Boylston. As a result, I have never been the keeper of the records for Boylston. I am unaware, as of this writing, of any statements to the contrary. To the extent that any statements capable of contrary interpretation exist, the same represent a misunderstanding in need of clarification. In the course of my representation of the Court-Appointed Receiver, I was provided with copies of documents verifying the debt I sought to collect, as well as copies of communications from the Receiver to the Plaintiffs (e.g. status reports, Receiver-prepared budget). Beyond such items, which, by definition, have been provided to Plaintiffs by the Receiver, I have neither been provided nor have I requested any of Boylston's records. Any other knowledge I have regarding information contained in Boylston's records was obtained through verbal communication with the Court-Appointed Receiver.

10.    I have no pecuniary interest in the affairs of the Receiver, Sheryl Sarkis, the legal counsel to Boylston and/or the Lus, Marcus, Errico, Emmer & Brooks, P.C. or, to my knowledge, of any vendor that has performed services for Boylston.

11.    I have no legal, pecuniary or other interest in the property comprising the Boylston site or any neighboring property or, to my knowledge, of any entity in ownership of such property.

12.    With the exception of my normal legal fees for services rendered, I expect and will receive no further compensation of any kind relative to my dealings with the above-captioned Plaintiffs, Boylston or the Receiver, Sheryl Sarkis.

13.    Up to the time that the Plaintiffs filed suit against the Defendants in this matter, I intended to continue the attempt to collect the delinquent assessment from the Jones by filing a Complaint in the appropriate Court after issuing the prerequisite Notices as required by Massachusetts law.  After the filing of the Plaintiffs' Complaint in this matter and as a result of their behavior and filings during the course of this litigation, I formed the opinion that any action (including the filing of a Complaint) would be used by the Plaintiffs as the basis of additional allegations against the Defendants in this matter.  As a result, no Complaint relative to the collection of debt was filed by the Defendants against the Plaintiffs.

14.    The Defendants do still reserve all rights with respect to the filing of legal action(s) against the Plaintiffs in the future.

Signed under the pains and penalties of perjury this 24th day of January 2006:


Charles A. Perkins, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                    CIVIL ACTION NO. 05-10350JLT

_____
                                                  )
DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394    )
BOYLSTON COMMONS CONDOMINIUM           )
TRUST,                                          )
          Plaintiffs,                           )
                                                  )
v.                                               )
                                                  )
CHARLES A. PERKINS, JR., GARY M.            )
DADDARIO and PERKINS & ANCTIL, P.C.,        )
          Defendants.                           )
_____)

CERTIFICATE OF SERVICE

          I hereby certify that this document, Affidavit of Charles A. Perkins, Jr., filed
through the ECF system will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing and paper copies will be sent to those
indicated as non registered participants on January 27, 2006.

                              Respectfully submitted,
                              Defendants


                              _____
                              Charles A. Perkins, Jr. (BBO #394430)
                              charlie@perkinslawpc.com


                              _____
                              Gary M. Daddario (BBO #639615)
                              gary@perkinslawpc.com
                              Perkins & Anctil, P.C.
                              73 Princeton Street, Suite 306
                              North Chelmsford, MA 01863
                              (978) 251-8509