UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                           CIVIL ACTION NO. 05-10350JLT

DIANE SCOTT-JONES and JOHN E. JONES, JR.,
Individually and as Trustees of the 392-394
BOYLSTON COMMONS CONDOMINIUM
TRUST,
    Plaintiffs,

v.

CHARLES A. PERKINS, JR., GARY M.
DADDARIO and PERKINS & ANCTIL, P.C.,
    Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS OF RECORD IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COME the Defendants and respectfully submit this Response to the Plaintiffs' Statement of Material Facts of Record in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion for Partial Summary Judgment. For this Honorable Court's convenience, Defendants' Response will track Plaintiffs' referenced submission paragraph by paragraph.

Introductory Paragraph

    Defendants deny that their Statement of Material Facts of Record contains false, incomplete or misleading statements.

Paragraph 1

    Defendants have accurately stated the purpose for which they were retained. That the receiver's records do not document the same is not the fault of the Defendants.

    Defendants argued points of Massachusetts law in support of the proposition that condominium unit owners are required to pay condominium assessments before

challenging the same. With respect to records, the transcript submitted by Plaintiffs as Exhibit "2" in support of Plaintiffs' Motion for Partial Summary Judgment reveals Attorney Daddario making the following statement (See Transcript Page 26 beginning at Line 15):

> "Additional documentation can be viewed as the condominium statute says at an office where the records for the condominium are kept, which in this case would be the receiver's office."

Whatever the relationship and issues between Plaintiffs and the Receiver, it is clear that Defendants were not the record keepers for the condominium and were not seeking to deny Plaintiffs access to records. The Defendants' knowledge, to the extent they had any, of the condominium's records and operations came from information provided by the Receiver.

Plaintiffs state that "Defendant Daddario and Ms. Sarkis transferred the records to a new receiver, Peter Zimmerman." Plaintiffs cite the final page of their Exhibit "1" in support of their Motion for Partial Summary Judgment to support this allegation. A careful reading of Plaintiffs' submitted exhibit reveals that the invoice reads "Ms. Sarkis turned over all records".

Any shortcomings in the Defendants' description of the original Superior Court action are not the result of any attempt by Defendants to mislead. Rather, they are the result of the fact that these proceedings began prior to Defendants' involvement. Defendants lack sufficient knowledge to address Plaintiffs' allegations regarding what occurred relative to Superior Court proceedings that took place prior to Defendants' involvement.

Paragraph 2

The Receiver was appointed to "stand in the shoes" of the Trustees. As such, in representing the Receiver, the Defendants were, in effect, representing the condominium association which is normally represented by the Trustees. To the extent that more detailed description of the party roles was possible, Defendants have already explained why they used the terminology that they did. See Plaintiffs' Exhibit "9" (January 23, 2006 letter) at Paragraph 3.

Paragraph 3

The Defendants are not at fault relative to the Receiver's attendance or absence at Superior Court hearings. Defendants' statements regarding the operations of the condominium were based upon information supplied by the Receiver.

Paragraph 4

Defendants' statements regarding their actions in the matter are not contradictory. Rather, Paragraph 11 makes the rather obvious clarification that Defendants' appearance in Superior Court supplemented their drafting of letters to the Plaintiffs. The Permanent Injunction was not sought in an effort to collect the debt. Rather, the Permanent Injunction was sought in response to the issue of Plaintiffs' contact of the Receiver's employer. Plaintiffs mistakenly allege that "Defendants falsely accused the Plaintiffs of harassment of John Rosenthal." Plaintiffs do not fully appreciate the role of the attorney or the attorney-client relationship. The Defendants merely presented the Receiver's accusations regarding the harassment of her employer.

Paragraph 5

Plaintiffs' statements refer to issues with the Receiver, not the Defendants.

Paragraph 6

Plaintiffs' statements refer to issues with other parties, not the Defendants. To the extent that Plaintiffs find shortcomings with Defendants' descriptions of certain circumstances, Defendants submit that they tried to describe the same in order to provide context but that these circumstances occurred prior to Defendants' involvement and, obviously, Defendants do not describe these circumstances from personal experience. Information was supplied to Defendants by the Receiver.

Paragraph 7

Again, Plaintiffs' statements set forth issues with the Receiver, not the Defendants. Defendants used the reference letter to establish that the debt was verified to Plaintiffs. Plaintiffs confuse the FDCPA's verification requirement (which is designed to secure identification of the debt) with their personal desire that debt collectors be required to secure the debtor's assent to payment of the debt.

Paragraph 8

See Paragraph 5.

Paragraph 9

The Defendants did provide verification of the debt and the same was submitted as Exhibit "7" in support of the Defendants' Motion for Summary Judgment and Exhibit "B" to the Affidavit of the Receiver, Sheryl Sarkis. Again, Plaintiffs confuse a debt collector's providing verification with securing a debtor's assent to payment.

Plaintiffs state that "Defendants and their client transferred the records to a new receiver". However, as set forth above, a careful reading of the invoice submitted by

Plaintiffs as Exhibit "1" reveals that Defendants wrote that "Ms. Sarkis turned over all records".

Plaintiffs' remaining statements in this paragraph allege fault with the Receiver's record keeping, not with the Defendants.

Paragraph 10

Again, the Plaintiffs' statements take issue with the Receiver, not the Defendants. The Defendants did not sign a document stating the reason for the Receiver's retention of legal counsel. Rather, the Defendants were informed, verbally, by the Receiver of her need for a condominium assessment to be collected. It is clear from the letters issued from Defendants to Plaintiffs that collection of the condominium assessment is the objective the Defendants were attempting to achieve.

Paragraph 11

This statement makes a completely obvious clarification of the statement rendered in Paragraph 4. It indicates that the Defendants' appearances in Superior Court occurred in addition to the letters that Defendants issued to Plaintiffs.

Paragraph 12

As set forth above, the Permanent Injunction was sought with respect to the harassment issue and the same was not presented as a basis for collection of the debt. The Court's Order contains distinct findings and statements relative to the two separate issues.

As Plaintiffs' own quotation of Defendant Daddario's referenced letter states, Defendant Daddario submitted a proposed Order "[p]ursuant to Judge MacLeod's request for the same". The same was not submitted by Defendants as a pleading and, as a result,

was not issued to Plaintiffs. That Judge MacLeod adopted the Order without change is not the fault of Defendants. This is especially true in light of the language submitted by Defendant Daddario (also quoted by Plaintiffs) that "I will edit and resubmit the Order if Judge MacLeod determines that changes are necessary."

Paragraph 13

Again, Plaintiffs' statements take issue with the Receiver, not the Defendants. In addition, Defendants note that the Receiver's second special assessment could not have been the Plaintiffs' "reason" for their Motion to Stay the referenced Superior Court Order. Said Order (See Exhibit "12" in support of Defendants' Motion for Summary Judgment) did not require Plaintiffs to remit payment of the second special assessment.

Defendant Daddario's referenced statements were consistent with the purpose for which the Receiver retained the Defendants. The distinction to be made is that the Defendants never took any action with respect to attempting to collect the second special assessment. Rather, Defendants halted collection efforts with respect to even the first special assessment when they were sued (in this action) by Plaintiffs. Defendants did so in an effort to avoid exacerbating the situation. Defendants further note that the hearing referenced (December 15, 2005) involved the Superior Court hearing the Receiver's Motion to Withdraw. Thus, by that time, both the Receiver's and the Defendants' attempts to collect any debt from Plaintiffs were finished.

Plaintiffs state that "Defendants and their client transferred the condominium records to a new receiver". However, as set forth above, a careful reading of the invoice submitted by Plaintiffs as Exhibit "1" reveals that Defendants wrote that "Ms. Sarkis turned over all records". That there is no record of a $25,000.00 deposit representing the

other unit owners' payment of the second special assessment is not the fault of the Defendants. Defendant Daddario was informed that the same had been paid. The Second Affidavit of the Receiver is submitted herewith. It states that the other unit owners presented payment but, due to the sizable amount and the Plaintiffs' refusal to submit payment of their half, the check was not presented to the bank and was later returned by the Receiver.

Paragraph 14

Defendants reiterate their defense regarding the Plaintiffs' claim of breach of good faith and fair dealing. For said reason, Defendants believe that violation of the FDCPA is the sole issue presented.

Defendants take issue with Plaintiffs' statement that "[t]he MA Appeals Court and Supreme Judicial Court have recognized Defendant Daddario as having a role in Plaintiffs' appeals." What the referenced Courts had done, was begin to issue copies of pleadings regarding Plaintiffs' appeals to Defendant Daddario. Plaintiffs' own Exhibit "9" (January 23, 2006 letter from Defendant Daddario) clearly states that Defendant Daddario filed no appearance with the Appeals or the Supreme Judicial Court. Further, Defendant Daddario, in the referenced letter, goes on to explain that, in his opinion, these Courts issued him copies of documents simply because they used the contact list from the Superior Court case. See Plaintiffs' Exhibit "9". Defendant Daddario goes on to clearly state that:

> "As you know, Sheryl Sarkis has been withdrawn as the Court-Appointed Receiver. As a result, my involvement with the Superior Court proceedings or appellate proceedings resulting therefrom has also come to an end."

7

Finally, Defendant Daddario clarified his lack of involvement with the ongoing Superior Court and appellate proceedings in letters issued to the Superior Court and Supreme Judicial Court (the Appeals Court declined to hear the case) and of which Plaintiffs were copied. See the letters of March 17, 2006 submitted, collectively, as Exhibit "1" hereto.

Respectfully submitted,
Defendants

Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com
Gary M. Daddario (BBO #639615)
gary@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509

Date: May 31, 2006

EXHIBIT "1"

FILE COPY

## PERKINS & ANCTIL, P.C.
### ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

GARY M. DADDARIO

SCOTT C. OWENS

March 17, 2006

Middlesex Superior Court
Attn: Martha Fulham Brennan, Assistant Clerk
40 Thorndike Street
Cambridge, MA 02141

Re:  MICV2003-05103

Dear Martha Fulham Brennan:

Relative to the above-referenced case, you may recall that this office represented the original Court-Appointed Receiver. Our client's Motion to Withdraw was allowed, and we do not represent the newly-appointed Receiver.

As such, kindly remove us from the contact/mailing list for this case. Thank you for your time and cooperation.

Please feel free to contact us with any questions or concerns.

Respectfully,

Gary M. Daddario

c:  Diane Scott-Jones
    John E. Jones, Jr.
    Douglas A. Troyer

EXHIBIT "1"

## PERKINS & ANCTIL, P.C.
ATTORNEYS AT LAW

73 PRINCETON STREET, SUITE 306
NORTH CHELMSFORD, MASSACHUSETTS 01863-1558
TELEPHONE (978) 251-8509 • (800) 642-4906
FAX (978) 251-3608
REAL ESTATE FAX (978) 251-3859
www.perkinslawpc.com

CHARLES A. PERKINS, JR.*

ROBERT W. ANCTIL*

ANITA L. CHMILARSKI
DIRECTOR OF OPERATIONS

*ALSO ADMITTED IN NH

GARY M. DADDARIO

SCOTT C. OWENS

March 17, 2006

Massachusetts Supreme Judicial Court
Attn: Maura S. Doyle, Clerk
One Pemberton Square
Boston, MA 02108

Re:   SJ-2005-0162

Dear Ms. Doyle:

Relative to the above-referenced case, please note that the proceedings in the Superior Court involved the appointment of a Receiver to a condominium. This office represented the Court-Appointed Receiver. However, we are not involved with the appellate matters and have filed no Notice of Appearance with respect to the same. In addition, the Receiver that we represented has been withdrawn from the matter and we do not represent the newly-appointed Receiver.

As such, kindly remove us from the contact/mailing list for this case. Thank you for your time and cooperation.

Please feel free to contact us with any questions or concerns.

Respectfully,

Gary M. Daddario

c:   Diane Scott-Jones
     John E. Jones, Jr.
     Douglas A. Troyer

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                    CIVIL ACTION NO. 05-10350JLT

_____
                                                        )
DIANE SCOTT-JONES and JOHN E. JONES, JR., )
Individually and as Trustees of the 392-394            )
BOYLSTON COMMONS CONDOMINIUM          )
TRUST,                                                 )
        Plaintiffs,                                    )
                                                        )
v.                                                     )
                                                        )
CHARLES A. PERKINS, JR., GARY M.          )
DADDARIO and PERKINS & ANCTIL, P.C.,      )
        Defendants.                                    )
_____)

CERTIFICATE OF SERVICE

    I hereby certify that this document, Defendants' Response to Plaintiffs' Statement of Material Facts of Record in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion for Partial Summary Judgment, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on May 31, 2006.

Respectfully submitted,
Defendants

_____
Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509