UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                    CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR.,<br>Individually and as Trustees of the 392-394<br>BOYLSTON COMMONS CONDOMINIUM<br>TRUST,<br>        Plaintiffs,<br><br>v.<br><br>CHARLES A. PERKINS, JR., GARY M.<br>DADDARIO and PERKINS & ANCTIL, P.C.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AFFIDAVIT OF SHERYL SARKIS, COURT-APPOINTED RECEIVER

I, Sheryl Sarkis, having personal knowledge of the facts stated below, under oath depose and say as follows:

1.    I am over the age of eighteen and have been/am competent to make observations and to testify thereto regarding these matters.

2.    I am a professional property manager with approximately eighteen years of experience in this field.

3.    During my service as the Court-Appointed Receiver of the 392-394 Boylston Commons Condominium, I maintained and possessed the condominium's records. The same were not given to the Defendants named above.

4.     Gary M. Daddario attended the meeting at which I provided the condominium's records and funds to the new Court-Appointed Receiver, Peter Zimmerman. Mr. Daddario did not provide Mr. Zimmerman with the condominium records or funds, I did, as I was in possession of the same.

5.     I received a check for $25,000.00 from the other unit owners of the Plaintiffs' condominium, the Lus. It was payment of the Lu's share of the special assessment for the landscaping repairs necessary to remove the illegal fill on the property of the condominium and to make necessary landscaping repairs. Due to the fact that it was clear that the Plaintiffs would not remit payment of their share of the special assessment, I held the Lus check. In my opinion, $25,000.00 was an amount too substantial to process the payment of one unit owner if the second unit owner was unwilling to pay. I intended to hold the Lus check until payment could be obtained from the Joneses through the collection process. At some point, it became clear that the Joneses would not pay as a result of the collection process either. Therefore, I returned the Lus $25,000.00 check to them without having processed the same.

6.     Obviously, one of the core physical problems of the condominium, the need to remove the illegal fill on the property and perform necessary landscaping repairs, can not be addressed unless and until the Joneses pay their share of the costs associated with the same. As I have resigned as Receiver, these matters must now be addressed by the new Court-Appointed Receiver, Peter Zimmerman.

Signed under the pains and penalties of perjury this ___ day of May 2006:

_____

Sheryl Sarkis

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                    CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, <br>        Plaintiffs, <br><br> v. <br><br> CHARLES A. PERKINS, JR., GARY M. DADDARIO and PERKINS & ANCTIL, P.C., <br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

CERTIFICATE OF SERVICE

I hereby certify that this document, Second Affidavit of Sheryl Sarkis, Court-Appointed Receiver, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on May 31, 2006.

Respectfully submitted,
Defendants

_____
Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509