UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-10602JLT

_____
                                                    )
DIANE SCOTT-JONES and JOHN E. JONES, JR.,           )
INDIVIDUALLY AND AS TRUSTEES OF THE 392-394         )
BOYLSTON COMMONS CONDOMINIUM TRUST,                 )
    Plaintiffs                                        )
v.                                                  )
                                                    )
PETER L. ZIMMERMAN, LISA B. DARMAN, and             )
SILVERMAN & KUDISCH, PC                             )
    Defendants                                        )
_____)

## PLAINTIFFS' MOTION TO CONSOLIDATE

**NOW COME** the Plaintiffs in the above-captioned matter and hereby respectfully move the Court, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate this action with *Scott-Jones, et al.* v. *Perkins, et al.* (05-10350JLT). In both Complaints, Plaintiffs allege that Defendants' debt collection actions related to Plaintiffs' owning and living in one unit of a two-unit condominium violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq.

### I. BACKGROUND

On February 18, 2005, Plaintiffs filed their Complaint, *Scott-Jones, et al.* v. *Perkins, et al.*, (05-10350JLT), against Charles Perkins, Gary Daddario, and Perkins & Anctil. These Defendants have filed a Motion to Dismiss and two Motions for Summary Judgment, the most recent of which is now before this Court along with Plaintiffs' Opposition and Plaintiffs' Motion for Partial Summary Judgment. These Defendants

1

participated in the transfer of condominium records, withheld from Plaintiffs and central to Plaintiffs' allegations against these Defendants, to Peter Zimmerman, Lisa Darman, and Silverman & Kudisch, who mailed letters to Plaintiffs and Plaintiffs' mortgage-holder, threatening foreclosure and demanding payment for alleged debt that Plaintiffs disputed.  On April 6, 2006, Plaintiffs filed an FDCPA complaint (06-10602-JLT) against Peter Zimmerman, Lisa Darman, and Silverman & Kudisch.  These Defendants, on April 26, 2006, filed their Motion to Dismiss Complaint, which is now before this Court along with Plaintiffs' Opposition.

Because the debt collection actions were passed from one set of defendants to the next, the Complaints involve the same issues of law and similar factual allegations.  The two sets of Defendants' sequential demands for payment and threats of foreclosure arise from the same underlying events.  The same statute, the FDCPA, and the same general legal and ethical principles should govern the actions of both sets of Defendants.  Further, discovery and trial have not begun for the earlier case.  Thus, the two cases should be consolidated for purposes of discovery, further motions, and trial.

## II. ARGUMENT

**A. Legal Standard**

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The standard for consolidation is expansive.  The "threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."

*Cruickshank v. Clean Seas Co. and Suntec Paint, Inc.  West Marine Products, Inc. and U.*

2

*S. Fire Insurance Co. v. Cruickshank and Clean Seas Co.,* 402 F. Supp. 2d 328 (D. Mass. 2005), quoting *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.,* 878 F. 2d 5, 8 (1st Cir. 1989). The requisite condition for consolidation is present if the two actions involve some common, but not identical, facts and issues of law. Id, citing *Tingley Sys., Inc. v. CSC Consulting, Inc.,* 152 F. Supp. 2d 95, 102 (D. Mass. 2001). Consolidation is not precluded even when some questions are not common. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981).

Once a common party and some common issues of law or fact have been established, the Court has the discretion to consolidate civil actions if consolidation will foster economy of time, effort, and expense. *Judicial Watch, Inc.* v. *United States Department of Energy, et al.,* 207 F.R.D. 8 (D.D.C. 2002); *Mylan Pharmaceuticals Inc.,* v. *Henney*, 94 F.Supp.2d 36 (D.D.C 2000); *Cruickshank*, 402 F. Supp. 2d 328 (D. Mass. 2005).

Consolidation is particularly appropriate when such consolidation will serve the interests of justice. See, e.g., *In re Air Crash Disaster at Stapleton International Airport*, 720 F. Supp. 1467 (D. Colo. 1989). Ordinarily, a motion to consolidate will be granted unless any parties opposing can show they will be prejudiced by the consolidation. *Judicial Watch, Inc.* v. *United States Department of Energy, et al.,* 207 F.R.D. 8 (D.D.C. 2002); *Cruickshank*, 402 F. Supp. 2d 328 (D. Mass. 2005).

According to these legal standards, consolidation is appropriate in this instance.

**B. The Two Proceedings Involve a Common Party and Common Facts and Law.**

The Plaintiffs are the same in the two complaints. The Defendants differ but are known to one another and conferred with one another prior to the second set of

defendants' issuing foreclosure threats.  In effect, after the Plaintiffs filed the first FDCPA complaint, and the complaint survived motions to dismiss and for summary judgment, the first set of defendants transferred to the second set of defendants the debt collection actions prohibited by the FDCPA.

The instant actions involve common questions of law and fact that satisfy the requirements of consolidation under Rule 42(a).  These common questions are not peripheral but go the heart of the two actions.  The alleged violations of the FDCPA are similar.  Subsequent to the Plaintiffs' filing Civil Action No. 06-10602-JLT against Peter Zimmerman, Lisa Darman, and Silverman & Kudisch, those Defendants have committed additional violations of the FDCPA that provide additional similarities to the actions of the Defendants Perkins, Daddario, and Perkins & Anctil (05-10350JLT).  Both sets of defendants are participating in efforts to take Plaintiffs' condominium unit through unjust collection actions prohibited by the FDCPA. The two sets of Defendants are asserting that condominium debt does not qualify as "debt" under the FDCPA and that the Plaintiffs are not entitled to the protections, e.g., validation of alleged debt, that citizens who do not live in condominiums would enjoy.

**C. Consolidation Will Result in Economy of Time, Effort, and Expense.**

Consolidation would avoid additional unnecessary costs and delay. The Plaintiffs' first FDCPA complaint was filed on February 18, 2005. The burden in time, effort, and expense of seeking enforcement of the FDCPA falls heavily on citizens who are unfairly targeted by debt collection actions.  Ordinary citizens such as the Plaintiffs have enormous difficulties surviving the unfair debt collection actions of powerful and

interconnected attorneys, such as the two teams of Defendants who have unjustly threatened the Plaintiffs' ownership of their home.

### D. Consolidation Will Serve Justice and Defendants Will Not Be Prejudiced.

Consolidation would preclude further tactical maneuvering between the two sets of Defendants in their use of prohibited debt collection actions. The debt collection actions and foreclosure threats were passed from one set of defendants to the next. For example, the second set of defendants now controls the condominium records withheld by the first set of Defendants and critical to the Plaintiffs' case against the first set of Defendants.

The purpose of the FDCPA, as stated at 15 U.S.C. 1692(e), is to eliminate abusive debt collection practices and to promote consistent state actions to protect against debt collection abuses. Consolidation of the two actions will support the purposes of the FDCPA and the interests of justice will be served. No harm will result to the two sets of defendants.

### III. CONCLUSION

For the foregoing reasons, the Court should consolidate the instant case with *Scott-Jones, et al. v. Perkins, et al.*, Civil Action No. 05-10350JLT. Therefore, the Plaintiffs respectfully request that this Court consolidate the two cases.

Respectfully submitted,

*/s/ Diane Scott-Jones*  
Diane Scott-Jones, Pro Se  
scottjon@bc.edu  
392 Boylston Street, Newton, MA 02459  
617-558-3522  
June 7, 2006

*/s/ John E. Jones, Jr.*  
John E. Jones, Jr., Pro Se  
johnejonesjr@comcast.net

5

**CERTIFICATE OF SERVICE**

We hereby certify that on this 7th day of June, 2006, the foregoing Motion to Consolidate filed through the ECF system will be sent electronically to the Defendants, who are registered participants as identified on the Notice of Electronic Filing.

Respectfully submitted,

| | |
|---|---|
| */s/ Diane Scott-Jones* | */s/ John E. Jones, Jr.* |
| Diane Scott-Jones, Pro Se | John E. Jones, Jr., Pro Se |
| scottjon@bc.edu | johnejonesjr@comcast.net |
| 392 Boylston Street, Newton, MA 02459 | |
| 617-558-3522 | |