UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                    CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST,<br>    Plaintiffs,<br><br>v.<br><br>CHARLES A. PERKINS, JR., GARY M. DADDARIO and PERKINS & ANCTIL, P.C.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE

NOW COME the Defendants and hereby respectfully submit to this Honorable Court this Opposition to Plaintiffs' Motion to Consolidate. For convenience, this Opposition tracks the structure of the Plaintiffs' filing. Defendants note that throughout this Motion, Plaintiffs set forth fraudulent misrepresentations to this Honorable Court and attempt to pass the same as background information of a factual nature. Such mischaracterization is egregious as it occurs with respect to allegations that Plaintiffs have made in the past and which have been disproved by evidence submitted by the Defendants and currently on the Docket of this matter.

I.   **BACKGROUND**

Plaintiffs state (bottom of Page 1 to top of Page 2) that "[t]hese Defendants participated in the transfer of condominium records, withheld from Plaintiffs and central to Plaintiffs' allegations against these Defendants, to Peter Zimmerman...." However, as set forth in the Affidavits of Sheryl Sarkis, Gary M. Daddario and Peter Zimmerman (Docket Documents Nos. 91, 92 and 94 respectively), Defendant Gary M. Daddario witnessed a transition meeting of the former Court-Appointed Receiver, Sheryl Sarkis, and the newly appointed Receiver, Peter L. Zimmerman, but did not transfer records at

said meeting. Rather, the condominium records were produced and transferred by the party who had them, Sheryl Sarkis, the original Court-Appointed Receiver. See Docket Documents Nos. 91, 92 and 94.

Plaintiffs also state (center of Page 2) that "[b]ecause the debt collection actions were passed from one set of defendants to the next...." Again, it is known to Plaintiffs that this statement is false. The Defendants did not attempt to suggest any strategy or course of action to the new Receiver. See Docket Documents Nos. 92 and 94. Further, even if actions had been suggested, the new Receiver was under no obligation regarding the same. See Docket Document No. 94.

## II.  ARGUMENT

### A.  Legal Standard

While the legal standard regarding consolidation of cases in this Court is, unarguably, broad, it is axiomatic that the Court should exercise its discretion in accord with logic and fairness. Neither logic nor fairness are served by consolidation of the Plaintiffs' FDCPA actions. Civil Action No. 06-10602-JLT (the "recent action") was only recently filed. In fact, according to Plaintiffs' Motion, the Defendants in that action have a Motion to Dismiss pending before the Court. In contrast, Civil Action No. 05-10350-JLT (the "present action") has been proceeding for sixteen months. In fact, there are Motions relative to Summary Judgment, from both Plaintiffs and Defendants, pending. Conferences for scheduling and settlement have already occurred in the present action. It is clear, practically speaking, that having been separated by sixteen months, the two cases are now on different timelines.

Moreover, it is difficult to imagine how the Defendants in the recent action will put forth their defense in the context of the present action. As set forth above, both Plaintiffs and Defendants in the present action have Motions relative to Summary Judgment pending before the Court. In fact, in an effort to have the present action resolved by this Court in the most efficient manner possible, the Defendants, in their recent filing (See Page 19 of Defendants' Response to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment which is Docket Document No. 90) prayed that this Court "A. Award Defendants Summary Judgment in their favor with respect to each of the Counts against them or, in the alternative; B. If the Court finds that defendants are not entitled to Summary Judgment on any Count against them, award Summary Judgment in favor of the Plaintiffs with respect to such Count." Thus, it is clearly quite late in the present action for the Defendants of the recent action to attempt to exercise their defense strategy, whatever the same may be.

**B.     The Two Proceedings Involve a Common Party and Common Facts and Law**

In this section, Plaintiffs state (bottom of Page 3 to top of Page 4) that "[t]he Defendants differ but are known to one another and conferred with one another prior to the second set of defendants' (sic) issuing foreclosure threats." Again, the Affidavits submitted (Docket Documents Nos. 91, 92 and 94) make clear that Defendant Gary M. Daddario attended the transition meeting of the two Court-Appointed Receivers. However, as the referenced Affidavits make clear, the meeting was not a conference between Attorney Daddario and Attorney Zimmerman. Rather, Attorney Daddario witnessed the former Court-Appointed Receiver's delivery of the condominium's records

and finances to the new Receiver. Further, in order to be clear, Defendants Charles A. Perkins, Jr. and Gary M. Daddario have submitted herewith their additional Affidavits indicating that they are not "known" to Attorney Zimmerman or his firm.

Plaintiffs also state (center of Page 4) that "[b]oth sets of defendants are participating in efforts to take Plaintiffs' condominium unit through unjust collection actions prohibited by the FDCPA." The Defendants object to the Plaintiffs' present-tense description of the alleged actions. As set forth in the original Affidavits of Charles A. Perkins, Jr. and Gary M. Daddario (see Docket Documents Nos. 73 and 74), the Defendants in the present action ceased collection efforts upon service of the Plaintiffs' Complaint so as to not aggravate the situation. In addition, as set forth in Defendants' letters to the Middlesex Superior Court and the Massachusetts Supreme Judicial Court (collectively submitted as Exhibit "1" to Docket Document No. 90), the Defendants are no longer involved in the continuing proceedings relative to the Plaintiffs and their condominium. Currently, the Defendants' only communications with Plaintiffs are those necessitated by this suit. Further, as set forth in the referenced Affidavits (see Docket Documents Nos. 73 and 74), although the Defendants intended to fully prosecute the collection matter in accord with applicable law, the Defendants never even filed a Complaint against the Plaintiffs. Moreover, as set forth above and in the referenced Affidavits, any actions of the Defendants and the Defendants of Civil Action No. 06-10602-JLT are unrelated.

### C. Consolidation Will Result in Economy of Time, Effort and Expense

As set forth above, due to the sixteen-month separation in time and the current proceedings of each of Plaintiffs' actions, the Defendants do not believe that economies of scale are available through consolidation of the cases.

In further mischaracterizing the matter, Plaintiffs state (bottom of Page 4 to top of Page 5) that "[o]rdinary citizens such as the Plaintiffs have enormous difficulties surviving the unfair debt collection actions of powerful and interconnected attorneys, such as the two teams of Defendants...." In this respect, Plaintiffs are attempting to not only be inaccurate, but inflammatory. Based upon information provided by the Plaintiffs, Diane Scott-Jones is a Boston College Professor and John E. Jones, Jr. is Deputy Director of the National Weather Service. While this information does not alter the "least sophisticated consumer" standard, the undeniable truth is that, in reality, Plaintiffs are not "ordinary citizens". Moreover, based on the referenced Affidavits, including those submitted herewith, the present Defendants are employed by a law firm with a sole office in North Chelmsford, Massachusetts and which employs a total of four attorneys. Such are not the "powerful" attorneys of which screenplays and Plaintiffs' conspiracy theory, screenplay-like allegations routinely relate. Despite their apparent misconceptions, Plaintiffs in this case are not suing a behemoth firm or legal conglomerate, they are suing a small, suburban law office. Finally, as set forth above and in the referenced Affidavits, the Defendants in this action and those of Civil Action No. 06-10602-JLT are not "interconnected".

### D.   Consolidation Will Serve Justice and Defendants Will Not Be Prejudiced

This section begins with an entire paragraph of false representations, egregiously made against the backdrop of the contrary evidence submitted in this matter, and strung together to achieve inflammatory effect. Plaintiffs state "[c]onsolidation would preclude further tactical maneuvering between the two sets of Defendants in their use of prohibited debt collection actions." There has been no "tactical maneuvering" between the Defendants in the Plaintiffs' actions and the Plaintiffs have failed to allege any, let alone produce evidence to substantiate such allegations. In fact, the above-referenced Affidavits establish the independence of the various Defendants. Further, other than Plaintiffs, no one has concluded that any of the Defendants have used "prohibited" actions.

Plaintiffs continue "[t]he debt collection actions and foreclosure threats were passed from one set of defendants to the next." As set forth in the above-referenced Affidavits, the Defendants never instituted action against the Plaintiffs and never attempted to influence the actions of the Defendants in Civil Action No. 06-10602-JLT.

Plaintiffs continue "[f]or example, the second set of defendants now controls the condominium records withheld by the first set of Defendants and critical to the Plaintiffs' case against the first set of Defendants." The issue of the condominium records has been addressed above and in prior filings. Plaintiffs' relentless repetition of this allegation does not make it a truthful allegation. As set forth in the above-referenced Affidavits, the Defendants were never the record keepers of the Plaintiffs' condominium, never possessed the association's records and, at the time of transfer to the new Receiver, the condominium's records were produced and transferred by the party who had them, the

6

first Court-Appointed Receiver. This information has been attested to by Charles A. Perkins, Jr., Gary M. Daddario, Sheryl Sarkis and Peter L. Zimmerman. Plaintiffs' continued recitation of this allegation, especially when disguised as fact, is indicative of the Plaintiffs' state of denial and spitefulness.

WHEREFORE, the Defendants pray that this Honorable Court:

A.  Deny Plaintiffs' Motion to Consolidate; and

B.  Take any other action deemed to be in the best interest of justice.

Respectfully submitted,
Defendants

Charles A. Perkins, Jr. (BBO #394430)
Gary M. Daddario (BBO #639615)
charlie@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509

Date: June 13, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                           CIVIL ACTION NO. 05-10350JLT

|  |  |
|---|---|
| DIANE SCOTT-JONES and JOHN E. JONES, JR., Individually and as Trustees of the 392-394 BOYLSTON COMMONS CONDOMINIUM TRUST, <br>     Plaintiffs, <br><br> v. <br><br> CHARLES A. PERKINS, JR., GARY M. DADDARIO and PERKINS & ANCTIL, P.C., <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that this document, Defendants' Opposition to Plaintiffs' Motion to Consolidate, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on June 13, 2006.

Respectfully submitted,
Defendants

_____
Charles A. Perkins, Jr. (BBO #394430)
charlie@perkinslawpc.com
Perkins & Anctil, P.C.
73 Princeton Street, Suite 306
North Chelmsford, MA 01863
(978) 251-8509